Leonard M. Shulman – Bar No. 126349
Ryan D. O'Dea – Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone:   (949) 340-3400
Facsimile:   (949) 340-3000
Email:      lshulman@shulmanbastian.com;
           rodea@shulmanbastian.com

Attorneys for Defendants Aurora Capital Advisors, Richard
Babcock, Anthony Nobles and Med-Venture Investments, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.: 15-bk-50801-MEH |
| **ROBERT BROWER SR.,** | Chapter 11 |
| Debtor. | Adv. No.: 21-ap-05029-MEH |
| **MICHAEL G. KASOLAS,** solely in his capacity as the Liquidating Trustee for the Robert Brower Sr. Liquidating Trust, | **AURORA CAPITAL ADVISORS, RICHARD BABCOCK, ANTHONY NOBLES AND MED-VENTURE INVESTMENTS, LLC's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)** |
| Plaintiff, | |
| v. | [Motion and Notice of Motion Concurrently Filed] |
| **PATRICIA BROWER,** solely as trustee of the BROWER TRUST (2015), dated June 30, 2015; **GREAT AMERICAN WINERIES, INC.,** a California corporation; **DEERLEAF HOLDINGS, INC.,** a Delaware corporation; **ROBERT BROWER, JR.,** an individual; **MED-VENTURE INVESTMENTS, LLC,** a California limited liability company; **AURORA CAPITAL ADVISORS,** a California general partnership; **RICHARD BABCOCK,** an individual and general partner of Aurora Capital Advisors; **ANTHONY NOBLES,** an individual and general partner of Aurora Capital Advisors; **COASTAL WINE SERVICES, LLC,** a California limited liability company; **WILFORD BUTCH, LINDLEY,** an individual; **POHANKA OF SALISBURY, INC.,** a Maryland corporation; | **Hearing Date**:<br>Date:  October 12, 2021<br>Time:  11:00 a.m.<br>Place:  Courtroom 11<br>       United States Courthouse<br>       280 South First Street<br>       San Jose, California  95113<br><br>[To be Held Telephonic or Video] |

1

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Case: 21-05029   Doc# 11   Filed: 09/07/21   Entered: 09/07/21 11:56:12   Page 1 of 26

1    **JAURIGUE LAW GROUP,** a California
professional corporation *dba* JLG Lawyers;
2    **JOHNSON, ROVELLA, RETTERER,
ROSENTHAL & GILLES, LLP,** a limited
3    liability partnership; and **OLDFIELD
CREELY, LLP,** a limited liability
4    partnership,

5                          Defendants.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

I.    SUMMARY OF ARGUMENT ...................................................................6

II.   APPLICABLE STANDARD FOR A MOTION TO DISMISS............................7

III.  ARGUMENT ......................................................................................8

     A.    The First Claim for Relief Fails to State a Claim for Avoidance of a Post-Petition Transfer Pursuant to Section 549 of the Bankruptcy Code ...........8

     B.    The Second and Third Claims for Relief Fail to State a Claim for Avoidance of a Fraudulent Transfer Pursuant to California Civil Code Section 3439.01 *et seq.* ..............................................................13

     C.    The Fourth Claim for Relief Fails to State a Claim for Recovery and Preservation of Transfers for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 550 and 551 ..................................................18

     D.    The Fifth Claim for Relief Fails to State a Claim for Turnover of Estate Property Pursuant to Bankruptcy Code Section 542..................................18

     E.    The Sixth Claim for Relief Fails to State a Claim for Accounting of Property of the Estate Pursuant to Bankruptcy Code Section 542.............19

     F.    The Tenth Claim for Relief Fails to State a Claim for Conversion ..........19

     G.    All Claims for Relief Fail to Satisfy Federal Rule of Civil Procedure 8 ...20

IV.  CONCLUSION...................................................................................22

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Case: 21-05029   Doc# 11   Filed: 09/07/21   Entered: 09/07/21 11:56:12   Page 3 of 26

**CASES**

*Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen),*
  300 F.3d 1097, 1104 (9th Cir. 2002) .................................................... **11**

*AMCAL Multi-Hous., Inc. v. Pac. Clay Prod.,* 457 F. Supp. 2d 1016, 1021 (C.D. Cal.
  2006) ...................................................................................................... **8**

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009) ...................................... **20**

*Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).......................... **7**

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 557, 127 S.Ct. 1955 (2007) .......................................... **7**

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929
  (2007) .................................................................................................. **20**

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561 (2007) .............................. **20**

*Bissessur v. Indiana Univ. Bd. of Trustees,* 581 F.3d 599, 603 (7th Cir. 2009) ...... **20**

*Butner v. United States,*
  440 U.S. 48, 54, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979)..................... **11**

*Byrne v. Nezhat,* 261 F.3d 1075, 1129-1130 (11th Cir. 2001) .......................... **21**

*Casey v. Rotenberg (In re Kenny G. Enters., LLC),*
  512 B.R. 628, 636-637 (C.D. Cal. 2014) ............................................ **15**

*Conley v. Gibson,*
  355 U.S. 41, 45-46 (1957) ................................................................. **20**

*Decker v. Massey-Ferguson, Ltd.,*
  681 F.2d 111, 115 (2d Cir. 1982) ........................................................ **8**

*Destfino v. Kennedy,* 2009 U.S. Dist. LEXIS 18138, *13-14, 2009 WL 63566 (E.D.
  Cal. Jan. 7, 2009).............................................................................. **21**

*E-Fab, Inc. v. Accountants, Inc. Servs.,*
  153 Cal. App. 4th 1308, 1319 (2007)................................................ **17**

*Gallego v. Wilson,*
  882 F. Supp. 1169, 1171 (D. Mass. 1995)............................................ **8**

*Havas v. Thornton,*
  609 F.2d 372, 376 (9th Cir. 1979)....................................................... **8**

*In re Goldberg,*
  235 B.R. 476, 483 (Bankr. D. Idaho 1999) ...................................... **16**

