Heinz Binder (SBN 87908)
Wendy Watrous Smith (SBN 133887)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: heinz@bindermalter.com
Email: wendy@bindermalter.com

Attorneys for Defendant JRG Attorneys at Law
(named in Complaint as Johnson, Rovella, Retterer,
Rosenthal & Gilles, LLP)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re:<br><br>ROBERT BROWER SR.,<br><br>Debtor. | Case No.   15-BK-50801-MEH<br><br>Chapter 11<br><br>Adv. No.:  21-ap-05029-MEH |
| MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA BROWER, solely as the trustee of the BROWER TRUST (2015), dated June 30, 2015, et al. | Date:     November 18, 2021<br>Time:     10:00 a.m.<br>Judge:    M. Elaine Hammond |

**JRG ATTORNEYS AT LAW'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................1
     A.  History ................................................................................1
     B.  Summary of Argument ................................................................3

II.  APPLICABLE STANDARD FOR A MOTION TO DISMISS ..................................5

III. ARGUMENT ..................................................................................5
     A.  The First Claim for Relief Under Section 549 ..................................5
         1.  The Coastal Funds were Never Property of the Estate..........................6
         2.  The First Claim for Relief is Time Barred ...............................7
     B.  The Second and Third Claims for Relief Fail to State a Claim for
         Avoidance of a Fraudulent Transfer Pursuant to California Civil Code
         §3439.01, *et seq.* ................................................................8
         1.  The Proceeds Are Not Property of the Estate..............................8
         2.  Section 549 is the Exclusive Remedy to Avoid Post-Petition Transfers ..........8
         3.  The Complaint does not state facts needed to state actions under the
             California Fraudulent Transfer Act and the claims are largely time
             barred....................................................................9
     C.  The Fourth Claim for Relief Fails to State a Claim for Recovery and
         Preservation of Transfers for the Benefit of the Estate Pursuant to
         Bankruptcy Code §§550 and 551 ..................................................10
     D.  The Fifth Claim for Relief Fails to State a Claim for Turnover of Estate
         Property Pursuant to Bankruptcy Code §542 ........................................10
     E.  The Sixth Claim for Relief Fails to State a Claim for Accounting of
         Property of the Estate Pursuant to Bankruptcy Code §542 ...................11
     F.  The Eighth Claim for Relief fails to State a Claim for "Aiding and
         Abetting Breach of Fiduciary Duties" as it is barred by the Litigation
         Privilege, fails to state a basis for standing to bring the claim, and fails to
         state facts necessary for the claim ..............................................11
         1.  The Eighth Claim for Relief is barred by California Civil Code
             §1714.10 which prohibits bringing action against an attorney arising
             from the attorney's representation without prior leave from the Court ...........11
         2.  The Eighth Claim for Relief is barred by the California Litigation
             Privilege....................................................................13
         3.  The Liquidating Trust does not have standing to bring the claim for
             "aiding and abetting a breach of fiduciary duty" ............................14
         4.  The Eighth Claim for Relief fails to state a cause of action for "aiding
             and abetting" an intentional tort as it fails to allege the required
             elements of such a claim ..............................................14

i

G.  The Ninth Claim for Relief for "Disgorgement" under Bankruptcy Code
§330 fails to state a claim against JRG Attorneys...................................15

H.  The Tenth Claim for Relief Fails to State a Claim for Conversion........................15

I.  All Claims for Relief Fail to Satisfy Federal Rule of Civil Procedure 8.................16

IV.  CONCLUSION ..............................................................................................17

# TABLE OF AUTHORITIES

## Cases

*Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen)*, 300 F.3d 1097, 1104 (9th Cir. 2002)..................................................................................................6

*AMCAL Multi-Hous., Inc. v. Pac. Clay Prod.*, 457 F. Supp. 2d 1016, 1021 (C.D. Cal. 2006) .............................................................................................5

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) .................................................5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)........................5, 16

*Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009).......................16

*Carden K. Getzoff*, 190 Cal.App.3d 907, 913 (1987)...............................13

*Casey v. Rotenberg (In re Kenny G. Enters, LLC)* 512 B.R. 628, 636-637 (C.D. Cal. 2014) .....................................................................................3, 8, 9

*Casey v. U.S. Bank*, 127 Cal.App.4th 1138, 1145......................................14

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ..........................................16

*Destfino v. Kennedy*, 2009 U.S. Dist. LEXIS 18138, *13-14, 2009 WL 63566 (E.D. Cal. Jan. 7, 2009) referencing *Byrne v. Nezhat*, 261 F.3d 1075, 1129-1130 (11th Cir. 2001). As further explained in *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ....................................................................16

*Gallego v. Wilson*, 882 F. Supp. 1169, 1171 (D. Mass. 1995) ......................5

*Hagendorf v. Brown*, 699 F.2d 478, 480 (9th Cir. 1983) .............................12

*Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir. 1979)..................................5

*Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mtg Co.)* 471 F.3d 977, 922, F.N. 4 (9th Cir. 2006) .......................................................................14

*Klotz v. Milbank, Tweed, Hadley & McCloy*, 238 Cal.App.4th 1339, 1350 (2015) ......................11

*Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015) ...........................................15

*Miller v. McColgan*, 17 Cal. 2d 432, 436 (1941) .........................................7

*Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (Cal. Ct. App. 2d Dist. 1999)..........................6

*O'Keefe v. Kompa* 84 Cal.App.4th 130, 134 (2000) ...................................13

*Rajala v. Gardener*, 709 F.3d 1031 (10th Cir. 2013).................................3, 10

*St. James Church of Chrus Holiness v. Superior Court of Los Angeles County* 135 Cal.App.2d 352, 359 (1955) ....................................................3, 11

*Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011) ........................... 5

*Stueve v. Berger Kahn*, 232 Cal.App.4th 327, 329 (2013) ............................ 12

<u>Statutes</u>

11 U.S.C. §330 ........................................................................................ 4, 15

11 U.S.C. §541 ........................................................................................ 6, 10

11 U.S.C. §542 ........................................................................................ 10

11 U.S.C. §544 ........................................................................................ 8, 9, 10

11 U.S.C. §549 ........................................................................................ Passim

11 U.S.C. §550 ........................................................................................ 10

11 U.S.C. §551 ........................................................................................ 10

11 U.S.C. §1104 ...................................................................................... 14

11 U.S.C. §1112 ...................................................................................... 14

18 U.S.C. §151 ........................................................................................ 14

18 U.S.C. §158 ........................................................................................ 14

Cal. Civ. Code §47 .................................................................................. 4

Cal. Civ. Code §1714.10 ......................................................................... Passim

Cal. Civ. Code §3439.01 ......................................................................... 8

Cal. Code Civ. P. §338 ............................................................................ 15

Fed. R. Civ. P. 8 ...................................................................................... 16, 17

Fed. R. Civ. P. 12(b)(6) .......................................................................... 4, 16

iv

Defendant Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP ("JRG Attorneys") has moved the Court to dismiss the complaint against it for: avoidance of post-petition transfers; avoidance of fraudulent transfers; avoidance of construction fraudulent transfers; recovery of avoided transfers for benefit of the estate; turnover; accounting; aiding and abetting breach of fiduciary duty; disgorgement; and conversion, (the "Complaint") which was filed by Michael G. Kasolas, the liquidating trustee for the bankruptcy estate of Robert Brower Sr. (the "Liquidating Trust"). The Complaint's central premise is the claim funds held by Coastal Cypress Corporation, a California corporation ("Coastal Cypress") in 2015 were at all times the property of its shareholder, the bankruptcy estate of Robert Brower Sr. (the "Bankruptcy Estate"). The Complaint titles Coastal Cypress funds as "Proceeds" in an effort to create reality with a title. Here they are accurately called "Coastal Funds". The Complaint then asserts various theories that the Liquidating Trust can avoid all of the payments that Coastal Cypress made to the fifteen defendants in the last six years—including payments made to JRG Attorneys for its legal services. The attempt to recharacterize Coastal Cypress's property as the property of the Bankruptcy Estate fails, and with it most of the claims in the Complaint. The claims specifically against JRG Attorneys also fail as they are based on JRG Attorneys' role as counsel. As set forth below, the claims are barred by the litigation privilege, among other things. All of the claims against JRG Attorneys must be dismissed without leave to amend as their flaws cannot be corrected with further pleading.

I.  **INTRODUCTION**

  A. **History**

From the start, this case has been a two-person fight between Robert Brower Senior ("Brower Sr."), now dead, and MUFG Union Bank ("Union Bank"). The fight has worked its way through contested matters, adversary proceedings, State Court actions, and repeated appeals. As the Court is familiar with the history of the case, only a focused summary is needed here.

Brower Sr. filed the Chapter 11 case in March of 2015. Union Bank - with 90% of the claims - drove the case and controlled almost every aspect of its development. Early in the case, Union Bank's decided to keep the case in Chapter 11 rather than having it converted to Chapter 7 or promptly obtaining a Chapter 11 trustee. Since Union Bank could block any reorganization plan

proposed by the debtor, such a motion would have been guaranteed.

In 2017, Union Bank confirmed a Chapter 11 plan that included an extended time before becoming effective, which did not occur until 2020. The plan was structured so that the Liquidating Trust did not take control over the estate's assets until the effective date. Thus, Brower Sr., as debtor in possession, remained in control of all of the bankruptcy estate assets, including its shares in Coastal Cypress, until 2020. Union Bank knew are of the delayed effective date, and thus Brower's continued control, as it was the focus of extensive discussions at the hearing for confirmation. (Request for Judicial Notice, Exhibit A, Transcript of Proceedings-Confirmation of the Second Amended Combined Chapter 11 Plan of Reorganization and Disclosure of Statement, November 2, 2017).

Coastal Cypress held an unspecified amount of cash during the case. As early as November 2015, when Brower Sr., moved to sell the estates' shares back to Coastal Cypress, all parties were aware that Coastal Cypress had no assets other than these funds. (Request for Judicial Notice ("RJN"), Exhibit B, Transcript of Sale Hearing, Doc. 244, p. 12.) The Court acknowledged at the time that the funds from Coastal Cypress were not property of the estate, but would come to the Bankruptcy Estate "either through a distribution from the corporation or sale of shares. . ." (Transcript of Sale Hearing, p. 12, ll. 14-17). Union Bank did not object to that assessment by claiming "alter ego" or otherwise attempting to defeat Coastal Cypress's corporate existence. Instead, it spent several years litigating over the corporate structure of Coastal Cypress, including the merger of the company from a California corporation to a Delaware corporation, and the allocation of shares to different shareholders. (Complaint, ¶¶60-63, 46-51).

