Heinz Binder, (SBN 87908)
Wendy Watrous Smith, (SBN 133887)
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA  95050
Phone:   408-295-1700
Fax:     408-295-1531
Email:   Heinz@bindermalter.com
         Wendy@bindermalter.com

Attorneys for Defendant JRG Attorneys at Law, LLP
(named in Complaint as Johnson, Rovella, Retterer,
Rosenthal & Gilles, LLP)

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>                     Debtor.<br><br>MICHAEL G. KASOLAS,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICIA BROWER,<br><br>    Defendants. | Bk. Case No. 15-50801 MEH<br><br>Chapter 11<br><br>Adv. Pro. No. 21-ap-05029-MEH<br><br>Date:   November 15, 2021<br>Time:   11:00 a.m.<br>Judge:  M. Elaine Hammond<br><br>*The hearing will be held with video or audio appearances only. Please review the notice and the Court's website for details* |

**REPLY TO PLAINTIFF'S OMNIBUS OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)**

**TABLE OF CONTENTS**             **PAGE**

1. The Liquidation Trust cannot avoid JRG Attorneys' absolute defenses to the Eighth Claim for Relief for "Aiding and Abetting" created by California Civil Code § 1714.10 and the California Litigation Privilege ..................... 1

2. The Opposition cannot support the Complaint's claim that the Coastal Funds were property of the estate without asking the Court to ignore the history of the case ..................................................................................................... 5

3. The Opposition cannot repair the Complaint's Second and Third claims for Fraudulent Transfer ................................................................................. 8

4. The Opposition also cannot repair the Fifth Claim for "Turn over" and the Sixth Claim for "Accounting" ..................................................................... 9

5. The Liquidating Trust cannot rely on the Plan or any claim of equity to toll the various statutes of limitations barring the claims for relief ..................... 9

6. The Opposition cannot identify authority for its claim for "disgorgement" in the Ninth Claim for relief ............................................................................ 11

7. Conclusion .................................................................................................. 11

| | **TABLE OF AUTHORITIES** | **PAGE** |
|---|---|---|

Cases

*Apodaca v. JP Morgan Chase Bank, N.A (In re Apdaca)* 2011 Bankr. Lexis 5663,
    p.24 (Bankr. E.D. Cal. 2011) ............................................................................................. 3

*Barclays/Am. Bus. Credit v. Adams (In re Adams)*, 31 F.3d 389 (6th Cir. 1994) ............................ 7

*Bennett v. Hollingsworth (In re Hollingsworth)*, 224 B.R. 822 (Bankr. M.D. Fla. 1998) ................. 6

*Calvert v. Zions Bancorporation (In re Consol. Meridian Funds)* 485 B.R. 604, 610-11
    (Bankr. W.D. Wash. 2013 ............................................................................................. 4, 8

*Casey v. Rotenberg (In re Kenny G. Enters, LLC)* 512 B.R. 628, 636 (C.D. Cal. 2014) .................... 8

*Credit Suisse Sec (USA) v. Simmonds,* 566 U.S. 221, 227; 132 S.Ct.1414, 1419-20 (2021) ........... 10

*Ehrenberg v. Roussos (In re Roussos)*, 2016 Bankr. LEXIS 3454 at *15 (Bankr. C.D. Cal. 2016) .. 4

*Falcon v. Long Beach Genetics, Inc.*, 224 Cal.App.4th 1263, 1272-73,
    169 Cal. Rptr.3d 497, 505-06 (2014) ................................................................................ 4

*Favila v. Katten Muchin Rosenman LLP,* 188 Cal.App.4th 189, 209, fn. 16 (2010) ......................... 2

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.* 63 F.Supp.2d 1127 (N.D. Cal. 1999)..... 3

*In re Baker*, 68 B.R. 360 (Bankr. D. Or. 1986) ................................................................................ 7

*In re Pisculli* 2009 WL 700059 (Bankr. E.D.N.Y. Mar.4, 2009) ....................................................... 7

