

The following constitutes the order of the Court.
Signed: November 22, 2021

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>Robert S. Brower, Sr.,<br><br>　　　　　　　　　　Debtor.<br>_____<br>Michael G. Kasolas, Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust,<br>　　　　　　　　　　Plaintiff.<br>v.<br>Patricia Brower, solely as trustee of the Brower Trust (2015), dated June 30, 2015, et. al.,<br>　　　　　　　　　　Defendants. | Case No. 15-50801 MEH<br>Chapter 11<br><br>Adversary Proceeding No. 21-05029<br><br><br><br><br><br><u>Video Hearing</u><br>Date:　November 15, 2021<br>Time:　11:00 a.m. |

<u>ORDER GRANTING MOTION TO DISMISS</u>

Before the court are three motions to dismiss the Complaint filed by Michael Kasolas, Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust ("Trustee"). The first motion to dismiss was filed by Aurora Capital Advisors, Richard Babcock, Anthony Notes and Med-Venture Investments, LLC (Dkt. # 10). The second motion to dismiss was filed by

1

Oldfield Creely, LLP (Dkt. # 13). The third motion to dismiss was filed by Johnson, Rovella, Retterer, Rosenthal & Giles, LLP (Dkt. # 20). Defendants moved to dismiss the claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6). The Trustee filed an opposition to Docket # 10, and an omnibus opposition to Docket # 13 and 20. Each group of defendants filed a reply.

Federal Rule of Civil Procedure 12(b)(6) (applicable in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7012), provides for dismissal of a complaint if it fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). This standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In analyzing a motion to dismiss, the court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. *See NL Industries, Inc. v. Kaplan*, 792 F. 2d 896, 898 (9th Cir. 1986).

If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.,* 911 F.2d 242, 247 (9th Cir.1990).

An oral ruling on the motion to dismiss was issued on November 18, 2021. This order summarizes the relief granted for the reasons more fully stated on the record.

Accordingly, IT IS HEREBY ORDERED:

1. <u>First Claim for Relief – Avoidance of post-petition transfers, 11 U.S.C. § 549</u>

    a. Whether proceeds from the sale of real property owned by Coastal are an asset of Debtor's estate.

Each of the motions to dismiss allege the Trustee fails to establish that proceeds following the sale of Coastal's real property are assets of Debtor Robert Brower, Sr.'s estate. The facts alleged do not support the legal argument asserted by the Trustee. Through this

adversary proceeding, the Trustee seeks to recover proceeds of real property sold by Coastal as assets of a non-operating entity, held and solely managed by Debtor, whose corporate assets are liquidated, and corporate debts paid. But in the omnibus objection, the Trustee states real property belonging to Coastal was sold by the Trustee as recently as February or March 2021. As such, the proceeds are not property of the estate.

    b. Whether the claims are time-barred.

  The Liquidating Trust was created in connection with confirmation of a plan in Debtor's Chapter 11 case. The Liquidating Trust Agreement provides the Trustee will not have authority over the causes of action on the Confirmation Date. Rather, the Trustee only has such authority "if and when the Effective Date occurs." The Plan contemplates survival of all causes of action through the Effective Date for the benefit of the Liquidating Trust and its beneficiaries. As such, for the purposes of the Motions to Dismiss, I find that Plaintiff's claims are not time-barred.

  Further, as leave to amend is granted as to multiple claims, application of the adverse domination doctrine is premature.

    c. Summary

  The issue of whether the Coastal proceeds are assets of Debtor's estate are central to the First, Fourth, Sixth, Ninth and Tenth claims. The motions to dismiss are granted with leave to amend as to the First Claim, and to the extent required as to any related claims asserting alternate bases for recovery of the Coastal proceeds.

  2. <u>Second and Third Claims for Relief – Avoidance of Actual and Constructive Fraudulent Transfers</u>

  In his opposition, Trustee asserts an alternate legal basis for the Second and Third Claims from the claims pled. As argued, the alternate claims appear to have merit. As such, the motions to dismiss are granted as to the second and third claims with leave to amend.

3. Eighth Claim for Relief – Aiding and Abetting Breach of Fiduciary Duty

Trustee asserts a claim against Johnson Rovella, in its capacity as Debtor's legal counsel, for aiding and abetting Debtor in breaching his fiduciary duties. Four of the factual allegations are based on obligations set forth in Bankruptcy Code § 327-330, although not so identified. The penalty for failure to become employed as counsel or satisfy the Code's requirements is disallowance or disgorgement of fees paid to counsel. *See In re Monument Auto Detail, Inc.*, 226 B.R. 219 (9th Cir. BAP 1998); *In re Woodcraft Studios, Inc.*, 464 B.R. 1 (N.D. Cal. 2011). There is no additional provision for payment of damages.

The factual allegation not directly tied to the Bankruptcy Code relies on the general prohibition against conflicts of interest in representation of clients. This allegation is insufficient to support the claim asserted.

As to the question of whether this claim is barred by Cal. Civ. Code § 1714.10, this court will apply the analysis set forth in the Northern District of California in *Franklin v. Allstate Corp.*, 2007 WL 1991518 (N.D. Cal. 2007). In *Franklin*, the court found that § 1714.10 is procedural in nature and that plaintiffs were not barred from bringing their claims by reason of any failure to comply with its requirements in a complaint asserting three federal claims and a California state law claim.

As to California's litigation privilege, set forth in Cal. Civ.Code § 47(b), consistent with *O'Keefe v. Kompa*, 84 Cal. App. 4th 130 (2000), this privilege will apply more broadly than to the limited category of "communications" advocated by the Trustee.

In sum, the motion to dismiss the Eighth Claim is granted with leave to amend.

4. Request to dismiss punitive damages as remedy

Defendant Oldfield Creely contends the Trustee's prayer for relief requesting punitive damages should be dismissed for failure to meet the pleading standards for Rule 8(a) and 9(b). As punitive damages are only referenced in the prayer for relief, this request to dismiss is granted with leave to amend.

5. Deadline to file amended complaint.

The Trustee shall file an amended complaint no later than December 23, 2021.

**END OF ORDER**

COURT SERVICE LIST

**Via ECF:**

All ECF Recipients