Leonard M. Shulman – Bar No. 126349
Ryan D. O'Dea – Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: lshulman@shulmanbastian.com;
rodea@shulmanbastian.com

Attorneys for Defendants Aurora Capital Advisors, Richard Babcock, Anthony Nobles and Med-Venture Investments, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>**ROBERT BROWER SR.**,<br><br>Debtor.<br><br>**MICHAEL G. KASOLAS,** solely in his capacity as the Liquidating Trustee for the Robert Brower Sr. Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>**PATRICIA BROWER,** solely as trustee of the BROWER TRUST (2015), dated June 30, 2015; **GREAT AMERICAN WINERIES, INC.**, a California corporation; **DEERLEAF HOLDINGS, INC.**, a Delaware corporation; **ROBERT BROWER, JR.**, an individual; **MED-VENTURE INVESTMENTS, LLC,** a California limited liability company; **AURORA CAPITAL ADVISORS,** a California general partnership; **RICHARD BABCOCK,** an individual and general partner of Aurora Capital Advisors; **ANTHONY NOBLES,** an individual and general partner of Aurora Capital Advisors; **COASTAL WINE SERVICES, LLC,** a California limited liability company; **WILFORD BUTCH, LINDLEY,** an individual; **POHANKA OF SALISBURY, INC.**, a Maryland corporation; **JAURIGUE LAW GROUP,** a California professional corporation *dba* JLG Lawyers; **JOHNSON, ROVELLA, RETTERER, ROSENTHAL & GILLES, LLP,** a limited liability partnership; and **OLDFIELD CREELY, LLP,** a limited liability partnership,<br><br>Defendants. | Case No.: 15-bk-50801-MEH<br><br>Chapter 11<br><br>Adv. No.: 21-ap-05029-MEH<br><br>**AURORA CAPITAL ADVISORS, RICHARD BABCOCK, ANTHONY NOBLES AND MED-VENTURE INVESTMENTS, LLC's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AND TO STRIKE PURSUANT TO RULE 12(f)**<br><br>[Motion and Notice of Motion Concurrently Filed]<br><br>**Hearing Date**:<br>Date: February 7, 2022<br>Time: 11:00 a.m.<br>Place: Courtroom 11<br>      United States Courthouse<br>      280 South First Street<br>      San Jose, California 95113<br><br>[Appearance also available via Zoom] |

1

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | SUMMARY OF ARGUMENT | 5 |
| II. | APPLICABLE STANDARD FOR A MOTION TO DISMISS | 6 |
| III. | ARGUMENT | 7 |
| | A. The First Claim for Relief Fails to State a Claim for Avoidance of a Post-Petition Transfer Pursuant to § 549 of the Bankruptcy Code | 7 |
| | B. The Second and Third Claims for Relief Fail to State a Claim for Avoidance of a Fraudulent Transfer Pursuant to California Civil Code § 3439.01 *et seq.* | 11 |
| | C. The Fourth Claim for Relief Fails to State a Claim for Recovery and Preservation of Transfers for the Benefit of the Estate Pursuant to Bankruptcy Code §§ 550 and 551 | 13 |
| | D. The Fifth and Sixth Claims for Relief Fail to State a Claim | 14 |
| | E. The Tenth Claim for Relief Fails to State a Claim for Conversion | 14 |
| | F. Portions of the Complaint Should be Stricken | 14 |
| IV. | CONCLUSION | 15 |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE

Case: 21-05029    Doc# 66    Filed: 06/22    Entered: 06/06/21 16:54    Page 2 of 17

# TABLE OF AUTHORITIES

**CASES**

*Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen)*, 300 F.3d 1097, 1104 (9th Cir. 2002) ......... 9

*AMCAL Multi-Hous., Inc. v. Pac. Clay Prod.*, 457 F. Supp. 2d 1016, 1021 (C.D. Cal. 2006) .................................................................................................................................... 7

*Anderson v. Derrick*, 220 Cal. 770, 773 (1934) ................................................................ 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) ..................................................... 7

*Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995) ........................................... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955 (2007) ..................... 7

*Bresnahan v. Dunn (In re Dunn)*, 2006 Bankr. LEXIS 4813, *22-24, 2006 WL 6810930 ...... 12, 13

*Butner v. United States*, 440 U.S. 48, 54, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979) ........................... 9

*Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir. 1982) ................................. 7

*Gallego v. Wilson*, 882 F. Supp. 1169, 1171 (D. Mass. 1995) ........................................... 7

*Gen. Elec. Capital Auto Lease, Inc. v. Broach (In re Lucas Dallas, Inc.)*, 185 B.R. 801, 805 (9th Cir. BAP 1995) ............................................................................................................ 12

*Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir. 1979) ...................................................... 7

*In re Hunt*, 540 B.R. 438, 441 (Bankr. D. Idaho 2015) ...................................................... 9

*In re Reed*, 940 F.2d 1317, 1322 (9th Cir. 1991) ............................................................... 9

*Jones v. Martinez*, 230 Cal. App. 4th 1248, 1254, (2014) ............................................... 12

*Jones v. Re-Mine Oil Co.*, 47 Cal.App.2d 832, 842, 119 P.2d 219 (1941) ...................... 12

*Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015) ................................................................. 14

*Miller v. McColgan*, 17 Cal. 2d 432, 436 (1941) ............................................................. 10

*Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (Cal. Ct. App. 2d Dist. 1999) ............... 10

*O'Hare v. Marine Electric Co.*, 229 Cal. App. 2d 33, 36 (1964) ..................................... 11

*Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) ................... 6

*SEC v. Cross Fin. Servs.*, 908 F. Supp. 718 (C.D. Cal. 1995) ............................................ 6

*Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) .... 6

*Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011) ............................................ 6

*Sullivan v. Johnson*, 127 Cal. 230, 59 P. 583 (1899) .......................................................................... 13

*Tognazzi v. Wilhelm*, 6 Cal.2d 123, 125, 56 P.2d 1227, 1228 (1936) ............................................ 12

*United States SEC v. Volkswagen AG (In re Volkswagen "Clean Diesel" Mktg., Sales, Practices, & Prods. Liab. Litig.)*, 2020 U.S. Dist. LEXIS 232688, *189 .......................... 15

*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, (9th Cir. 1997) ........................................ 6

*Xydias v. Adamson (In re Xydias' Estate)*, 92 Cal.App.2d 857, 860-61, 208 P.2d 378, 379 (1949) ............................................................................................................................... 12

**STATUTES**

28 U.S.C. § 1334 .............................................................................................................................. 15

Bankruptcy Code § 541 ..................................................................................................................... 8

Bankruptcy Code § 541(a)(6) ................................................................................................... passim

Bankruptcy Code § 541(a)(7) ................................................................................................... passim

Bankruptcy Code § 542 ................................................................................................................... 15

Bankruptcy Code § 544 ................................................................................................... 5, 11, 14, 15

Bankruptcy Code § 549 ....................................................................................................... 10, 14, 15

Bankruptcy Code § 550 ............................................................................................................. 13, 15

Bankruptcy Code § 550(a) .............................................................................................................. 13

Bankruptcy Code § 551 ............................................................................................................. 13, 15

Cal. Civ. Code § 3439.01 ................................................................................................................ 13

Cal. Civ. Code § 3439.07 ................................................................................................................ 11

Cal. Civ. Code § 3439.08 ................................................................................................................ 11

Cal. Civ. Code §3439.04 ................................................................................................................. 11

California Corporations Code § 800 ............................................................................................... 12

**RULES**

Federal Rule of Civil Procedure 12(f) ...................................................................................... 14, 15

Federal Rule of Civil Procedure Rule 12(b)(6) ................................................................................ 6

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF, ALL DEFENDANTS AND ALL THEIR ATTORNEYS OF RECORD**:

Defendants Aurora Capital Advisors, Richard Babcock, Anthony Nobles and Med-Venture Investments, LLC (collectively, "Defendants") hereby bring this Memorandum of Points and Authorities in Support of Defendants' motion to dismiss and strike ("Motion") the first amended complaint for: (1) avoidance of post-petition transfers; (2) avoidance of fraudulent transfers; (3) avoidance of fraudulent transfers; (4) recovery of avoided transfers for benefit of the estate; (5) turnover; (6) accounting; (7) breach of fiduciary duty; (8) aiding and abetting breach of fiduciary duty; (9) disgorgement; and (10) conversion (the "Complaint") filed by Michael G. Kasolas ("Plaintiff") liquidating trustee for the bankruptcy estate of Robert Brower, Sr. ("Debtor"). In support of the Motion, Defendants respectfully represent as follows:

## I.     SUMMARY OF ARGUMENT

Plaintiff's Complaint both fails to cure certain defects of the Original Complaint[1] and introduces new ones. The first claim for relief asserted in the Original Complaint was dismissed for failure to present plausible allegations that the Proceeds constitute property of the estate. Notwithstanding dismissal, this Court provided Plaintiff with an opportunity to assert "alternative bases for recovery of the Coastal proceeds" in an amended complaint. While it is true the Complaint contains a new "alter ego" theory in the alternative, it still contains allegations that the Proceeds are property of the estate vis-à-vis Bankruptcy Code §§ 541(a)(6) and (a)(7). As this theory of recovery was specifically rejected by the Court, all claims for relief relying upon such are not plausible and fail to state a claim. Furthermore, the Complaint attempts to refine Plaintiff's second and third claims for relief by alleging that Plaintiff "stands in the shoes of the Debtor" and is not relying upon § 544 to avoid the purportedly fraudulent transfers. However, the Complaint does not contain sufficient allegations that Debtor was individually harmed by the purported transfers, and actually concedes that Debtor himself caused Coastal to make the Aurora Transfer and the Med-Venture

---

[1] All capitalized terms not defined in this Summary of Argument shall have the meaning ascribed to same below.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Case: 21-05029    Doc# 66    Filed: 06/22    Entered: 01/06/2110:34:15    Page 5 of

Transfer. As a result, Plaintiff lacks standing to pursue derivative claims on behalf of Coastal, Coastal is estopped from seeking avoidance of the purported transfers due to being a participant in the alleged scheme, and Plaintiff – standing in Debtor's shoes – is estopped from avoiding the alleged transfers pursuant to California law.

Therefore, and for the reasons detailed below, the Motion should be granted because (1) the Complaint has no merit or basis in fact and must be dismissed without leave to amend for failure to state a plausible claim for relief; and (2) redundant, immaterial, or impertinent allegations in the Complaint must be stricken.

## II. APPLICABLE STANDARD FOR A MOTION TO DISMISS

A Rule 12(b)(6) motion is similar to the common law general demurrer, *i.e.*, it tests the legal sufficiency of the claim or claims stated in the complaint. See *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011); *SEC v. Cross Fin. Servs.*, 908 F. Supp. 718 (C.D. Cal. 1995); *Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995). In order to survive Rule 12(b)(6), a complaint must allege sufficient facts "to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In addition, to survive a Rule 12(b)(6) motion to dismiss, the facts alleged must state a "facially plausible" claim for relief. *Id*.

By contrast, a Rule 12(b)(6) motion to dismiss for failure to state a claim can be used when plaintiff has included allegations in the complaint that, on their face, disclose some absolute defense or bar to recovery. See e.g. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, (9th Cir. 1997) (fn. 1: "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts.").

A defendant is entitled to dismissal under Rule 12(b)(6) if, accepting the well-pleaded allegations of the complaint as true, the complaint fails to state facts that would support relief. *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Further, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)(emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955 (2007).

For the purposes of a motion to dismiss, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Id*. at 555. The obligation to provide the "grounds" for the claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (*id*.) and the allegations must "raise a right to relief above the speculative level." *Id*.; See also *Gallego v. Wilson*, 882 F. Supp. 1169, 1171 (D. Mass. 1995)("a complaint will be deemed insufficient if the plaintiff relies upon bald assertions, unsupportable conclusions, and opprobrious epithets.") (internal citations and quotation marks omitted).

While a motion to dismiss typically tests the sufficiency of the plaintiff's allegations, "[i]f a legal impediment such as an affirmative defense or some other bar to recovery is apparent from the face of the complaint, then a motion to dismiss for failure to state a claim is mandated." *AMCAL Multi-Hous., Inc. v. Pac. Clay Prod.*, 457 F. Supp. 2d 1016, 1021 (C.D. Cal. 2006).

Finally, dismissal should be granted without leave to amend where it is clear that the acts complained of cannot constitute a claim for relief and further amendments would serve no purpose. See e.g. *Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir. 1979). Dismissal may be granted as to portions of a complaint. *Decker v. Massey-Ferguson, Ltd*., 681 F.2d 111, 115 (2d Cir. 1982).