*In re Hunt,*
  540 B.R. 438, 441 (Bankr. D. Idaho 2015) ...................................... **11**

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

*In re Reed*,
940 F.2d 1317, 1322 (9th Cir. 1991) ................................................................... **11**

*Lee v. Hanley*,
61 Cal.4th 1225, 1240 (2015) ............................................................................... **19**

*Nelson v. Anderson*,
72 Cal. App. 4th 111, 126 (Cal. Ct. App. 2d Dist. 1999) ..................................... **11**

*Parks School of Business v. Symington*,
51 F.3d 1480, 1484 (9th Cir. 1995) ......................................................................... **7**

*Phillips v. BAC Home Loans Servicing, LP*, 2010 U.S. Dist. LEXIS 131739, *16, 2010
WL 5146433 ........................................................................................................... **13**

*Rajala v. Gardner*,
709 F.3d 1031 (10th Cir. 2013) ............................................................................. **19**

*Revoal v. Gregoire*, 2012 U.S. Dist. LEXIS 173986, *2, 2012 WL 6098364 (W.D.
Wash. Oct. 31, 2012) ............................................................................................ **22**

*SEC v. Cross Fin. Servs.*, 908 F. Supp. 718 (C.D. Cal. 1995) .................................... **7**

*Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) ........... **7**

*St. James Church v. Superior Court* (1955) 135 Cal.App.2d 352, 359 (1955) ........................ **19**

*Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011) ...................................... **7**

*v.* **11**

*Wagner v. First Horizon Pharm. Corp.*,
464 F.3d 1273, 1279 (11th Cir. 2006) ................................................................... **21**

*Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006) ..................... **17**

*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, (9th Cir. 1997) ........................... **7**

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1134, 1143–44 (C.D. Cal. 2010) ................................................. **17**

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY
2    JUDGE, PLAINTIFF, ALL DEFENDANTS AND ALL THEIR ATTORNEYS OF
3    RECORD:

4         Defendants Aurora Capital Advisors, Richard Babcock, Anthony Nobles and Med-Venture
5    Investments, LLC (collectively, "Defendants") hereby bring this Memorandum of Points and
6    Authorities in Support of Defendants' Motion to Dismiss ("Motion") the complaint for: (1)
7    avoidance of post-petition transfers; (2) avoidance of fraudulent transfers; (3) recovery of avoided
8    transfers for benefit of the estate; (4) turnover; (5) accounting; (6) breach of fiduciary duty; (7)
9    aiding and abetting breach of fiduciary duty; (8) disgorgement; and (9) conversion (the
10   "Complaint") filed by Michael G. Kasolas ("Plaintiff") liquidating trustee for the bankruptcy estate
11   of Robert Brower, Sr. ("Debtor").  In support of the Motion, Defendants respectfully represent as
12   follows:

13                          I.    **SUMMARY OF ARGUMENT**

14        In the time-honored approach of throwing mud at a wall and hoping some of it sticks, the
15   Complaint consists of a jumble of claims and contentions – that when taken together and viewed
16   in a light most favorable to Plaintiff, fail to state a single claim for relief against Defendants.  At
17   the most fundamental level, all claims against Defendants must be dismissed because the Proceeds[1]
18   used to make the Med-Venture Transfer and the Aurora Transfer were not property of the estate.
19   Flowing from this unavoidable reality is the fact that all substantive claims asserted against
20   Defendants are dispositively deficient and amendment of the Complaint would be futile.
21   Furthermore, virtually all substantive claims for relief asserted against Defendants are time-barred
22   under applicable law and no exceptions exist to otherwise toll any controlling statute of limitation.
23   Finally, the Complaint fails to comply with applicable federal pleading standards and constitutes
24   an impermissible "shotgun pleading" due to Plaintiff lumping together ten (10) claims for relief
25   against fifteen (15) defendants, while at the same time relying upon indiscriminate application of
26   "incorporation by reference."

27   
28   _____
     [1] All capitalized terms not otherwise defined in this Summary of Argument shall have the meaning
     ascribed to same below.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1 Therefore, and for the reasons detailed below, the Complaint has no merit or basis in fact

2 and must be dismissed without leave to amend for failure to state a plausible claim for relief.

3 **II.    APPLICABLE STANDARD FOR A MOTION TO DISMISS**

4 A Rule 12(b)(6) motion is similar to the common law general demurrer, *i.e*., it tests the

5 legal sufficiency of the claim or claims stated in the complaint. See *Strom v. United States*, 641

6 F.3d 1051, 1067 (9th Cir. 2011); *SEC v. Cross Fin. Servs*., 908 F. Supp. 718 (C.D. Cal. 1995);

7 *Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).  In order to survive Rule 12(b)(6),

8 a complaint must allege sufficient facts "to support a cognizable legal theory." *Shroyer v. New*

9 *Cingular Wireless Services, Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010).  In addition, to survive a

10 Rule 12(b)(6) motion to dismiss, the facts alleged must state a "facially plausible" claim for relief.

11 *Id*.

12 By contrast, a Rule 12(b)(6) motion to dismiss for failure to state a claim can be used when

13 plaintiff has included allegations in the complaint that, on their face, disclose some absolute

14 defense or bar to recovery. See e.g. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, (9th

15 Cir. 1997) (fn. 1: "If the pleadings establish facts compelling a decision one way, that is as good

16 as if depositions and other expensively obtained evidence on summary judgment establishes the

17 identical facts.").

18 A defendant is entitled to dismissal under Rule 12(b)(6) if, accepting the well-pleaded

19 allegations of the complaint as true, the complaint fails to state facts that would support relief.