Six years after the bankruptcy case was filed and four years after Union Bank confirmed its plan of reorganization, the Liquidating Trust has brought this adversary proceeding claiming that the Coastal Funds have always been property of the Bankruptcy Estate. From there, the Complaint attempts to avoid transfers by Coastal Cypress to various third-parties including to JRG Attorneys for legal services. As set forth below, the Litigation Trust has neither legal authority nor factual basis for the claims.

///

B. **Summary of Argument**

All of the claims rely on the allegation that the Cypress Funds were at all times property of the estate. (Except arguably the Ninth Claim for Relief against JRG for "disgorgement.") As the Liquidating Trust can make no argument to support such a claim, the claims must be dismissed without leave to amend.

Additionally, the First Claim for Relief is to avoid post-petition transfers and fails under Section 549[1] to the extent it seeks to recover property transferred more than two years before the petition was filed. Section 549(d).[2] The Second and Third Claims for Relief are to avoid allegedly fraudulent transfer pursuant to the California Civil Code and also fail as there is no authority by which the Liquidating Trust may bring an action using California Civil Code to avoid a post-petition transfer. Only a recovery action under Section 549 is available. *Casey v. Rotenberg (In re Kenny G. Enters, LLC)* 512 B.R. 628, 636-637 (C.D. Cal. 2014). The Fourth Claim from Relief seeking recovery of damages for the transfers avoided under the first second and third claims for relief fail for the same reasons.

The Fifth Claim for Relief is for turnover of estate property under Section 542 and also fails as the property sought was never property of the estate, nor is any property that is sought through an avoidance action property of the estate until the subject transfer is actually avoided. *Rajala v. Gardener*, 709 F.3d 1031 (10th Cir. 2013). The Sixth Claim for Relief seeks an "accounting" of property of the estate also fails to state a claim because a suit for an accounting is a suit in equity and is not available where the suit seeks to recover a sum certain. *St. James Church v. Superior Court* 135 Cal.App.2d 352, 359 (1955). The Complaint asserts a specific amount sought from JRG Attorneys and thus has no equitable claim for accounting.

The Eighth Claim for Relief is against JRG Attorneys solely in its capacity as counsel to Brower Sr., alleging that through that the alleged representation, JRG Attorneys "aided and abetted"

---

[1] All statutory references are to the United States Bankruptcy Code unless otherwise stated.

[2] The complete indifference throughout the Complaint to the time bars for various claims for relief is egregious. Each claim seeks to recover all of the transfers from Coastal Cypress, whether or not they were made within the applicable time period. *See* Complaint, p. 38-40.

Brower Sr. in his fiduciary duties to the bankruptcy estate.[3] This claim must be dismissed as it is barred by California Civil Code §1714.10. This statute prohibits any lawsuit against an attorney based on the attorney's representation of the client in an attempt to litigate a claim, unless the plaintiff first obtains permission of the court to bring the action. No permission was obtained in this case. See discussion at p. 11.

No such permission could be granted because the Liquidating Trust cannot state a claim.

First, the claim is barred by the litigation privilege under California Civil Code §47. Second, the Liquidating Trust does not have standing to bring such an action, as no such remedy is provided in the bankruptcy code. See discussion at p. 14. Last, even if the Liquidating Trust could overcome these bars (which it cannot), the Complaint fails to state facts necessary to state a claim for aiding and abetting a tort. Specifically, it does not state that JRG Attorneys had the requisite knowledge to establish such claim. See discussion at p. 14. Nor does it state any facts at all to support claim for damages of $7 million.

The Ninth Claim for Relief is called "disgorgement" and is alleged under Section 330. This also fails to state a claim against JRG Attorneys. The section relied upon provides no remedy for the Liquidating Trust for recovering fees paid to any attorney by a third party or otherwise, particularly where those fees were paid for services to non-debtors. Nor is there any legal authority identified to support the allegation that a claimed conflict of interest is a legal basis for the Liquidating Trust to recover fees paid to an attorney by a third-party. See discussion at _____.

Finally, the Complaint fails to comply with applicable federal pleading standards and constitutes an impermissible "shotgun pleading" by lumping together ten claims for relief against fifteen defendants, while relying upon indiscriminate application of "incorporation by reference."

Therefore, and for the reasons detailed below, the Complaint against JRG Attorneys must be dismissed without leave to amend for failure to state a plausible claim for relief.

---

[3] The extent to which JRG Attorneys actually did represent Brower Sr., and whether it was ever paid for that representation is not an issue before the court at this time.

## II.  APPLICABLE STANDARD FOR A MOTION TO DISMISS [4]

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

For the purposes of a motion to dismiss, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The obligation to provide the grounds for the claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (*id.*) and the allegations must "raise a right to relief above the speculative level." *Id.*; *See also, Gallego v. Wilson*, 882 F. Supp. 1169, 1171 (D. Mass. 1995) ("a complaint will be deemed insufficient if the plaintiff relies upon bald assertions, unsupportable conclusions, and opprobrious epithets.") (internal citations and quotation marks omitted).