*In re Walhof Props., LLC*, 613 B.R. 479 (Bankr. M.D. Fla 2020) .................................................... 5

*Klotz v. Milbank, Tweed, Hadley & McCloy*, 238 Cal. App. 4th 1339, 1350-51, (2015) ................. 2

*MTLC Inv., Ltd. v. Jones (In re Hill)* 2004 US DIST. Lexus 31985 (M.D. Fl 2004) ........................ 6

*MTLC Inv., Ltd. v. Jones (In re Hill)* 265 B.R. 296, 300 (Bankr. M.D. Fla 2001) ............................. 6

*O'Keefe v. Kompa* 84 Cal.App.4th 130, 133 (2000) ........................................................................ 3

*Rajala v. Gardner*, 709 F.3d 1031, 1039 (10th Cir. 2013) ............................................................... 9

*Ramalingam v. Thompson*, 151 Cal.App.4th 491, 504-05, (2007) ................................................... 3

*Schieffler v. Coleman (In re Beshears)*, 196 B.R. 464 (Bankr. E.D. Ark. 1996) ............................. 6

*Sheih v. Ebershoff* 1993 U.S. App. LEXIS 34766 (9th Cir. 1993) .................................................. 3

*Smith v. Friskney (In re Friskney)*, 282 B.R. 250, 253 (Bankr. M.D. Fla. 2002) ............................. 6

*Uecker v. Wells Fargo Capital Fin. LLC*, 527 B.R. 351, 368 (N.D. Cal 2015) ............................ 2, 4

*Wang v. Heck,* 203 Cal.App.4th 677, 684 (2012) ........................................................................... 3

## Statutes

Cal. Civ. Code §47 ................................................................................................................. 3, 4

Cal. Civ. Code §105 ..................................................................................................................... 8

Cal. Civ. Code §330 ............................................................................................................... 7, 11

Cal. Civ. Code §542 ............................................................................................................... 9, 11

Cal. Civ. Code §544 ................................................................................................................. 8, 9

Cal. Civ. Code §549 ............................................................................................................. 8, 9,.11

Cal. Civ. Code §550 .................................................................................................................... 11

Cal. Civ. Code §1714.10 ................................................................................................ 1, 2, 3, 4, 11

Civ. Code §3439.04 ....................................................................................................................... 8

Civ. Code §3439.07 .......................................................................................................................8

## Rules

Bankruptcy Rule 2016 ................................................................................................................. 11

Fed. R. Civ. P. 9011 ....................................................................................................................... 5

Defendant JRG Attorneys replies to the Plaintiff's Omnibus Opposition to Defendants Motion to Dismiss Complaint Pursuant to Rule 12(b) (the "Opposition") filed by the Liquidating Trust.[1] The Opposition cannot save the fatal flaws in the Complaint, nor does it propose what additional facts might be pled in an amended Complaint that could state any of the claims.

1. <u>The Liquidation Trust cannot avoid JRG Attorneys' absolute defenses to the Eighth Claim for Relief for "Aiding and Abetting" created by California Civil Code §1714.10 and the California Litigation Privilege</u>

The only claim asserted against just JRG Attorneys is the Eighth Claim for Relief for "aiding and abetting" Brower Sr.'s breach of his alleged fiduciary duty to the Bankruptcy Estate—for which the Litigation Trust seeks damages "no less than $7 million." (Complaint, p. 30.) The Opposition does not dispute that the claim is based solely on JRG Attorney's role as legal counsel for Brower Sr. and the other defendants in the Enhancement Action. Nor does it dispute that JRG Attorneys "did not owe direct duties of care and loyalty to the estate" and that JRG never represented the estate in any matter. (JRG Attorneys at Law's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b) ("MPA") (p. 12, ll. 10-14.)