### III. ARGUMENT

**A. The First Claim for Relief Fails to State a Claim for Avoidance of a Post-Petition Transfer Pursuant to § 549 of the Bankruptcy Code**

Plaintiff's first claim for relief seeks avoidance of post-petition transfers related to sale proceeds (the "Proceeds") from Coastal Cypress Corporation's ("Coastal") 2015 sale of real property located at 8890 and 8940 Carmel Valley Road, Carmel, California (the "Wine Estate Property"). The Complaint further alleges that a portion of the Proceeds was transferred to defendant Aurora Capital Advisors (the "Aurora Transfer") and Med-Venture Investments, LLC (the "Med-Venture Transfer").

In Plaintiff's original complaint filed on July 22, 2021 [dkt. no. 1] (the "Original Complaint"), it was asserted that "[p]ursuant to 11 U.S.C. § 541(a)(6), the proceeds, product, offspring, rents, or profits of or from the estate's interest in Coastal and ACP are, and have been at all relevant times, assets of Debtor's bankruptcy estate. Further, and pursuant to 11 U.S.C. § 541(a)(7), the 100% interest in Coastal and ACP constituted an 'interest in property that the estate acquires after the commencement of the case.'" Original Complaint ¶¶ 52 & 144. Defendants filed a motion to dismiss the Original Complaint ("First Motion"), asserting in relevant part, that the Proceeds could not be property of the estate under § 541 pursuant to applicable California law, as the Proceeds constituted property of a non-debtor corporation. In opposition to the First Motion, Plaintiff stated:

> …the sole shareholder of Coastal, the bankruptcy estate, had a right to a dividend payment of the profits of the corporation, i.e. the Proceeds…once the Wine Estate Property was sold and its creditors paid, the bankruptcy estate no longer held a contingent claim to a dividend payment of the Proceeds. That claim was a present right that was held by the estate at the time of the Transfers. As alleged in the Complaint, the bankruptcy estate's right to a dividend payment from Coastal is property of the estate under Section 541(a)(6), and is an interest in property that was acquired after commencement of the case pursuant to Section 541(a)(7)

Dkt. No. 18, 9:3-5. In ruling on the First Motion, the Court's order (the "Order") dismissed the first claim for relief "with leave to amend as to the First Claim, and to the extent required as to any related claims asserting alternate bases for recovery of the Coastal proceeds." Order 3:18-20 (emphasis added).

Notwithstanding the clear and unambiguous Order, the Complaint's first claim for relief rehashes Plaintiff's assertion that the Proceeds are property of the estate pursuant to Bankruptcy Code § 541(a)(6) and (a)(7), stating:

> 157. Having liquidated the sole asset of Coastal and all creditors other than the Debtor being paid in full, the Debtor as Coastal's sole shareholder and owner and direct beneficiary had a direct interest in the proceeds via his 100% interest in the stock of Coastal and he had full control over their disposition. At that time, Debtor was entitled to distribution from Coastal in the amount of the proceeds, which right transferred the Debtor's estate on the Petition Date.

158. Accordingly, pursuant to Pursuant to 11 U.S.C. § 541(a)(6), the proceeds, product, offspring, rents, or profits of or from the estate's interest in Coastal, i.e., the Proceeds, have been at all relevant times assets of Debtor's bankruptcy estate. Further, and pursuant to 11 U.S.C. § 541(a)(7), the 100% interest in Coastal and ACP constituted an "interest in property that the estate acquires after the commencement of the case."

To be clear: Plaintiff's opposition to the First Motion posited that the Original Complaint sufficiently alleged Debtor's bankruptcy estate held a right to a dividend payment from Coastal once the Wine Estate Property was sold and Coastal's creditors were paid. See Dkt. no. 18, 9:3-10. Plaintiff's theory that the Proceeds constitute property of the estate under § 541(a)(6) and (a)(7) has already been rejected by this Court and no amount of repackaging in the Complaint changes this fact. In an effort to make Plaintiff's "property of the estate" theory appear to be different from that alleged in the Original Complaint, Paragraph 157 asserts that "Debtor was entitled to distribution from Coastal." Complaint ¶ 157 (emphasis added). However, without a legal basis for such entitlement, Plaintiff's first claim for relief is not plausible and must be dismissed.