20 *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Further, to survive a

21 motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that

22 is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content

23 that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

24 alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)(emphasis added).   "The

25 plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

26 possibility that a defendant has acted unlawfully." *Id*. quoting *Bell Atlantic Corp. v. Twombly*, 550

27 U.S. 544, 557, 127 S.Ct. 1955 (2007).

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

For the purposes of a motion to dismiss, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Id*. at 555. The obligation to provide the "grounds" for the claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (*id*.) and the allegations must "raise a right to relief above the speculative level." *Id*.; See also *Gallego v. Wilson*, 882 F. Supp. 1169, 1171 (D. Mass. 1995)("a complaint will be deemed insufficient if the plaintiff relies upon bald assertions, unsupportable conclusions, and opprobrious epithets.") (internal citations and quotation marks omitted).

While a motion to dismiss typically tests the sufficiency of the plaintiff's allegations, "[i]f a legal impediment such as an affirmative defense or some other bar to recovery is apparent from the face of the complaint, then a motion to dismiss for failure to state a claim is mandated." *AMCAL Multi-Hous., Inc. v. Pac. Clay Prod*., 457 F. Supp. 2d 1016, 1021 (C.D. Cal. 2006).

Finally, dismissal should be granted without leave to amend where it is clear that the acts complained of cannot constitute a claim for relief and further amendments would serve no purpose. See e.g. *Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir. 1979). Dismissal may be granted as to portions of a complaint. *Decker v. Massey-Ferguson, Ltd*., 681 F.2d 111, 115 (2d Cir. 1982).

### III.     ARGUMENT

**A.     The First Claim for Relief Fails to State a Claim for Avoidance of a Post-Petition Transfer Pursuant to Section 549 of the Bankruptcy Code**

Plaintiff's first claim for relief seeks avoidance of post-petition transfers related to sale proceeds (the "Proceeds") from Coastal Cypress Corporation's ("Coastal") 2015 sale of real property located at 8890 and 8940 Carmel Valley Road, Carmel, California (the "Wine Estate Property"). See Complaint 2:21-25. The first claim for relief fails to state a claim for avoidance of an unauthorized post-petition transfer for two separate reasons, each of which will be individually addressed below.

#### 1.     The Proceeds Were Not Property of the Estate

The Complaint has not pled facts sufficient to establish that the Proceeds are property of the bankruptcy estate when the alleged transfers were made. Without establishing that the

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8

Proceeds were property of the estate at the time of transfer, it is axiomatic that Plaintiff's first claim for relief must be dismissed. Section 549(a) provides: "Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of **property of the estate** – (1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court." 11 U.S.C. § 549(a)(emphasis added). By virtue of Plaintiff's judicial admissions throughout the Complaint, it is impossible to establish that the Proceeds were property of the estate at the time of the alleged transfer in Spring of 2015.

In relevant part, the Complaint provides the following allegations (emphasis added):[2]

> 2. At all relevant times, **Debtor's bankruptcy estate owned 100% of Coastal Cypress Corporation ("Coastal")**, and Debtor controlled all of Coastal's operations. **Coastal was formed by Debtor in the early 1980's and owned real property** located at 8890 and 8940 Carmel Valley Road in Carmel, California (the "Wine Estate Property").

> 3. In Spring of 2015 and after the Petition Date, Debtor caused Coastal to sell the Wine Estate Property for $12,035,707.24. **Net proceeds from the sale** were over $7,000,000. At all relevant times, these net proceeds were assets of Debtor's bankruptcy estate.

> 4. After the sale of the Wine Estate Property, Coastal ceased all business operations, and Debtor began an elaborate and complex scheme to **transfer the net proceeds from Coastal** away from the bankruptcy estate outside the purview of the bankruptcy court to the Defendants, several of whom are insiders of the Debtor, in an effort to hinder, delay, and defraud creditors of Debtor's bankruptcy estate. **These efforts left Coastal, which held the most valuable asset of Debtor's bankruptcy estate, as an empty shell**. Moreover, most of the transfers were made postpetition without approval by the Court or the Liquidating Trustee.

> …

> 27. Also in 1982, Debtor formed Coastal as the sole shareholder. **As of the Petition Date and until April 2015, Coastal owned real property** located at 8890 and 8940 Carmel Valley Road in Carmel, California (defined above as the "Wine Estate Property"), a roughly 16-acre estate that included a wine tasting room, wine production facility, barrel aging room, offices, outdoor event venues, and vineyards. According to Coastal's books and records, Debtor was the President and a director of Coastal, and P. Brower was the Secretary and a director.

> …

---

[2] All numbered paragraphs correlate to those contained within the Complaint.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

35.     Specifically, and in April 2015, the Debtor sold the Wine Estate Property **owned by Coastal**, along with certain equipment and other assets related to the ongoing wine estate business operations, for total consideration of $12,035,707.24.  Subsequently, in or around November 2016, Coastal acquired real property in Delaware, in which Debtor and P. Brower resided thereafter.

…

42.     After the sale of the Wine Estate Property, **Coastal and ACP held** valuable assets including nearly $7,000,000 in net proceeds from the sale of the Wine Estate Property, and Debtor and P. Brower's real properties located in Carmel, California and Delaware.

…

52.     As a result of the Summary Judgments and the Enhancement Judgment, Debtor's bankruptcy estate, at all relevant times, held a 100% interest in Coastal and ACP. Pursuant to 11 U.S.C. § 541(a)(6), the proceeds, product, offspring, rents, or profits of or from the estate's interest in Coastal and ACP are, and have been at all relevant times, assets of Debtor's bankruptcy estate. Further, and pursuant to 11 U.S.C. § 541(a)(7), the 100% interest in Coastal and ACP constituted an "interest in property that the estate acquires after the commencement of the case."

…

65.     After paying secured loan balances (but not the Bank Loan to Chateau Julien which was secured by the Guaranty), taxes, and various other items from escrow, **Coastal received net proceeds** from escrow of at least $5,811,761.46 (the "Proceeds").  The Proceeds consisted of $350,000 in early release of funds, a lump sum at the close of escrow in the amount of $5,477,761.46, and a $50,000 hold-back for a septic tank upgrade, which was received by Coastal in October 2016.