Further, "[i]f a legal impediment such as an affirmative defense or some other bar to recovery is apparent from the face of the complaint, then a motion to dismiss for failure to state a claim is mandated." *AMCAL Multi-Hous., Inc. v. Pac. Clay Prod.*, 457 F. Supp. 2d 1016, 1021 (C.D. Cal. 2006).  Finally, dismissal should be granted without leave to amend where it is clear that the acts complained of cannot constitute a claim for relief and further amendments would serve no purpose. *See e.g., Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir. 1979).

## III.  ARGUMENT

### A.  The First Claim for Relief Under Section 549

The First Claim for Relief seeks to avoid Coastal Cypress' payments of their attorney fees from the Coastal Funds from its 2015 sale of real property called (the "Wine Estate Property") in the Complaint. (Complaint ¶2, ll. 21-25). The First Claim for Relief fails to state a claim for

---

[4] Portions of the brief are abbreviated version of the Memorandum of Points and Authorities filed by Aurora Capital Advisors, et al. in this action. (Doc. 11)

Case: 21-05029   Doc# 21   Filed: 09/29/21   Entered: 09/29/21 17:43:45   Page 10 of 23

unauthorized post-petition transfer for two reasons.

    1.  <u>The Coastal Funds were Never Property of the Estate</u>

Without establishing that the Coastal Funds were property of the estate at the time of transfer, the Complaint cannot state a claim to avoid their payment under Section 549. That section provides: "except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate – (1) that occurs after the commencement of the case; and (2)(A) that is authorized only under sections 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court." 11 U.S.C. §549(a). By virtue of admissions throughout the Complaint, it is impossible to establish that the Coastal Funds were property of the estate.

The Complaint alleges that:

> At all relevant times, Debtor's bankruptcy estate owned 100% of Coastal Cypress Corporation ("Coastal"), and Debtor controlled all of Coastal's operations. Coastal was formed by Debtor in the early 1980's and owned real property located at 8890 and 8940 Carmel Valley Road in Carmel, California (the "Wine Estate Property").

> In Spring of 2015 and after the Petition Date, Debtor caused Coastal to sell the Wine Estate Property for $12,035,707.24. Net proceeds from the sale were over $7,000,000.

Complaint, ¶¶2-3. The Complaint then asserts that at "<u>all relevant times these net proceeds were assets of Debtor's bankruptcy estate</u>", yet nowhere does the Complaint allege that the Coastal Funds were ever distributed to its shareholders or that the company was dissolved or otherwise lost its corporate existence. Rather, the Complaint bases the claim of ownership on the ownership of the <u>shares</u> in the corporation, claiming that: "pursuant to 11 U.S.C. § 541(a)(6), the proceeds, product, offspring, rents, or profits of or from the estate's interest in Coastal Cypress, *i.e.*, the Proceeds, have been at all relevant times assets of Debtor's bankruptcy estate."

The Complaint confuses the proceeds of the estate's shares in Coastal Cypress with the proceeds from Coastal Cypress' own property.

"It is well established that 'state law…determines the nature and extent of a debtor's interest in property." *Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen)*, 300 F.3d 1097, 1104 (9th Cir. 2002). In California, "shareholders own neither the property nor the earnings of the corporation. Shareholders own only stock, from which their income is derived upon the liquidation of

assets or the declaration of dividends by the directors." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (Cal. Ct. App. 2d Dist. 1999) *internal citations omitted*. As stated by the California Supreme Court in *Miller v. McColgan*:

> In our approach to the problem presented here let us first consider the nature of this property – corporate stock – and the status of corporations and shareholders. It is fundamental, of course, that the corporation has a personality distinct from that of its shareholders, and that the latter neither own the corporate property nor the corporate earnings. The shareholder simply has an expectancy in each, and he becomes the owner of a portion of each only when the corporation is liquidated by action of the directors or when a portion of the corporation's earnings is segregated and set aside for dividend payments on action of the directors in declaring a dividend.

*Miller v. McColgan*, 17 Cal. 2d 432, 436 (1941), (questioned on other grounds).

As clearly stated in the Complaint, Coastal Cypress owned the Wine Estate Property, the Coastal Funds were the result of the Wine Estate Property's sale, and Coastal Cypress paid JRG Attorneys legal fees. (Complaint ¶¶ 2-4, 27, 35, 65 and 116-118.) The Complaint does not allege that Coastal Cypress issued a dividend or that the company dissolves - two events that could result in payment to shareholders. The Coastal Funds allegedly used to pay JRG Attorneys cannot be classified as property of the Bankruptcy Estate because they were not proceeds, product, offspring, rents or profits" due to the Bankruptcy Estate as a shareholder. As noted in the introduction, at all times all parties in the case as well as the Court have recognized Coastal Cypress' separate corporate identity, as well as the fact that its assets could not be transferred to the estate without tax consequences to the estate and the company. (Request for Judicial Notice, Exhibit B, p. 12). Even the Complaint recognized that Coastal Cypress had to use the Coastal Funds to pay corporate taxes and, presumably, its other corporate creditors before paying shareholders (Complaint, p. 15, ¶70). To the extent Brower Sr. misused corporate assets for his own benefit, it created a claim by *Coastal Cypress* against Brower Sr. (or now his trust). It did not transform all of the Coastal Funds into property of the Bankruptcy Estate and make all transfers subject to avoidable claims.