As explained in the MPA, California Civil Code §1714.10 prohibits a plaintiff from suing an attorney for civil conspiracy with a client arising out of the attorney's legal representation, without first obtaining permission from the Court. (MPA, p. 12, ll. 1–9.) The Opposition does not dispute that the basis for its claim for "aiding in abetting" against JRG Attorneys is, in fact, a claim for such civil conspiracy. The Liquidation Trust did not obtain permission to file the claim, thus, on its face, the Opposition does not effectively dispute that the claim must be dismissed.

The Opposition instead attempts to avoid the result by claiming that this statute only applies where the plaintiff in the pending action was a party to the original litigation or dispute in which the alleged conspiracy occurred, and then asserts that the Liquidation Trust was not a party.

---

[1] All capitalized terms not otherwise defined here have the meaning set forth in the Memorandum of Points and Authorities filed in support of the Motion.

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT          Page 1

(Opposition, p. 23.) But the Bankruptcy Estate – from which the Liquidation Trust got the claim – was a party to the prior proceeding, and Liquidation Trust is subject to any defense that could be made had it been brought by the Bankruptcy Estate including Civil Code §1714.10. *Uecker v. Wells Fargo Capital Fin. LLC* 527 B.R. 351, 368 (N.D. Cal. 2015) [holding liquidating trustee subject to defense of *in pare delicto* arising from original debtor's action]. Thus, the "identity of parties" argument fails.

Furthermore, the Opposition states only that the phrase in the statute "arising from any attempt to contest or compromise or claim" "suggests" that the plaintiff has to be the same as a party in the prior proceeding. (Opposition p. 23, ll. 22- 24)[2] But nothing in the text of the statute suggests such limitation. Rather, it prohibits actions arising from legal representation in "*any* attempt to contest or compromise a claim or dispute." Cal. Civ. Code §1714.10(a) (emphasis added). The text of the statute is not limited to prior conflicts between the same parties. The Opposition's only authority for limiting the scope of the statute is a passing reference in a footnote in *Favila v. Katten Muchin Rosenman LLP,* 188 Cal.App.4th 189, 209, fn. 16 (2010)—a case that did not involve the identity of the parties at all. Rather, cases applying Section 1714.10 regularly involve plaintiffs that were not parties to the prior conflict. *See e.g. Klotz v. Milbank, Tweed, Hadley & McCloy*, 238 Cal. App. 4th 1339, 1350-51, (2015) [Plaintiffs were prior business partners of the represented clients whose attorney was being sued for conspiracy. The current plaintiffs were not a party to the prior conflict but §1714.1 applied.]

The Opposition also argues that because the statute is "procedural" it does not apply to a Federal proceeding. While it is correct that procedural challenges to pleadings such as Cal. Civ.

---

[2] The relevant portion of Cal. Civ. Code §1714.10(a) reads: "No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action." The only exceptions are where the attorney has an independent duty to the plaintiff—which is not alleged here—or that that the acts go beyond the attorney's professional duties and are taken in furtherance of the attorney's financial gain. Cal. Civ. Code §1714.10(c)

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT  Page 2
Case: 21-05029   Doc# 40   Filed: 11/08/21   Entered: 11/08/21 18:03:02   Page 6 of 16

Code §1714.10 do not apply to Federal questions, they do apply to state actions brought in Federal Court. *See, Globetrotter Software, Inc. v. Elan Computer Group, Inc.* 63 F.Supp.2d 1127 (N.D. Cal. 1999) [applying C.C.P. §425.16 special motion to strike a pleading]; *Sheih v. Ebershoff* 1993 U.S. App. LEXIS 34766 (9th Cir. 1993) [upholding lower court's dismissal of an attorney/conspiracy complaint as violating Cal.Civ.Code. §1714.10]; *See also, Apodaca v. JP Morgan Chase Bank, N.A (In re Apdaca)* 2011 Bankr. Lexis 5663, p.24 (Bankr. E.D. Cal. 2011) [instructing plaintiff to comply with §1714.10 in amending complaint.]