Despite the Complaint's protestations to the contrary, the Proceeds were not property of the estate – thus barring recovery of the Med-Venture Transfer and the Aurora Transfer. In particular, § 541(a)(6) provides, in relevant part, that property of the estate includes "[p]roceeds, product, offspring, rents or profits of or from property of the estate[.]" (emphasis added). Further, § 541(a)(7) provides that property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case." (emphasis added). However, it is roundly accepted that "[s]tate law determines the existence and scope of a debtor's interest in property." *In re Hunt*, 540 B.R. 438, 441 (Bankr. D. Idaho 2015) citing *In re Reed*, 940 F.2d 1317, 1322 (9th Cir. 1991) and *Butner v. United States*, 440 U.S. 48, 54, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979); See also *Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen)*, 300 F.3d 1097, 1104 (9th Cir. 2002)("It is well established that 'state law…determines the nature and extent of a debtor's interest in property.'"). Utilizing Plaintiff's judicial admissions and applying same to controlling California law, Debtor did not personally own Coastal's assets, including but not limited to the Proceeds or any portion thereof.

Plaintiff's allegation that Debtor was "entitled" to a distribution from Coastal is without merit and cannot be the predicate of a plausible claim for relief. "Shareholders own neither the

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE

Case: 2:10-15029 Doc# 66 Filed: 06/12 Entered: 01/06/21 10:54:54 Page 9 of

property nor the earnings of the corporation. Shareholders own only stock, from which their income is derived upon the liquidation of assets or the declaration of dividends by the directors. Nelson had no ownership interest in the profits of Lonan and cannot have been deprived of them." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (Cal. Ct. App. 2d Dist. 1999) <u>referencing</u> *Miller v. McColgan*, 17 Cal. 2d 432, 436 (1941)(citations omitted). As stated by the California Supreme Court in *Miller v. McColgan* (emphasis added):

> In our approach to the problem presented here let us first consider the nature of this property – corporate stock – and the status of corporations and shareholders. <u>It is fundamental, of course, that the corporation has a personality distinct from that of its shareholders, and that the latter neither own the corporate property nor the corporate earnings. The shareholder simply has an expectancy in each, and</u> **<u>he becomes the owner of a portion of each only when the corporation is liquidated by action of the directors or when a portion of the corporation's earnings is segregated and set aside for dividend payments on action of the directors in declaring a dividend</u>**. This well-settled proposition was amplified in *Rhode Island Hospital Trust Co. v. Doughton*, 270 U.S. 69, 81 [46 Sup. Ct. 256, 70 L. Ed. 475], wherein appears the following cogent language: "The owner of the shares of stock in a company is not the owner of the corporation's property. He has a right to his share in the earnings of the corporation, as they may be declared in dividends arising from the use of all its property. In the dissolution of the corporation he may take his proportionate share in what is left, after all the debts of the corporation have been paid and the assets are divided in accordance with the law of its creation. <u>But he does not own the corporate property</u>." *Id*.

As clearly stated in the Complaint, Coastal wholly owned the Wine Estate Property, the Proceeds were the result of the Wine Estate Property's sale, the Proceeds were paid to Coastal, and Coastal made the Med-Venture Transfer and Aurora Transfer to Defendants. The Proceeds were never distributed to Debtor or the estate, Coastal was not liquidated prior to the subject transfers, and no portion of the Proceeds used to make the subject transfers were segregated and set aside for dividend payment to Debtor or the estate. Therefore, the none of the Proceeds allegedly used to make the subject transfers can be classified as property of the estate because: (1) such are not § 541(a)(6) "proceeds, product, offspring, rents or profits" due to Debtor under state law; and (2) neither Debtor nor the estate "acquired" the Proceeds pursuant to applicable state law.

Therefore, Plaintiff's first claim for relief must be dismissed without leave to amend because the Proceeds allegedly used to make the Med-Venture Transfer and the Aurora Transfer were not property of the estate and cannot be avoided pursuant to § 549.