…

116.    As noted above, the sale of the wine business assets to Buyer ultimately closed **in April 2015, and Coastal received** gross sale proceeds of approximately $12,035,707.24.

117.    According to the **Escrow Statement, at the close of escrow, Med-Venture received a payment of $1,120,000** (the "Med-Venture Transfer"). On January 24, 2019, the Bank conducted a deposition of Babcock (the "Babcock Deposition") wherein Babcock testified under oath that he received a portion of the Med-Venture Transfer.  Plaintiff is further informed and believes that Nobles received the remaining portion of the Med-Venture Transfer.

118.    Additionally, after the close of escrow, Debtor caused **Coastal to transfer $600,000** to Aurora by check **dated December 31, 2015**, which is signed by Debtor (the "Aurora Transfer"). On January 26, 2016, Aurora deposited the check into its Chase bank account.  At the Babcock Deposition, Babcock testified that the Aurora Transfer was distributed to himself and Nobles.

…

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

10

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Case: 21-05029   Doc# 11   Filed: 09/07/21   Entered: 09/07/21 11:36:12   Page 10 of 26

143. The…Med-Venture Transfers [sic] [and] the Aurora Transfer…were made postpetition. None of these transfers were authorized by the Liquidating Trustee of the Bankruptcy Court.

144. As determined by the Court in the Summary Judgments and the Enhancement Judgment, Debtor at all relevant times owned 100% of Coastal. Accordingly, pursuant to Pursuant to 11 U.S.C. § 541(a)(6), the proceeds, product, offspring, rents, or profits of or from the estate's interest in Coastal, *i.e.*, the Proceeds, have been at all relevant times assets of Debtor's bankruptcy estate. Further, and pursuant to 11 U.S.C. § 541(a)(7), the 100% interest in Coastal and ACP constituted an "interest in property that the estate acquires after the commencement of the case."

145. Accordingly, the Liquidating Trustee may avoid and recover these transfers, and each of them, from Defendants, pursuant to 11 U.S.C. § 549.

Despite the Complaint's protestations to the contrary, the Proceeds were not property of the estate – thus barring recovery of the Med-Venture Transfer and the Aurora Transfer. In particular, Section 541(a)(6) provides, in relevant part, that property of the estate includes "[p]roceeds, product, offspring, rents or profits of or from property of the estate[.]" (emphasis added). Further, Section 541(a)(7) provides that property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case." (emphasis added). However, it is roundly accepted that "[s]tate law determines the existence and scope of a debtor's interest in property." *In re Hunt*, 540 B.R. 438, 441 (Bankr. D. Idaho 2015) citing *In re Reed*, 940 F.2d 1317, 1322 (9th Cir. 1991) and *Butner v. United States*, 440 U.S. 48, 54, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979); See also *Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen)*, 300 F.3d 1097, 1104 (9th Cir. 2002)("It is well established that 'state law…determines the nature and extent of a debtor's interest in property.'"). Utilizing Plaintiff's judicial admissions and applying same to controlling California law, Debtor did not personally own Coastal's assets, including but not limited to the Proceeds or any portion thereof.

"Shareholders own neither the property nor the earnings of the corporation. Shareholders own only stock, from which their income is derived upon the liquidation of assets or the declaration of dividends by the directors. Nelson had no ownership interest in the profits of Lonan and cannot have been deprived of them." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (Cal. Ct. App. 2d Dist. 1999) referencing *Miller v. McColgan*, 17 Cal. 2d 432, 436 (1941)(citations omitted). As stated by the California Supreme Court in *Miller v. McColgan* (emphasis added):

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

In our approach to the problem presented here let us first consider the nature of this property – corporate stock – and the status of corporations and shareholders. It is fundamental, of course, that the corporation has a personality distinct from that of its shareholders, and that the latter neither own the corporate property nor the corporate earnings. The shareholder simply has an expectancy in each, and **he becomes the owner of a portion of each only when the corporation is liquidated by action of the directors or when a portion of the corporation's earnings is segregated and set aside for dividend payments on action of the directors in declaring a dividend**. This well-settled proposition was amplified in *Rhode Island Hospital Trust Co. v. Doughton*, 270 U.S. 69, 81 [46 Sup. Ct. 256, 70 L. Ed. 475], wherein appears the following cogent language: "The owner of the shares of stock in a company is not the owner of the corporation's property. He has a right to his share in the earnings of the corporation, as they may be declared in dividends arising from the use of all its property. In the dissolution of the corporation he may take his proportionate share in what is left, after all the debts of the corporation have been paid and the assets are divided in accordance with the law of its creation. But he does not own the corporate property." *Id.*

As clearly stated in the Complaint, Coastal wholly owned the Wine Estate Property, the Proceeds were the result of the Wine Estate Property's sale, the Proceeds were paid to Coastal, and Coastal made the Med-Venture Transfer and Aurora Transfer to Defendants. See Complaint ¶¶ 2-4, 27, 35, 65 and 116-118. The Proceeds were never distributed to Debtor or the estate, Coastal was not liquidated prior to the subject transfers, and no portion of the Proceeds used to make the subject transfers were segregated and set aside for dividend payment to Debtor or the estate. Therefore, the none of the Proceeds allegedly used to make the subject transfers can be classified as property of the estate because: (1) such are not Section 541(a)(6) "proceeds, product, offspring, rents or profits" due to Debtor under state law; and (2) neither Debtor nor the estate "acquired" the Proceeds pursuant to applicable state law.

Therefore, Plaintiff's first claim for relief must be dismissed without leave to amend because the Proceeds allegedly used to make the Med-Venture Transfer and the Aurora Transfer were not property of the estate and cannot be avoided pursuant to Section 549.