Because the Coastal Funds were not property of the Bankruptcy Estate and cannot be avoided pursuant to Section 549, the claim must be dismissed with prejudice.

2.  The First Claim for Relief is Time Barred

Even if a claim could be stated under Section 549, the claim against JRG Attorneys is

largely time barred. Section 549(d) provides: "An action or proceeding under this section may not be commenced after the earlier of – (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed. This adversary action was not filed until July 22, 2021 limiting any recovery to transfer after July 22, 2019. But the complaint seeks to recover Coastal Cypress' payments to JRG Attorneys from 2016. As the action seek to recover payments that are time barred, it must be dismissed.

**B. The Second and Third Claims for Relief Fail to State a Claim for Avoidance of a Fraudulent Transfer Pursuant to California Civil Code § 3439.01 *et seq*.**

Plaintiff's Second and Third Claims for Relief seek to avoid Coastal Cypress' post-petition payment for legal fees to JRG Attorneys pursuant to Cal. Civ. Code §§3439.04, 3439.07. The claims for relief fail because: 1) The Coastal Funds were not property of the estate; 2) Section 549 is the sole remedy to recover post-petition transfers; 3) Even if a claim could be brought, it is largely time barred; and 4) fails to state the basic factual elements of the claims.

1. The Proceeds Are Not Property of the Estate

As detailed above, the Coastal Funds used to pay its legal fees to the JRG Attorneys were not property of the estate. Section 544 provides, in relevant part: "[T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." The Bankruptcy Estate only owned shares in Coastal Cypress corporation, not an interest in Coastal Cypress's assets directly until the company set aside funds as a shareholder distribution to be made to shareholders or to dissolve. Thus, since the Coastal Funds were not property of the Bankruptcy Estate. Coastal Cypress's payment of the funds cannot be avoided as if they were transfers of the estate's assets. Thus, the Second and Third Claims for Relief must be dismissed without leave to amend.

2. Section 549 is the Exclusive Remedy to Avoid Post-Petition Transfers

Even if there had been a transfer of Bankruptcy Estate assets post-petition, the Liquidating Trust could not use Section 544 to implement the California Fraudulent Transfer Statute. The

California District Court in *Casey v. Rotenberg* provided a detailed analysis of the limits of Section 544 and held that Section 549 is the Trustee's exclusive remedy to recover post-petition transfers. In support of its ruling, the *Casey v. Rotenberg* court stated:

> These "strong-arm powers" allow a trustee to assert avoidance claims held by hypothetical creditors or bona fide purchasers. See *In re Weisman*, 5 F.3d 417, 420 (9th Cir. 1993). Congress's inclusion of the phrase "as of the commencement of the case" strongly suggests that it only meant § 544 to apply to prepetition transfers. Since the trustee has these powers at petition filing, the transfer must necessarily have already occurred.
>
> Moreover, since the strong-arm powers exist at the commencement of the case, and since § 544(a) is limited to "any transfer of property of the debtor," these powers could only ever apply to prepetition transfers. Therefore, by referring to transfers of "property of the debtor," Congress necessarily understood the transfer to be the *debtor's own property*, *i.e.*, not property of the estate. For the transfer to relate to the debtor's own property, and for the statutory lien created by § 544(a) to exist as of the commencement of the case, the only possible way for that to occur is via a prepetition transfer.

*Casey v. Rotenberg (In re Kenny G. Enters., LLC), supra.* 512 B.R. at pp. 636-637

The court in *Casey v. Rotenberg* concluded by stating: "As the Court has interpreted, §544 is an inch too short for the Trustee to reach the Hillsborough Property transfer…For the reasons discussed above, the Court finds that § 544(b) only applies to prepetition transfers and accordingly that a trustee may not invoke § 544(b) to reach post-confirmation transfers. *Id*. at 639.

Just as in *Casey v. Rotenberg*, The Liquidating Trust seeks to use Section 544(b) to avoid Coastal Cypress' payments to the JRG Attorneys. However, Section 549 is the sole remedy to avoid a post-petition transfer. Thus, even if the Coastal Funds had been property of the estate, the Second and Third Claims for Relief must be dismissed without leave to amend because the transfers were post-petition making, avoidance pursuant to Section 544 unavailable.

      3.   <u>The Complaint does not state facts needed to state actions under the California Fraudulent Transfer Act and claims are largely time barred.</u>

Even if the Coastal Funds had been property of the estate and Section 544 was available to the Liquidating Trust, the Complaint's claims still fail. First, the allegations in the claims themselves are simply summary recitation of the legal elements without supporting facts. The

Case: 21-05029   Doc# 21   Filed: 09/29/21   Entered: 09/29/21 17:43:45   Page 14 of 23

complete seeks to avoid over 40 separate payments made during 4 years. To state a claim, the Complaint would need to allege the elements as to each transfer, which is not done. Furthermore, as with the other claims, there is no effort to limit the claim to transfers made within 4 years of the Complaint, as is required by California Civil Code 3439.09.

For each of these reasons, the Second and Third Claims for Relief should be dismissed without leave to amend.