Even if the Liquidation Trust were to seek permission to bring the action, however, it would be barred by the absolution Litigation Privilege in Cal. Civ. Code §47, which generally prohibits actions against attorneys for representing their clients. The Opposition's argument in response to the litigation privilege is that the claim is not based on a communication made in litigation, but on JRG Attorneys' failure to act by not applying to be approved as Brower Sr.'s counsel, failing to make certain disclosures, and receiving fees from Coastal Cypress. (Opposition, p. 24, ll. 20-24.) The argument fails.

The litigation privilege has developed to apply to substantially more than just writing and speaking, and the Liquidation Trust cannot evade the privilege by casting its allegations in a passive voice. In *O'Keefe v. Kompa* 84 Cal.App.4th 130, 133 (2000), the court noted that "communication" that is covered by the litigation privilege "also applies to *conduct* or publications occurring outside the courtroom…and even to malicious or fraudulent conduct or publications." *Id. (internal citations and quotations omitted, emphasis added.* "The litigation privilege is broadly applied and doubts are resolved in favor of the privilege" *Wang v. Heck,* 203 Cal.App.4th 677, 684 (2012) *(internal citation omitted.* It applies to non-communicative actions when "the gravamen of a complaint is communicative conduct," and applies inaction as well actions. *Ramalingam v. Thompson*, 151 Cal.App.4th 491, 504-05, (2007) [applying litigation privilege to a claim of an accountant's failure to investigate issues for trial.]

Here, the Complaint's "aiding and abetting" claim is based on JRG's legal representation of Mr. Brower Sr. and the other defendants in the Enhancement Litigation. Such representation is clearly communicative in its nature. JRG Attorney's receipt of fees and failure to be appointed by,

and disclose to, the Bankruptcy Court—the specific actions complained of—are part and parcel of its role as legal counsel and thus, are also protected. (Opposition, p. 24, ll.20-24; *Falcon v. Long Beach Genetics, Inc.*, 224 Cal.App.4th 1263, 1272-73, 169 Cal. Rptr.3d 497, 505-06 (2014) [holding that the litigation privilege applies to noncommunicative actions that are "necessarily related" to the communicative conduct.] (Indeed, if claiming that an attorney's receipt of fees were enough to avoid Cal. Civ. Code §47(a), it would strip away all protection of the section except for attorneys working for free.)

As JRG Attorneys' actions (or inactions) that are complained of are necessarily related to the legal representation of defendants in the Enhancement Litigation they are protected by the litigation privilege. The Eighth Claim for relief must be dismissed without leave to amend on that basis alone.

Even without the litigation privilege, the action would fail. First, the Opposition cannot identify the basis of standing for the Liquidating Trust to bring an action for breach of fiduciary duty against the prior debtor-in-possession. It does not identify any case or statute that imposes a general "fiduciary duty" on an individual debtor-in-possession beyond the express duties set forth in the Bankruptcy Code. (*See* MPA, p. 14.) The one case the Opposition does cite stands for the simple position that a plan can transfer an estate's claims to the post-confirmation trustee. *Calvert v. Zions Bancorporation (In re Consol. Meridian Funds*), 485 B.R. 604, 610-11 (Bankr. W.D. Wash. 2013. It does not identify or recognize a separate right of action for breach of fiduciary duty of a "responsible individual" to the Bankruptcy Estate, either for the estate or its successor.

Second, an action for aiding and abetting a debtor's breach of fiduciary duty that was obtained from the bankruptcy estate, if one exists, is barred by the principal of *in pare delicto*, as Brower Sr.'s bad acts are imputed to the bankruptcy estate. The Northern District of California has expressly held that the principal of *in pare delicto* barred a post-confirmation liquidation trustee from suing a third party for aiding and abetting the breach of fiduciary duty by the debtor, even though the trustee herself was not a party to the fiduciary relationship. *Uecker v. Wells Fargo Capital Fin. LLC*, 527 B.R. 351, 368 (N.D. Cal 2015); *see also Ehrenberg v. Roussos (In re Roussos)*, 2016 Bankr. LEXIS 3454 at *15 (Bankr. C.D. Cal. 2016) [applying argument to claims

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT Page 4
Case: 21-05029    Doc# 40    Filed: 11/08/21    Entered: 11/08/21 18:03:02    Page 8 of 16

arising from debtor's post-petition actions.] The Eighth Claim for Relief must be dismissed without leave to amend.