B. **The Second and Third Claims for Relief Fail to State a Claim for Avoidance of a Fraudulent Transfer Pursuant to California Civil Code § 3439.01 *et seq*.**

Plaintiff's second and third claims for relief seek avoidance of the Med-Venture Transfer and Aurora Transfer pursuant to Cal. Civ. Code §§ 3439.04, 3439.07 and 3439.08. While the second and third claims for relief were pled in the Original Complaint, the Complaint refines the allegations to state that Plaintiff "stands in the shoes of the Debtor as sole shareholder of Coastal and creditor of Coastal was personally injured from the fraudulent Transfers to Defendants." Complaint ¶ 166.[2] Importantly, the second and third claims for relief are not predicated upon the avoidance powers found in Bankruptcy Code § 544 – meaning Plaintiff is not attempting to assert the rights of a third-party creditor, he is attempting to assert a claim on Debtor's behalf. Plaintiff lacks standing to pursue avoidance, and is estopped from avoiding, the Med-Venture Transfer and the Aurora Transfer by asserting claims on behalf of Debtor.

Despite Plaintiff's allegation that Debtor "was personally injured" by the Med-Venture Transfer and Aurora Transfer, the Complaint fails to make a single allegation substantiating a "personal" injury. On the contrary, the repeated allegations in the Complaint are that "[r]ather than Coastal distributing the Proceeds to Debtor's estate, Debtor caused Coastal to make the transfers to the Defendants." See e.g. Complaint ¶ 166. "An action is derivative if based upon <u>injury to the corporation or to the whole body of its stock</u>, but individual if the complaining stockholder is directly and individually injured." *O'Hare v. Marine Electric Co*., 229 Cal. App. 2d 33, 36 (1964)(emphasis added). "'[Misfeasance] or negligence…of the managing officers of a corporation, resulting in loss of its assets…is an injury to the corporation,' and does not permit a nonderivative action by a stockholder in his individual capacity" *Id*. citing *Anderson v. Derrick*, 220 Cal. 770, 773 (1934). "Again, if the payments were wrongful, their recovery is for the corporation, directly or through a derivative action. If they were valid, no cause of action exists in plaintiff." *Id*. at 38. The Complaint

---

[2] See also Complaint Paragraph 173.

merely presents allegations of purported harm to Coastal through alleged loss of its assets and/or devaluation of the entirety of its stock. Neither of which is a claim Plaintiff can individually assert.[3]

In the event Plaintiff is somehow permitted to act derivatively on behalf of Coastal, he lacks standing to do so because Coastal itself lacks standing to avoid a fraudulent transfer in which it participated. See *Bresnahan v. Dunn (In re Dunn)*, 2006 Bankr. LEXIS 4813, *22-24, 2006 WL 6810930 ("First, to the extent Debtor is acting derivatively on behalf of Monterey, he lacks standing because Monterey lacks standing to assail a fraudulent transfer in which it participated."); *Tognazzi v. Wilhelm*, 6 Cal.2d 123, 125, 56 P.2d 1227, 1228 (1936)("[H]e who executes a conveyance of property for the purpose of hindering, delaying or defrauding his creditors cannot by an action in equity obtain a reconveyance from his grantee, nor can anyone claiming under him, except an innocent purchaser."); *Jones v. Re-Mine Oil Co.*, 47 Cal.App.2d 832, 842, 119 P.2d 219 (1941) (one who has transferred his property to defraud his creditors cannot thereafter recover from his grantee that which he has conveyed); *Xydias v. Adamson (In re Xydias' Estate)*, 92 Cal.App.2d 857, 860-61, 208 P.2d 378, 379 (1949) ("No rule of law is more strictly adhered to than the rule that one who has conveyed his property in order to defraud his creditors, under circumstances such as are present here, cannot thereafter recover from his grantee that which he has conveyed."). Therefore, Plaintiff's second and third claims for relief fail to state a plausible derivative claim to avoid the Med-Venture Transfer or the Aurora Transfer.

To the extent Plaintiff's claim is not derivative, Plaintiff has failed to allege a personal injury to make Debtor a creditor of Coastal. The California fraudulent transfer statutes relied upon by Plaintiff, on their face, only confer standing on a creditor of the transferor debtor. *Gen. Elec. Capital Auto Lease, Inc. v. Broach (In re Lucas Dallas, Inc.)*, 185 B.R. 801, 805 (9th Cir. BAP 1995). Furthermore, and as was the case for Coastal's lack of standing, Plaintiff lacks standing to pursue, and is estopped from pursuing, avoidance of the Med-Venture Transfer or the Aurora Transfer. The

---

[3] "California Corporations Code § 800, subdivision (b)(2) provides that no action may be instituted or maintained by a shareholder unless '[t]he plaintiff alleges in the complaint with particularity plaintiff's efforts to secure from the board such action as plaintiff desires, or the reasons for not making such effort…'" *Jones v. Martinez*, 230 Cal. App. 4th 1248, 1254, (2014).