2.    The First Claim for Relief is Time Barred

The Complaint unambiguously alleges that the Med-Venture Transfer was made in April of 2015 and the Aurora Transfer was made in December of 2015. Further, the Complaint initiating the above-captioned adversary action was not filed until July 22, 2021. Importantly, Section 549(d) provides: "An action or proceeding under this section may not be commenced after the

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

12

earlier of – (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed. The Complaint makes no attempt to justify why an action to avoid the Med-Venture Transfer was filed approximately six years and three months post-transfer or five years and seven months post-Aurora Transfer. See e.g. *Phillips v. BAC Home Loans Servicing, LP*, 2010 U.S. Dist. LEXIS 131739, *16, 2010 WL 5146433 ("Defendants also assert that because Plaintiff alleges fraudulent conduct as the basis for equitable tolling, it must be pled with particularity pursuant to Rule 9(b). Because Plaintiff fails to allege sufficient facts to invoke equitable tolling under the Rule 8 standard, much less the Rule 9(b) standard, the Court need not reach Defendants' argument at this juncture."). The Complaint's silence regarding tolling of the two-year statute of limitation is not surprising, as Plaintiff was appointed as the liquidating trustee on November 2, 2017, the main bankruptcy docket and related adversary actions are replete with aged filings putting Plaintiff on notice of alleged post-petition transfers referenced in the Complaint and no extraordinary circumstances justify bring suit over four years after the statute of limitation lapsed. Thus, it is impossible for Plaintiff to allege he was diligently pursuing his rights in connection with the avoidance of the Med-Venture Transfer or the Aurora Transfer.

Therefore, Plaintiff's first claim for relief must be dismissed without leave to amend because any attempt to avoid the Med-Venture Transfer or the Aurora Transfer is time-barred pursuant to Section 549(d).

**B. The Second and Third Claims for Relief Fail to State a Claim for Avoidance of a Fraudulent Transfer Pursuant to California Civil Code Section 3439.01 *et seq*.**

Plaintiff's second and third claims for relief seek avoidance of the (post-petition) Med-Venture Transfer and Aurora Transfer pursuant to Cal. Civ. Code Sections 3439.04, 3439.07 and 3439.08. The second and third claims for relief fail to state a claim for avoidance of an alleged fraudulent transfer for four separate reasons, each of which will be individually addressed below.

1. Section 549 is the Exclusive Remedy to Avoid Post-Petition Transfers

As an initial matter, and perhaps most important to the necessary dismissal of the second and third claims for relief, is the fact that the Complaint seeks avoidance of post-petition transfers pursuant to Section 544. It cannot be forgotten that the Complaint readily concedes the Med-

13

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Venture Transfer and the Aurora Transfer were made by Coastal post-petition. See Complaint ¶¶ 117-118. The glaring infirmity of the second and third claims for relief is that Section 549 is Plaintiff's sole remedy for avoidance of a post-petition transfer.

The California District Court in *Casey v. Rotenberg* was presented with a trustee's attempt to avoid a post-petition transfer pursuant to Section 544 and held that Section 549 is the Trustee's exclusive remedy. In support of its ruling, the *Casey v. Rotenberg* court found:

> These "strong-arm powers" allow a trustee to assert avoidance claims held by hypothetical creditors or bona fide purchasers. See In re Weisman, 5 F.3d 417, 420 (9th Cir. 1993). Congress's inclusion of the phrase "as of the commencement of the case" strongly suggests that it only meant § 544 to apply to prepetition transfers. Since the trustee has these powers at petition filing, the transfer must necessarily have already occurred.
>
> Moreover, since the strong-arm powers exist at the commencement of the case, and since § 544(a) is limited to "any transfer of property of the debtor," these powers could only ever apply to prepetition transfers. Therefore, by referring to transfers of "property of the debtor," Congress necessarily understood the transfer to be the debtor's own property, *i.e.*, not property of the estate. For the transfer to relate to the debtor's own property, and for the statutory lien created by § 544(a) to exist as of the commencement of the case, the only possible way for that to occur is via a prepetition transfer.
>
> …
>
> The fact that Congress specifically included a section dealing with postpetition transactions suggests that it solely intended for that section to govern transfers occurring after the filing of a bankruptcy petition. Section 549's breadth undergirds that conclusion. It generally applies to allow a trustee to set aside any postpetition transfer of estate property that is not authorized by the Bankruptcy Code or a bankruptcy court. Congress did not narrowly draft § 549 in such a way that it would be reasonable to think that it only applies to some postpetition transactions, leaving room for other sections to fill the gap. Rather, the fact that Congress used such sweeping language demonstrates that Congress envisioned § 549 as the sole tool for avoiding postpetition transfers.
>
> …
>
> This reasoning is persuasive in discerning Congress's intent—notwithstanding the bankruptcy court's reasoning that "just because the limitation is tighter when measured from the petition[,] this is hardly a reason to conclude the cause of action does not arise at all." (ER 356.) If Congress understood § 544(b) to apply to postpetition transactions, then there would be no reason for it to link its statute of limitations to the filing of the petition. The fact that Congress did in fact establish such a limitations period strongly suggests that Congress understood the filing of the petition as a cut off for potential actionable transfers. This result does not unnecessarily hamper the trustee's avoidance powers; that is not the Court's goal. Instead, the objective is to determine Congress's intent using whatever statutory clues it left behind. **This indication**

14

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**provides cogent proof that Congress intended for all of § 544 to apply only to prepetition transfers**.

*Casey v. Rotenberg (In re Kenny G. Enters., LLC)*, 512 B.R. 628, 636-637 (C.D. Cal. 2014)(emphasis added).

The court in *Casey v. Rotenberg* concluded by stating: "As the Court has interpreted, § 544 is an inch too short for the Trustee to reach the Hillsborough Property transfer…For the reasons discussed above, the Court finds that § 544(b) only applies to prepetition transfers and accordingly that a trustee may not invoke § 544(b) to reach postconfirmation transfers like the Hillsborough Property sale." *Id*. at 639.