### C. The Fourth Claim for Relief Fails to State a Claim for Recovery and Preservation of Transfers for the Benefit of the Estate Pursuant to Bankruptcy Code §§550 and 551

Plaintiff's Fourth Claim for Relief seeks to recover and preserve the Coastal Cypress Payments to JRG Attorneys pursuant to Sections 550 and 551. Bankruptcy Code §550(a) provides in relevant part: "except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]" Plaintiff's ability to recover and preserve the Coastal Cypress's payments pursuant to Section 549 (the first claim for relief) or Section 544 (the second and third claims for relief) fail by virtue of the fatal infirmities mandating dismissal of Complaint's First, Second and Third Claims for Relief. The conditions precedent to Sections 550 and 551 cannot be met and the Fourth Claim for Relief must be dismissed without leave to amend.

### D. The Fifth Claim for Relief Fails to State a Claim for Turnover of Estate Property Pursuant to Bankruptcy Code §542

A plaintiff's ability to demand turnover pursuant to Section 542 presupposes the subject property is property of the estate. As was the case with the First, Second and Third claims for relief, the Coastal Funds were not property of the estate. For this reason alone, the Complaint's Fifth Claim for Relief necessarily fails. Furthermore, to the extent property might be recoverable through use of avoidance powers, which is not the case here, it is not property of the estate until it is actually recovered – after which it becomes property of the estate pursuant to Section 541(a)(3). *Rajala v. Gardner*, 709 F.3d 1031 (10th Cir. 2013). Due to the inability of the Liquidating Trust to state a viable avoidance claim against JRG Attorneys, the Fifth Claim for Relief must also be

Case: 21-05029   Doc# 21   Filed: 09/29/21   Entered: 09/29/21 17:43:45   Page 15 of 23

dismissed without leave to amend.4

**E.  The Sixth Claim for Relief Fails to State a Claim for Accounting of Property of the Estate Pursuant to Bankruptcy Code §542**

As with the other claims, the claim for an "accounting" does not exist because the Coastal Funds was not property of the estate.  Furthermore: "[a] suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain." *St. James Church of Christ Holiness v. Superior Court of Los Angeles County* 135 Cal.App.2d 352, 359 (1955).  The Complaint seeks an accounting of the Coastal Funds that were paid to JRG Attorneys but then describes what it is seeking in Exhibit 19 to the Complaint.  Thus, there is no claim for an accounting stated, and the Sixth Claim for Relief must be dismissed.

**F.  The Eighth Claim for Relief fails to state a claim for "aiding and abetting breach of fiduciary duties' as it is barred by the Litigation Privilege, fails to stat a basis for standing to bring the claim, and fails to state facts necessary for the claim.**

The Eighth Claim for Relief attempts to assert a claim against JRG Attorneys for "aiding and abetting breach of fiduciary duty."  The claim is asserted against JRG Attorneys in its role representing its clients and is barred.5  Even if it were not, the action fails to state a claim for relief for aiding and in abetting the commission of a tort in any case. No amendment can be made to cure these flaws, and the claim must be dismissed without leave to amend.

1. The Eighth Claim for Relief is barred by California Civil Code §1714.10 which prohibits bringing action against an attorney arising from the attorney's representation without prior leave from the Court.

California Code §1714.10 prohibits "the unauthorized filing of an action for non-exempt civil conspiracy against an attorney based on conduct arising from the representation of a client that is in connection with any attempt to contest or compromise a claim or dispute".  *Klotz v. Milbank,*

---

5 The allegation that JRG Attorneys represented Brown, Sr. in not admitted.

*Tweed, Hadley & McCloy*, 238 Cal.App.4th 1339, 1350 (2015).  The statute requires a plaintiff to establish a reasonable probability of prevailing before he or she may pursue a cause of action against an attorney for civil conspiracy with his or her client.  California courts have established that the prohibition applies "without regard to the labels attached to the causes of action or whether the word "conspiracy" - having no talismanic significance - appears in them."  *Id.*  The focus of the inquiry is whether the allegations of the complaint include claims of the union of conduct between attorney and client arising out of the legal representation" and do not assert independent acts of the attorney unrelated to the representation.  *Id.* citing *Stueve v. Berger Kahn*, 232 Cal.App.4th 327, 329 (2013).

Here, the Eighth Claim for Relief for "aiding and abetting" an alleged breach of fiduciary duty, states that it is based on JRG Attorneys' "capacity as debtor's legal counsel."  (Complaint, ¶177).  It admits that JRG Attorneys "did not owe direct duties of care and loyalty to the estate." (Complaint, ¶178).  In fact, there is no allegation anywhere in the Complaint that JRG Attorneys ever represented the bankruptcy estate in any capacity.

The claim lists five purported actions by JRG Attorneys.  The only one that allegedly aided Brower Sr. in his breach of fiduciary duties to the estate was JRG Attorneys' receipt of legal fees from Coastal Cypress for representing Coastal Cypress and other defendants including Brower Sr. (Complaint, ¶128.)[6]  There is no allegation that JRG Attorneys ever acted in a role or for a purpose other than providing legal services for its clients. Nor does the Eighth Claim assert any action by JRG Attorneys other than in connection with the representation of a client "in connection with an attempt to contest or compromise a claim or dispute".  (Civil Code §1714.10)  Thus, the action clearly falls within the prohibition of Civil Code §1714.10 and required the Liquidating Trust to obtain permission from the Court before filing the claim.  Because it did not, the claim must be dismissed.