> 2. The Opposition cannot support the Complaint's claim that the Coastal Funds were property of the estate without asking the Court to ignore the history of the case.

There is no dispute that all but the Seventh and Eighth Claims for relief depend on the Liquidation Trust's position that the funds used by Coastal Cypress to make the payments that the Complaint seeks to recover what was really property of the estate at the time that each payment was made. The Complaint simply asserts that the Coastal Funds were property of the Bankruptcy Estate without explanation. The Opposition concedes now that the Bankruptcy Estate was the owner of shares in Coastal Cypress, and that its right to the Coastal Funds was a contingent right for a distribution on the shares. It also tacitly concedes that Coastal Cypress, as a separate entity, had separate obligations, including tax obligations. While the Opposition states in various places that all of Coastal Cypress's creditors had been paid, the Complaint does not.[3] It is an open question whether such an allegation could be pled in compliance with Fed. R. Civ. P. 9011 considering lost evidence and lost witnesses.

Rather, the Opposition relies on a series of cases in which courts in various circumstances have found that assets of a debtor's owned company were assets of the debtor's estate. But in each case, either the court makes no finding at all regarding the separate identity of the corporation or finds that all of the debts of the corporation have been satisfied and only the debtor holds an interest in the surplus assets. The cases are:

In *In re Walhof Props., LLC*, 613 B.R. 479 (Bankr. M.D. Fla 2020) the debtor was the corporate entity, which sold its primary asset for an amount sufficient to "pay all creditors in full, leaving a surplus" *Id.* at p. 480. The question before the court was whether the surplus that was being distributed to the shareholders -- also in bankruptcy -- was "earnings" and thus exempted from their bankruptcy estate or was payment on an investment. The court did not consider whether

---
[3] The Opposition references ¶65 of the Complaint, but that only says that "various items" were paid from escrow on the sale of the real property. It does not say that all of Coastal Cypress's creditors were paid.

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT

Page 5

the corporate form of the corporate debtor should be ignored for the benefit of the shareholders estate.

In *Smith v. Friskney (In re Friskney)*, 282 B.R. 250, 253 (Bankr. M.D. Fla. 2002), the court considered whether funds that were payable to the non-filing spouse's company were in fact property of the filing spouse's estate, as the non-debtor company had no interest in the funds. The court stated: "the court agrees that ordinarily the stock of a debtors closely owned corporation (and consequentially its value) *after payment of the corporation's debts,* is property of the debtor's *bankruptcy estate." Id.* emphasis added.

*MTLC Inv., Ltd. v. Jones (In re Hill)* 265 B.R. 296, 300 (Bankr. M.D. Fla 2001), cited by the Opposition was partially reversed on appeal. In *MTLC Inv., Ltd. v. Jones (In re Hill)* 2004 US DIST. Lexus 31985 (M.D. Fl 2004). the appeal court upheld the trial court's findings that the transfers in question were transfers of property of the debtor specifically because the debtor testified at trial that he owned each of the properties at the time of the transfer. (pp. 23-24.) The court did not find the corporate assets to be property of the shareholder's bankruptcy simply as a result of the ownership in the shares.

The case if *Bennett v. Hollingsworth (In re Hollingsworth)*, 224 B.R. 822 (Bankr. M.D. Fla. 1998) involved a claim for the denial of the debtor's discharge under Section 727. Contrary to the suggestion of the Opposition, the court held that the failure of the debtor to list an airplane as an asset on his schedules was not a false oath because "the airplane was never technically owned by the debtor individually. The airplane was facially always owned by [the corporation]. Moreover, legal ownership of the [corporation] is held by another." *Id.* at p. 830.