Complaint is unequivocal in its allegation that "Debtor caused Coastal to make the transfers to the Defendants." See e.g. Complaint ¶ 166. Due to this judicial admission, Plaintiff is precluded from "stand[ing] in the shoes of the Debtor" and asserting a plausible claim for avoidance under Cal. Civ. Code § 3439.01 *et. seq.*[4]

By virtue of the aforementioned fatal pleading infirmities, Plaintiff has not established a plausible claim for avoidance of the Med-Venture Transfer or the Aurora Transfer under California law and the second and third claims for relief should be dismissed without leave to amend.

C. **The Fourth Claim for Relief Fails to State a Claim for Recovery and Preservation of Transfers for the Benefit of the Estate Pursuant to Bankruptcy Code §§ 550 and 551**

Plaintiff's fourth claim for relief seeks to recover and preserve the Med-Venture Transfer and the Aurora Transfer pursuant to §§ 550 and 551. Bankruptcy Code § 550(a) provides in relevant part: "Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]" Furthermore, Bankruptcy Code § 551 provides: "Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate."

Importantly, Plaintiff's ability to recover and preserve the Med-Venture Transfer or Aurora Transfer is exclusively conditioned upon Plaintiff's avoidance of said transfers pursuant to § 549. By virtue of the pleading infirmities mandating dismissal of Plaintiff's first claim for relief, the conditions precedent to §§ 550 and 551 cannot be met and the fourth claim for relief must be dismissed without leave to amend. To the extent the Court does not dismiss the first claim for relief, the fourth claim for relief must be amended to clarify that Plaintiff is only seeking recovery and

---

[4] See also *Bresnahan v. Dunn (In re Dunn)*, 2006 Bankr. LEXIS 4813, *22-24, 2006 WL 6810930 citing 16A Cal. Jur. 3d Creditors § 404 (2006) and *Sullivan v. Johnson*, 127 Cal. 230, 59 P. 583 (1899) ("Moreover, and more importantly, to the extent Debtor is acting as a creditor of Monterey in seeking to invalidate the purported fraudulent transfer, he cannot do so because he executed the Resolution giving rise to the transfer. A creditor who ratifies or participates in a fraudulent transfer may be estopped from attacking the transfer.").

13
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE

preservation in connection with his § 549 claim. In particular, Paragraph 177 states that "Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein." By incorporating the allegations of the second and third claims for relief by reference, the fourth claim for relief attempts to recover and preserve "the avoidable transfers described herein[.]" Due to the fact that the second and third claims for relief are not being brought pursuant to § 544, the fourth claim for relief is not plausible as it pertains to these theories of avoidance and must be amended accordingly.

D. **The Fifth and Sixth Claims for Relief Fail to State a Claim**

To the extent the fifth and sixth claims for relief are dependent upon Plaintiff's allegation that the Proceeds are property of the estate pursuant to § 541(a)(6) and (a)(7), and for the reasons stated in connection with Defendants' request to dismiss the first claim for relief, the fifth and sixth claims for relief should be dismissed without leave to amend.

E. **The Tenth Claim for Relief Fails to State a Claim for Conversion**

Plaintiff's tenth claim for relief seeks recovery of the Med-Venture Transfer and Aurora Transfer based upon conversion. In California, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: **(1) the plaintiff's ownership or right to possession of the property**; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015)(emphasis added). Consistent with Plaintiff's first claim for relief, the tenth claim for relief necessarily fails because the Proceeds used to make the Med-Venture Transfer and Aurora Transfer were not Debtor's property and the estate had no right to possession of same. Therefore, Plaintiff's tenth claim for relief must be dismissed without leave to amend because Plaintiff cannot establish that Debtor or the estate owned or has a right to possession of the Proceeds used to fund the Med-Venture Transfer or the Aurora Transfer.