Just as in *Casey v. Rotenberg*, Plaintiff seeks to improperly utilize Section 544(b) to avoid certain post-petition transfers. However, Section 549 indisputably encompasses Plaintiff's sole remedy to avoid the post-petition Med-Venture Transfer and the post-petition Aurora Transfer. Therefore, Plaintiff's second and third claims for relief must be dismissed without leave to amend because the Med-Venture Transfer and the Aurora Transfer were made post-petition making avoidance pursuant to Section 544 unavailable.

　　2.　　The Proceeds Are Not Property of the Estate

As detailed above, the Proceeds used to make the Med-Venture Transfer and the Aurora Transfer were not property of the estate. Section 544 provides, in relevant part: "[T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." (emphasis added). As Debtor merely had a property interest in the shares of Coastal stock, neither Debtor nor the estate had an ownership right to the Proceeds until Coastal was liquidated, or until the Proceeds were set aside as a shareholder distribution to be made to Debtor. Based thereon, applicable California law dictates that Debtor did not own or have a right to the Proceeds. Therefore, Plaintiff's second and third claims for relief must be dismissed without leave to amend because the Proceeds used to make the Med-Venture Transfer and the Aurora Transfer were not property of the estate and said transfers cannot be avoided pursuant to applicable state law.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

15

3.     Plaintiff Fails to Allege Requisite Elements of Section 544

The second and third claims for relief are styled as a claim pursuant to California Civil Code, § 3439.01 *et seq.*  Although the Complaint is silent on the Bankruptcy Code provision that gives Plaintiff authority to pursue an action pursuant to California Civil Code, § 3439.01 *et seq*, Defendants presume that he brings the claim pursuant to 11 U.S.C. § 544(b)(1), which provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title."

In order to state a claim for relief under Section 544(b), Plaintiff is required to plead and prove the existence of an unsecured creditor who could pursue an action under California Civil Code, § 3439.01 *et. seq.* and an explanation of how applicable state law grants such a creditor the right to pursue the action. See e.g. *In re Goldberg*, 235 B.R. 476, 483 (Bankr. D. Idaho 1999) ("§ 544(b) requires **pleading and proof of the existence of such an unsecured creditor**, as well as an explanation of how applicable state law grants a right of transfer avoidance to that creditor. A typical use of § 544(b) is avoidance of transfers under state enactments of the Uniform Fraudulent Transfer Act.")(emphasis added).  Not only has Plaintiff failed to reference Section 544 in the second and third claims for relief, he has not specifically pled the existence of a relevant creditor or purported to explain how state law grants that creditor the right to pursue these claims for relief. Therefore, Plaintiff's second and third claims for relief must be dismissed because the Complaint has failed to sufficiently state a claim for avoidance of the Med-Venture Transfer and Aurora Transfer pursuant to Section 544.

4.     The Second and Third Claims for Relief Are Time-Barred

The Complaint explicitly alleges that the Med-Venture Transfer was made in April of 2015 and the Aurora Transfer was made in December of 2015.  Further, the Complaint initiating the above-captioned adversary action was not filed until July 22, 2021.  Importantly Cal. Civ. Code 3439.09 states:

> A cause of action with respect to a transfer or obligation under this chapter is extinguished unless action is brought pursuant to subdivision (a) of Section 3439.07 or levy made as provided in subdivision (b) or (c) of Section 3439.07:

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

(a) Under paragraph (1) of subdivision (a) of Section 3439.04, not later than four years after the transfer was made or the obligation was incurred or, if later, not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant.

(b) Under paragraph (2) of subdivision (a) of Section 3439.04 or Section 3439.05, not later than four years after the transfer was made or the obligation was incurred.

(c) Notwithstanding any other provision of law, a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred.

Based upon Plaintiff's explicit judicial admissions made in the Complaint, the second and third claims for relief were filed more than four (4) years after the Med-Venture Transfer and Aurora Transfer. Notwithstanding, Plaintiff makes no attempt to justify or explain how the second and third claims for relief are somehow timely. Under applicable California law that Plaintiff seeks to avail of, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer." *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1319 (2007) (emphasis in original, internal citations omitted).

This rule of pleading applies whether the complaint is filed in state or federal court. See e.g. *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006)("federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings"); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1143–44 (C.D. Cal. 2010) ("Because Yumul has not alleged in any form the manner of her discovery, her complaint does not adequately plead tolling under the delayed discovery rule.").

The Complaint's silence regarding tolling of the four-year statute of limitation is not surprising, as Plaintiff was appointed as the liquidating trustee on November 2, 2017, the main bankruptcy docket and related adversary actions are replete with aged filings putting Plaintiff on notice of alleged post-petition transfer referenced in the complaint and no extraordinary circumstance justifies bring suit years after the statute of limitation lapsed. Thus, it is impossible

17

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Case 21-05029   Doc# 11   Filed: 09/07/21   Entered: 09/07/21 11:36:12   Page 17 of 26

for Plaintiff to allege he was diligently pursuing his rights in connection with the avoidance of the Med-Venture Transfer or the Aurora Transfer.

Therefore, Plaintiff's second and third claims for relief must be dismissed without leave to amend because any attempt to avoid the Med-Venture Transfer or the Aurora Transfer is time-barred pursuant to Cal. Civ. Code Section 3439.09(a) and (b).

**C.** **The Fourth Claim for Relief Fails to State a Claim for Recovery and Preservation of Transfers for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 550 and 551**

Plaintiff's fourth claim for relief seeks to recover and preserve the Med-Venture Transfer and the Aurora Transfer pursuant to Sections 550 and 551. Bankruptcy Code Section 550(a) provides in relevant part: "Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]" Furthermore, Bankruptcy Code Section 551 provides: "Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate." Importantly, Plaintiff's ability to recover and preserve the Med-Venture Transfer or Aurora Transfer is conditioned upon Plaintiff's avoidance of said transfers pursuant to Section 549 (the first claim for relief) or Section 544 (the second and third claims for relief). By virtue of the fatal infirmities mandating dismissal of Plaintiff's first, second and third claims for relief, the conditions precedent to Sections 550 and 551 cannot be met and the fourth claim for relief must be dismissed without leave to amend.