---

[6] The first four allegedly relate to JRG Attorneys' failure to obtain permission from the Court to be special counsel for Bower Sr. and to make appropriate disclosures.  These are not fiduciary duties of Brower Sr. to the estate but, assuming they applied at all, would have been obligations of JRG Attorneys to the Court under the Bankruptcy Code.   The distinction is critical as the Eighth Claim for Relief asserts damages to the Liquidating Trust of in excess of $7 million.

2. <u>The Eighth Claim for Relief is barred by the California litigation privilege.</u>

The California litigation privilege is broad and absolute. It was explained by the 9th Circuit in *Hagendorf v. Brown,* 699 F.2d 478, 480 (9th Cir. 1983):

> California Civil Code section 47(a) makes privileged those publications made in a judicial proceeding. The privilege is absolute and unaffected by the presence of malice. The legislative purpose was to afford litigants access to the courts to preserve and defend their rights and to protect attorneys during the course of their legal representation. The absolute immunity attaches if the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law. *Bradley v. Hartford Accident & Indemnity Co.*, 30 Cal. App. 3d 818, 825, 106 Cal. Rptr. 718 (1973).

*Id.* (Internal citations omitted). The privilege also applies "to conduct or publications occurring outside the courtroom, [and] to conduct or publications which are legally deficient for one reason or another…" *O'Keefe v. Kompa* 84 Cal.App.4th 130, 134 (2000) (internal citations omitted.)

Although the provision is part of the chapter on defamation in the California Civil Code, "it applies to virtually all other causes of action, with an exception for malicious prosecution." *Carden K. Getzoff*, 190 Cal.App.3d 907, 913 (1987). The court there explained that it is "clear that the privilege has been applied to defeat tort actions based on publications in protected proceedings but grounded on different theories of liability…including abuse of process, infliction of mental distress, inducing breach of contract, invasion of privacy, fraud, interference with prospective economic advantage, negligent misrepresentation and negligence." *Id.* (Internal citations omitted.)

Here, the Eighth Claim for Relief relates *only* to JRG Attorneys' actions in connection with its representation of its clients in litigation, which actions are clearly covered by the litigation privilege. The Liquidating Trust may attempt to avoid the litigation privilege by asserting that JRG Attorneys' alleged "aiding and abetting" was not by representing its clients in litigation, but by being paid for it by Coastal Cypress. But such a distinction would eviscerate the rule, allowing any party to sue an attorney for otherwise-protected actions in the context of litigation by alleging the wrongdoing was in being paid not the litigation itself. *Id.*

As the claim is based entirely on JRG Attorneys' actions in representing its clients, it is

Case: 21-05029    Doc# 21    Filed: 09/29/21    Entered: 09/29/21 17:43:45    Page 18 of 23

barred by the litigation privilege and must be dismissed with prejudice.

  3. <u>The Liquidating Trust does not have standing to bring the claim for "aiding and abetting a breach of fiduciary duty"</u>

  The Complaint does not state why the Liquidating Trust has standing to the underlying claim for breach of fiduciary duty against Brower Sr. (through his trust) at all. A debtor-in-possession's duty to the bankruptcy estate is a creature of statute and is set forth in the Bankruptcy Code as Section 1107. The remedy for a debtor-in-possession for failing to meet those duties is for the court to appoint a trustee, dismiss the case, or convert it to one under Chapter 7. 11 U.S.C. §§1104, 1112. Should a debtor-in-possession transfer estate assets without authority, a trustee can recover them through Section 549 or Section 542 for turnover. And, in most egregious situations, the U.S. Trustee can refer the case for prosecution for bankruptcy crimes. 18 U.S.C. §§ 151-158. Nowhere, however, is there stated an independent right for a trustee to recover tort damages from a debtor-in-possession for mismanagement of assets allegedly owned by a bankruptcy estate. If such right existed, then every Chapter 11 debtor-in-possession would face liability for general damages on the conversion of the case or appointment of a trustee. There is no law giving the Liquidating Trust standing to sue the removed debtor-in-possession for breach of his duty for the bankruptcy estate.

  Without the underlying claim for breach of fiduciary duty against Brower Sr., there can be no claim for "aiding and abetting" such tort against JRG Attorneys.

  4. <u>The Eighth Claim for Relief fails to state a cause of action for "aiding and abetting" an intentional tort as it fails to allege the required elements of such a claim.</u>

  In order to state a claim for breach of fiduciary duty, the plaintiff must allege either a) that the defendant knew that the other's conduct constituted a breach of fiduciary duty and "gave substantial assistance or encouragement" to such breach, or b) that the breach is such that the defendants' action is when separately considered, is a breach of the defendant's independent duty to the plaintiff. *Casey v. U.S. Bank*, 127 Cal.App.4th 1138, 1145. If there is no independent duty to the plaintiff that is breached by the defendant's actions, the plaintiff must establish that the defendant had actual knowledge of the specific primary wrong and acted with the intent to facilitate

it. *Id.* An allegation that a defendant had "vague suspicion of wrongdoing" or knew of "wrongful or illegal conduct" does not constitute sufficient pleading that the defendant had "actual knowledge" necessary to state a claim. *Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mtg Co.)* 471 F.3d 977, 922, F.N. 4 (9th Cir. 2006).