In *Schieffler v. Coleman (In re Beshears)*, 196 B.R. 464 (Bankr. E.D. Ark. 1996) a trustee of a case converted to Chapter 7 from Chapter 13 sought to reverse the sale of the assets of a company that was closely held by the debtor. The opinion superficially equates the debtor's ownership of shares in a closely held corporation with the ownership of the assets of the corporation, but its ruling regarding the amount to be paid to the trustee by the buyer included accounting for the debts of the corporation against the assets that were sold. Critically, there was no prior litigation in the case confirming the company's existence.

The case of *In re Baker*, 68 B.R. 360 (Bankr. D. Or. 1986) involved the final report of an appointed Chapter 11 trustee for the payment of fees made to him from the assets of a corporation wholly owned by the debtors. The court did not hold that the assets of the corporation were property of the debtors, but that the Chapter 11 trustee of the debtors was acting in a fiduciary capacity to the bankruptcy estate even though he had appointed himself as president of the corporation and this was subject to §330 and related rules. *Id.* at pp. 363-364.

In *Barclays/Am. Bus. Credit v. Adams (In re Adams)*, 31 F.3d 389 (6th Cir. 1994) the appeal court reviewed a trial court's denial of debtors' discharge because the debtors had wrongfully transferred the accounts receivable of a wholly owned corporation. The court found that the trial court did not clearly err when it found that the converted accounts were property of the debtors' bankruptcy estate because they controlled the corporation. It is not clear if the accounts became property of the debtors when they were taken from the company, or whether the court is choosing to ignore the company's existence to determine the ownership of the funds. Either way, as with the other cases, there was no prior litigation confirming the corporation's separate identity.

The case of *In re Pisculli* 2009 WL 700059 (Bankr. E.D.N.Y. Mar.4, 2009) also involves denying the discharge of a debtor. In discussing whether the assets of the owned corporation were assets of the debtor's bankruptcy estate, the court noted that, having sold the assets of the wholly owned corporation, the corporation "paid off the remaining obligations of [the corporation]" (Opposition, p. 9, ll. 11-12.) And that the corporation had "had had no other debts" *Id.*

Even if the Liquidation Trust can allege that all of Coastal Cypress debts were paid it still cannot ask the court to simply ignore the corporation after litigating for years over its ownership. This would lead to the absurd result of having the court rule on who owned the corporation in 2019[4] and later rule that the corporation didn't actually exist.[5] None of the cases cited in the

---

[4] *MUFG Union Bank, N.A. v. Brower. Sr., et.al.* Ad. Pro. No. 17-5044, Docket #123 "Memorandum Decision on Motions for Summary Judgment."

[5] The Liquidation Trust may argue that its position is not similar to an alter ego claim, which relies on equity to ignore a corporation's formal existence, but rather on a bankruptcy

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT
Page 7
Case: 21-05029   Doc# 40   Filed: 11/08/21   Entered: 11/08/21 18:03:02   Page 11 of 16

Opposition result in the court's making internally inconsistent rulings. Given the history of this case, the Liquidation Trust cannot now ignore the corporate form and claim that the Cypress Funds were always directly owned by the debtor's estate and not by the corporation.

### 3. The Opposition cannot repair the Complaint's Second and Third claims for Fraudulent Transfer

The claims for fraudulent transfer in the Complaint are based on Cal. Civ. Code §§3439.04 and 3439.07. The Motion points out that a trustee can only avoiding post-petition transfers of the debtor's property under Section 549—for avoiding post-petition transfer—not Section 544 acting as a "hypothetical creditor". (See discussion at MPA, pp.8-9, citing *Casey v. Rotenberg (In re Kenny G. Enters, LLC)* 512 B.R. 628, 636 (C.D. Cal. 2014). The Opposition is a bit confusing in its effort to justify the claims.