F. **Portions of the Complaint Should be Stricken**

Federal Rule of Civil Procedure 12(f) provides that on a motion made by a party, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Indeed, Rule 12(f) exists because continued litigation of a defense that is

14

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE

Case: 2:10-50529 Doc# 56 Filed: 10/05/22 Entered: 10/05/22 10:35:24 Page 14 of 17

'insufficient . . . redundant, immaterial, impertinent, or scandalous' necessarily wastes courts' and parties' resources." Fed. R. Civ. P. 12(f)." *United States SEC v. Volkswagen AG (In re Volkswagen "Clean Diesel" Mktg., Sales, Practices, & Prods. Liab. Litig.)*, 2020 U.S. Dist. LEXIS 232688, *189. In the event the Court does not dismiss the first claim for relief, Defendants request that Paragraphs 157 and 158 of the Complaint be stricken pursuant to Rule 12(f), as this Court has already ruled that the property held by Coastal, a non-debtor corporation, is not property of the estate pursuant to Code §§ 541(a)(6) or (a)(7) – and thus are insufficient, immaterial or impertinent allegations. Furthermore, and regardless of whether the Court dismisses the second or third claims for relief, Defendants request that the reference to "544" in Paragraph 8 of the Complaint[5] be stricken because no claim pursuant to § 544 is asserted by Plaintiff. Due to the fact that the Complaint does not contain a claim under § 544, Plaintiff's reference to "544" in Paragraph 8 is insufficient, immaterial or impertinent to the Complaint.

## IV. CONCLUSION

Based on the aforementioned, Defendants respectfully request that the Motion be granted in its entirety and Plaintiff's first, second, third, fourth and tenth claims for relief against Defendants be dismissed without leave to amend.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

Dated: January 6, 2022        By: /s/ *Ryan D. O'Dea*
       Leonard M. Shulman
       Ryan D. O'Dea
       Attorneys for Defendants Aurora Capital Advisors, Richard Babcock, Anthony Nobles and Med-Venture Investments, LLC

---

[5] Paragraph 8 states, in relevant part: "The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 542, **544**, 549, 550, and 551." (emphasis added).

In re:      **Robert Brower Sr - Debtor**
BK Case No.: **15-bk-50801-MEH**

**Michael G. Kasolas, etc., et al vs. Patricia Brower, etc., et al
ADV NO. 21-ap-05029-MEH**

# CERTIFICATE OF SERVICE

I, Lori Gauthier, declare that I am a citizen and resident of the United States of America and over 18 years of age and not a party to the within entitled litigation. My business address is Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618. On this date I served the following documents on the person named below by placing a true copy thereof in a sealed envelope with first class postage thereon, fully prepaid, in the United States mail at Irvine, California addressed as addressed below or by e-mail or by electronic filing, as set forth below:

**AURORA CAPITAL ADVISORS, RICHARD BABCOCK, ANTHONY NOBLES AND MED-VENTURE INVESTMENTS, LLC's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AND TO STRIKE PURSUANT TO RULE 12(f)**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 6, 2022, at Irvine, California.

/s/ Lori Gauthier

## ELECTRONIC SERVICE LIST:

- Jessica L. Bagdanov    jbagdanov@bg.law, ecf@bg.law
- Jason B. Komorsky    jkomorsky@bg.law, ecf@bg.law
- Ryan O'Dea    rodea@shbllp.com
- Rogelio Serrano-Gutierrez    rserrano@kdvlaw.com
- Wendy W. Smith    Wendy@bindermalter.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.com

## MAIL SERVICE LIST:

Aurora Capital Advisors,
18101 Von Karman, Suite 230
Irvine, CA 92612

Patricia Brower
2 Christopher Court
Flanders, NJ 07836

Robert Brower, Jr.
25 Sunderland Lane
Katonah, NY 10536

Coastal Wine Services, LLC,
Attn: Willford Brooks Lindley, agent
340 El Camino Real South
Salinas, CA 93901

Deerleaf Holdings, Inc.,
c/o United States Corporation Agents, In
221 N. Broad St., Suite 3A
Middletown, DE 19709

Great American Wineries, Inc.
Attn:Robert Brower, Jr., Agent
28088 Barn Court
Carmel, CA 93923

Jaurigue Law Group,
Attn: Michael Jaurigue, Managing Shareho
300 W. Glenoaks Blvd., #300
Glendale, CA 91202

Wilford Butch Lindley
340 El Camino Real South
Salinas, CA 93901

Pohanka of Salisbury, Inc.,
Attn: Neal Johnson, agent for service
1772 Ritchie Station Court
Capital Heights, MD 20743