**D.** **The Fifth Claim for Relief Fails to State a Claim for Turnover of Estate Property Pursuant to Bankruptcy Code Section 542**

Plaintiff's fifth claim for relief seeks turnover of property of the estate. However, a plaintiff's ability to demand turnover pursuant to Section 542 presupposes the subject property is property of the estate. As was the case with Plaintiff's first, second and third claims for relief, the Proceeds used to make the Med-Venture Transfer and the Aurora Transfer were not property of

18

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

the estate.  For this reason alone, Plaintiff's fifth claim for relief necessarily fails.  Additionally, it cannot be reasonably disputed that property recoverable through use of avoidance powers is not property of the estate until recovered – after which it becomes property of the estate pursuant to Section 541(a)(3).  See *Rajala v. Gardner*, 709 F.3d 1031 (10th Cir. 2013).  Due to Plaintiff's failure and inability to state a viable avoidance claim involving the Med-Venture Transfer or Aurora Transfer, the fifth claim for relief must be dismissed without leave to amend.

**E.** **The Sixth Claim for Relief Fails to State a Claim for Accounting of Property of the Estate Pursuant to Bankruptcy Code Section 542**

Consistent with Plaintiff's fifth claim for relief, the sixth claim for relief necessarily fails because: (1) the Proceeds used to make the Med-Venture Transfer and Aurora Transfer were not property of the estate; and (2) Plaintiff has no viable or actionable avoidance claims pertaining to said transfers.  Furthermore, "[a] suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain." *St. James Church v. Superior Court* (1955) 135 Cal.App.2d 352, 359 (1955).  As clearly alleged in the Complaint, Plaintiff seeks a sum certain from Defendants – as the Med-Venture Transfer is alleged to be $1,120,000 and the Aurora Transfer is alleged to be $600,000.  Due to the Proceeds not being property of the estate, Plaintiff's failure and inability to state a viable avoidance claim involving the Med-Venture Transfer or Aurora Transfer, and the fact that the Complaint seeks recovery of an amount certain, the sixth claim for relief must be dismissed without leave to amend.

**F.** **The Tenth Claim for Relief Fails to State a Claim for Conversion**

Plaintiff's tenth claim for relief seeks recovery of the Med-Venture Transfer and Aurora Transfer based upon conversion.  In California, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: **(1) the plaintiff's ownership or right to possession of the property**; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015)(emphasis added).  Consistent with Plaintiff's first, second, third, fourth, fifth and sixth

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

claims for relief, the tenth claim for relief necessarily fails because the Proceeds used to make the Med-Venture Transfer and Aurora Transfer were not Debtor's property and the estate had no right to possession of same. Furthermore, Cal. Civ. Code Section 338(c) provides that an action for conversion must be brought within three (3) years – yet the Complaint was filed no less than five (5) years post-Med-Venture Transfer and post-Aurora Transfer. Therefore, Plaintiff's tenth claim for relief must be dismissed without leave to amend because Plaintiff cannot establish that Debtor or the estate owned or has a right to possession of the Proceeds used to fund the Med-Venture Transfer or the Aurora Transfer.

### G. All Claims for Relief Fail to Satisfy Federal Rule of Civil Procedure 8

As a consequence of the Complaint lumping together ten (10) claims for relief against fifteen (15) separate defendants and indiscriminately "repeat[ing] and realleg[ing]" each prior allegation, Plaintiff has failed to meet Rule 8's requirement to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8. Historically, the U.S. Supreme Court set a low threshold for satisfying Rule 8, and consequently, for surviving a motion to dismiss under Rule 12(b)(6). See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, two relatively recent Supreme Court decisions have affected the pleading of all manner of claims in federal court, requiring plaintiffs to include more detail to show their entitlement to relief, while at the same time offering defendants an enhanced opportunity to obtain dismissal of facially deficient claims. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

Importantly, the *Twombly/Iqbal* standard requires a complaint to contain sufficient factual allegations to show a "plausible" claim for relief. Both *Twombly* and *Iqbal* "teach[] that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail…to indicate that the plaintiff has a substantial case." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). Notwithstanding the clear pleading requirements detailed in *Twombly* and *Iqbal*, the Complaint constitutes a procedurally defective "shotgun pleading" and improperly forces Defendants to guess which allegations apply to which claims for relief.

20

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Case: 21-05029   Doc# 11   Filed: 09/07/21   Entered: 09/07/21 11:36:12   Page 20 of 26

"Allegations, however, which incorporate each preceding paragraph, regardless of relevancy, are not permitted. <u>This practice has been harshly criticized as a form of 'shotgun pleading' that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice.</u> *Destfino v. Kennedy*, 2009 U.S. Dist. LEXIS 18138, \*13-14, 2009 WL 63566 (E.D. Cal. Jan. 7, 2009) <u>referencing</u> *Byrne v. Nezhat*, 261 F.3d 1075, 1129-1130 (11th Cir. 2001)(emphasis added). As further explained in *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006):

> Second, the elements of these claims are also insufficiently linked to the large fact section that proceeds the counts. These legal conclusions, however, do not bear on the merits of underlying claims, because, as the district court said, "[w]ithout any obvious means of connecting Plaintiff's causes of action with the allegata underlying those causes, the court is unable to determine whether Plaintiff's claims are meritorious or precisely the kind of abusive litigation Congress sought to prevent." R6-68 at 28.

> The complaint at issue in this case is a proverbial shotgun pleading. Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). "[S]hotgun pleadings wreck havoc on the judicial system." *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to efficiently use those resources.