Here, the Complaint does not allege that JRG Attorneys knew that that Brower Sr. was breaching his fiduciary duty to the Bankruptcy Estate by having JRG Attorneys represent Coastal Cypress, the other defendants, as well as Brower Sr. At best, the Complaint alleges that plaintiff is "informed and believes" that "in connection with receiving payment for its services in the Coastal Action, Johnson Rovella, did not have a good faith belief that it was actually serving Coastal Cypress's interest…" (Complaint, ¶131). This does not meet the requirement of pleading that the defendant actually knew of the specific breach of fiduciary being claimed and provided a substantial assistance or encouragement for such breach.

As the Eighth Claim for Relief is barred, it must be dismissed without leave to amend.

## G. The Ninth Claim for Relief for "disgorgement" under Bankruptcy Code §330 fails state a claim against JRG Attorneys

Section 330 on which this claim is based provides no remedy for a trustee or any other party for recovering fees paid to any attorney. Nor does the Complaint identify any legal authority allowing a bankruptcy trustee to recover fees paid to an attorney by a third-party by claiming there was a conflict of interest. Finally, while the pleadings acknowledge that Brower Sr. was only one of several parties that were represented by JRG Attorneys, the Complaint seeks to recover *all* money that Coastal Cypress paid to JRG Attorneys over four years, whether it was for services to Coastal Cypress, Mr. Brower or any other client.

As the Complaint states no authority for its claim of "disgorgement" it must be dismissed with prejudice.

## H. The Tenth Claim for Relief Fails to State a Claim for Conversion

In California, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property

rights; and (3) damages." *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015). Consistent with the other claims, the Tenth Claim for Relief necessarily fails because the Coastal Funds were never the estate's property and the estate had no right to possess them. Furthermore, CCP §338(c)(1) provides that an action for conversion must be brought within three years – yet the Complaint seeks to recover payments as far back as 2016. Therefore, the Complaint's Tenth Claim for Relief must be dismissed without leave to amend.

## I. All Claims for Relief Fail to Satisfy Federal Rule of Civil Procedure 8

Having lumped together ten claims for relief against fifteen separate defendants and indiscriminately repeated and realleged each prior allegation, the Complaint has failed to meet the Fed. R. Civ. Proc. Rule 8 requirement to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. Rule 8. Historically, the U.S. Supreme Court set a low threshold for satisfying Rule 8, and consequently, for surviving a motion to dismiss under Rule 12(b)(6). *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, two Supreme Court decisions have affected the pleading of all manner of claims in Federal Court, requiring plaintiffs to include more detail to show their entitlement to relief, while at the same time offering defendants an enhanced opportunity to obtain dismissal of facially deficient claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

The *Twombly/Iqbal* standard requires a complaint to contain sufficient factual allegations to show a "plausible" claim for relief. Both *Twombly* and *Iqbal* establish that "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail…to indicate that the plaintiff has a substantial case." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). Notwithstanding the clear-pleading requirements detailed in *Twombly* and *Iqbal*, the Complaint incorporates all 141 paragraphs of facts into each of the claims for relief, forcing defendants to guess which allegations apply to which claims and to which defendants.

This practice has been harshly criticized as a form of 'shotgun leading' that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to

administer justice. *Destfino v. Kennedy*, 2009 U.S. Dist. LEXIS 18138, *13-14, 2009 WL 63566 (E.D. Cal. Jan. 7, 2009) referencing *Byrne v. Nezhat*, 261 F.3d 1075, 1129-1130 (11th Cir. 2001). As further explained in *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006): "[S]hotgun pleadings wreak havoc on the judicial system, divert[ing] already stretched judicial resources into disputes that are not structurally prepared to efficiently use those resources." *Id.* (internal citations omitted).

The Complaint here is the worst type of "shotgun pleading" and fails to comport with the Rule 8 requirement that Plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8. For this additional reason, the Motion should be granted and the Complaint dismissed.

## IV. CONCLUSION

The Complaint in this action turns almost entirely on the flawed assertion that the Coastal Funds belonged to the Bankruptcy Estate, and thus were subject to the various claims for avoidance. Yet neither the facts pled in the Complaint nor the history of the case show anything other than that the funds belonged to Coastal Cypress. This alone defeats all of the various "avoidance" claims (numbers 1, 2, 3, 4, 5, 6, 8, 9, and 10). There is no way for the Liquidating Trust to cure the flaw by further pleading. The remainder of the objections stated here regarding time bars and pleading inadequacies for those claims simply multiply the reasons why they must be dismissed with prejudice.

Claims Eight and Nine asserted specifically against the JRG Attorneys, are particularly offensive and must also be dismissed. The Eighth Claim for "aiding and abetting" is brought in clear violation of Civil Code §1714.10 and the absolute litigation privilege, as well as not stating a basis for the Liquidating Trust to bring the claim or alleging its basic elements. The Ninth Claim for "disgorgement" is brought with no legal authority at all.

///

///

///

///

1        JRG Attorneys respectfully requests that the Motion be granted in its entirety and the

2   Complaint's First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth and Tenth Claims for Relief

3   against it be dismissed without leave to amend.

4   Dated: September 29, 2021               BINDER & MALTER, LLP

5

6                             By: /s/ *Wendy Watrous Smith*

7                              Wendy Watrous Smith
                                 Attorneys for JRG Attorneys at Law

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28