First, it asserts that it is not relying on Section 544 (thus would not be defeated by *Casey v. Rotenberg*) but is bringing the claims "directly" under the California fraudulent conveyance statutes. Those statutes, however, only grant a right of action to the creditors of the transferor. Now the Opposition asserts that the Bankruptcy Estate was a creditor of Coastal Cypress. (Opposition, p 20.) But the paragraph in the Complaint cited to support that position states exactly the opposite— that the Plaintiff did not believe Brower Sr.'s claim that Brower Sr. (and thus the Estate) was a creditor of the company. [Complaint. ¶82]. The Liquidation Trust cannot now argue the reverse.

The Opposition also now asserts that the bankruptcy estate (now the Liquidation Trust), as a shareholder[6], has an independent action for "personal injury from fraudulent transfers." (Opposition, p.21, ll. 3-4). It states no authority at all for this unique concept, nor is it plead in the

---

(cont.)
court's inherent authority (presumably under Section 105) to make "appropriate rulings." With the exception of the cases where the court found that all of the owned company's debts had been paid and no party other than the debtor had an interest in cash to be distributed, none of the cited cases provide legal authority for a conclusion that the corporation can be ignored.

[6] This is another reverse of position regarding whether a corporation exists or not. When arguing that the proceeds were property of the Bankruptcy Estate, the Opposition asks the Court to ignore the corporate form, yet here it is claiming a right as a shareholder. *Calvert v. Zions Bancorporation (In re Consol. Meridian Funds)*, 485 B.R. 604, 610-11 (Bankr. W.D. Wash. 2013)

Complaint. The claims for relief are expressly under the California Statutes granting relief to *creditors*. The Opposition's argument is nonsensical and does not save the claims.

As the Liquidation Trustee is not a creditor of Coastal Cypress, and in fact has plead the opposite, and cannot use Section 544 to bring a "hypothetical creditor" claim, it cannot bring a fraudulent avoidance action against JRG Attorneys under the California Civil Code. The actions must be dismissed without leave to amend.

4. <u>The Opposition also cannot repair the Fifth Claim for "Turn over" and the Sixth Claim for "Accounting"</u>

As with the previous claims, these actions depend on the argument that the funds paid by Coastal Cypress to JRG Attorneys were "property of the estate," which they were not. In any case, however, a turnover action under Section 542 (and the ancillary claim for accounting) cannot be used in lieu of an avoidance action or recovery action under Section 549. *Rajala v. Gardner*, 709 F.3d 1031, 1039 (10th Cir. 2013) [holding that "only when a transfer is avoided can it be recovered."]

5. <u>The Liquidating Trust cannot rely on the Plan or any claim of equity to toll the various statutes of limitations barring the claims for relief.</u>

Aurora Capital Advisors' reply in support of its motion to dismiss provides a thorough discussion defeating the Liquidation Trust's assertion that the running of various applicable statutes of limitation were tolled. (Docket #31.) While it is not necessary to repeat these arguments in detail, JRG Attorneys points out the key factors.

The Complaint makes no effort to assert facts to justify why it is bringing actions that are time barred on the facts alleged. There is no discussion of tolling or any other suggestion of why the stale actions are being brought. Nor does the Plan on which the Opposition relies contain any statement of tolling of any cause of action.

Instead, the Opposition relies on the strange element in the Plan that the Opposition argues "suspended" any right of action on any claim held by the Bankruptcy Estate. The Opposition states "between the plan confirmation date and the effective date no plaintiff existed with standing to bring the claim," suggesting that this tolled all statutes from running. (Opposition, p. 15, ll. 24-25.)

But there is no authority to justify inserting an indefinite suspension of all claims in a plan, with no notice to the effected party and no identification of the claims in question. The basic requirements of due process require notice to the impacted parties and an opportunity to object before such party's rights could be suspended in this way.