> We illustrate this problem with Count IV of the complaint, which lays out the plaintiffs' claims for securities fraud against First Horizon and the individual defendants. The first paragraph, numbered 199, states, "Plaintiffs repeat and reallege the allegations set forth above as though fully set forth herein." R2-43 P199. No further reference is made to the previous allegations in the complaint, leaving the reader to wonder which prior paragraphs support the elements of the fraud claim.

The practical result of Plaintiff incorporating every preceding paragraph into each claim for relief, regardless of relevancy or target defendant, is that Defendants are forced guess which ones apply to any given claim for relief. It must not be overlooked that the Complaint presents 141 paragraphs, spanning twenty-eight (28) pages, before Plaintiff even asserts his first claim for relief against fifteen (15) separate defendants. As a prefatory "allegation" in support of the first claim for relief, Plaintiff "repeats and realleges each of the allegations set forth above as if fully set forth herein." <u>Complaint</u> 28:25-26. Following this prefatory statement is a rote recitation of the claim's bare elements, nothing more. Compounding the problem, each subsequent claim for

21

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

relief is prefaced by an identical incorporation by reference "allegation" – including those allegations specifically included in all preceding claims for relief – and then proffers a similar recitation of the bare elements of each claim. Requiring Defendants to assume which preceding allegations are relevant to a specific claim for relief is directly contrary to FRCP 8's purpose, which is to "'give the defendant fair notice of what the . . . claim is <u>and the grounds upon which it rests</u>.'" *Revoal v. Gregoire*, 2012 U.S. Dist. LEXIS 173986, *2, 2012 WL 6098364 (W.D. Wash. Oct. 31, 2012) <u>citing</u> *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)(emphasis added).

Therefore, the Complaint – despite its many pages, paragraphs and words – fails to comport with Rule 8's unambiguous requirement that Plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8. For this additional reason the Motion should be granted and the Complaint dismissed.

## IV.    CONCLUSION

The reasons for dismissing the Complaint without leave to amend are legion. At the most fundamental level, all claims against Defendants must be dismissed without leave to amend because the Proceeds used to make the Med-Venture Transfer and the Aurora Transfer were not property of the estate. Flowing from this unavoidable reality is the fact that all substantive claims asserted against Defendants are dispositively deficient and amendment of the Complaint would be futile. If Plaintiff's inability to assert that the Proceeds are property of the estate is not enough, virtually all claims for relief asserted against Defendants are time-barred. In sum, Plaintiff has failed to allege a single claim against Defendants where relief can be granted and providing leave to amend cannot remedy the impossible.

///

///

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

22

1    Based on the aforementioned, Defendants respectfully request that the Motion be granted

2    in its entirety and Plaintiff's first, second, third, fourth, fifth, sixth and tenth claims for relief against

3    Defendants be dismissed without leave to amend.

4

5                                    **SHULMAN BASTIAN FRIEDMAN & BUI LLP**

6

7

8    Dated: September 7, 2021          By: _/s/ *Ryan D. O'Dea*_____
                                            Leonard M. Shulman
9                                           Ryan D. O'Dea
                                            Attorneys for Defendants Aurora Capital Advisors,
10                                          Richard Babcock, Anthony Nobles and Med-Venture
                                            Investments, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

In re:        **Robert Brower Sr - Debtor**
BK Case No.: **15-bk-50801-MEH**

**Michael G. Kasolas, etc., et al vs. Patricia Brower, etc., et al**
**ADV NO. 21-ap-05029-MEH**

# <u>CERTIFICATE OF SERVICE</u>

I, Lori Gauthier, declare that I am a citizen and resident of the United States of America and over 18 years of age and not a party to the within entitled litigation. My business address is Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618. On this date I served the following documents on the person named below by placing a true copy thereof in a sealed envelope with first class postage thereon, fully prepaid, in the United States mail at Irvine, California addressed as addressed below or by e-mail or by electronic filing, as set forth below:

**AURORA CAPITAL ADVISORS, RICHARD BABCOCK, ANTHONY NOBLES AND MED-VENTURE INVESTMENTS, LLC's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on *September 7, 2021* at Irvine, California.

/s/ Lori Gauthier

**<u>ELECTRONIC SERVICE LIST:</u>**

- Jessica Wellington    ecf@bg.law

**All ECF Participants**

## MAIL SERVICE LIST:

Aurora Capital Advisors,
18101 Von Karman, Suite 230
Irvine, CA 92612

Richard Babcock,
245 Woodscape Ct.
Alpharetta, GA 30022-3245

Patricia Brower
2 Christopher Court
Flanders, NJ 07836

Robert Brower, Jr.
25 Sunderland Lane
Katonah, NY 10536

Coastal Wine Services, LLC,
Attn: Willford Brooks Lindley, agent
340 El Camino Real South
Salinas, CA 93901

Deerleaf Holdings, Inc.,
c/o United States Corporation Agents, In
221 N. Broad St., Suite 3A
Middletown, DE 19709

Great American Wineries, Inc.
Attn:Robert Brower, Jr., Agent
28088 Barn Court
Carmel, CA 93923

Jaurigue Law Group,
Attn: Michael Jaurigue, Managing Shareho
300 W. Glenoaks Blvd., #300
Glendale, CA 91202

Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP,
Attn: Paul Rovella, Managing Partner
530 San Benity Street, Suite 202
Hollister, CA 95023

Wilford Butch Lindley
340 El Camino Real South
Salinas, CA 93901

Med-Venture Investments, LLC,
Attn: Rhonda Nobles, agent
17080 Newhope Street
Fountain Valley, CA 92708

Anthony Nobles,
17080 Newhope Street
Alpharetta, GA 30022-3245

Oldfield Creely, LLP,
Attn: Douglas Oldfield, Member
Carmel-By-The- Sea, CA 93923

Pohanka of Salisbury, Inc.,
Attn: Neal Johnson, agent for service
1772 Ritchie Station Court
Capital Heights, MD 20743