Finally, the Opposition asserts that the statute of limitations for each of the claims should be tolled as a matter of equity, but neither the Opposition nor the Complaint sets forth the basic elements of such argument. Specifically, "that [the plaintiff] has been pursuing his rights diligently, and . . . that some extraordinary circumstances stood in his way." *Credit Suisse Sec (USA) v. Simmonds,* 566 U.S. 221, 227; 132 S.Ct.1414, 1419-20 (2021) *internal quotation omitted.* The Opposition's claim for equitable tolling relies entirely on the delayed "effective date" of the plan, which allegedly prohibited the Liquidating Trust from bringing the any action earlier than it did, and allowed Brower Sr. to remain in control of Coastal Cypress. But this delay was entirely in control of Union Bank, which wrote the plan. That control is set forth clearly in Section X of the confirmed Third Amended Plan. Bankruptcy Docket #233. This provides that the Effective Date is conditioned on the entry of an order confirming the plan, no stay being implemented within the required period of time, the execution of necessary documents, including the trust agreement, and the Liquidation Trustee obtaining "through sale or liquidation of assets" amounts sufficient to pay administrative claims. The section goes on state: "*the foregoing conditions may be waived in whole or in part by Union Bank at any time without notice or order of the Bankruptcy Court*." (Third Amended Plan, Bankruptcy Docket #233Section X.)

Even if the Liquidating Trust asserts a separate identity from Union Bank as the appointed trustee, it was a party in interest and could have moved to amend the Plan so that actions could be taken to preserve the causes of action and the assets itself. The Liquidating Trust's failure to act to preserve its rights is not justification for any equitable tolling or claim of "adverse domination".

6. <u>The Opposition cannot identify authority for its claim for "disgorgement" in the Ninth Claim for relief.</u>

The Ninth Claim for Relief purports to state a claim against JRG Attorneys for payment of fees without filing an application under Bankruptcy Rule 2016. The Opposition tacitly concedes

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT Page 10
Case: 21-05029    Doc# 40    Filed: 11/08/21    Entered: 11/08/21 18:03:02    Page 14 of 16

that the claim only applies if the money paid was property of the bankruptcy estate, which it was not. (See discussion above.) Furthermore, the Opposition does not address the primary challenge: that there is no remedy for a trustee to compel "disgorgement" of fees under Section 330, or any other statute, and certainly not for payment to the complaining party. The claim must be dismissed without leave to amend.

7. Conclusion

No matter what the outcome is for the rest of the Complaint, the Eighth Claim for Relief against JRG Attorneys for "aiding and abetting" must be dismissed without leave to amend. It is barred by California Civil Code §1714.10 as it purports to state a claim for conspiracy against JRG Attorneys with its client and the Plaintiff did not obtain permission to bring the claim as is required. But even if such permission were sought, it could not be granted as the basis of the claim is absolutely protected by the Litigation Privilege

The remainder of the Complaint must fail as it is entirely premised on the claim that the Coastal Funds were at all times property of the Bankruptcy Estate and requires the Court to ignore its prior rulings acknowledging the corporate existence of Coastal Cypress. As discussed here and in the MPA, the Coastal Funds were never property of the estate, thus the First Claim (for recovery under §549), the Second and Third Claims (for fraudulent conveyance); the Fourth Claim (for value of avoided claims under §550); the Fifth Claim (for turnover under §542); the Sixth Claim (for accounting); the Ninth Claim (for "disgorgement" of paid fees); and the Tenth Claim (for conversion) must all be dismissed without leave to amend. As explained above, the Opposition cannot ignore the history and prior findings of the case and cannot use claims of "equity" to now ignore the corporate form of Coastal Cypress.

Even if the Court decides that the Liquidation Trustee might state some claim against JRG Attorneys other than the "aiding and abetting" claim it must require an amended Complaint. The Complaint in its current form is redundant and wildly over-reaching, making multiple internally inconsistent claims, without taking the care of stating any claim in the alternative or specifying exactly what that alternative might be. Nor does the Complaint recognize any statute of limitations or plead why they might be tolled. Most of the effort to preserve the Complaint relies on new

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT Page 11

allegations and theories that are not in the Complaint itself. The Complaint must be dismissed.

RESPECTFULLY SUBMITTED,

Dated: November 8, 2021  BINDER & MALTER, LLP

By: /s/ *Wendy Watrous Smith*
Wendy Watrous Smith
Attorneys for JRG Attorneys at Law