1  STEVEN T. GUBNER – Bar No. 156593
   JASON B. KOMORSKY – Bar No. 155677
2  JESSICA L. BAGDANOV – Bar No. 281020
   JESSICA S. WELLINGTON – Bar No. 324477
3  BG LAW LLP
   21650 Oxnard Street, Suite 500
4  Woodland Hills, CA 91367
   Telephone: (818) 827-9000
5  Facsimile: (818) 827-9099
   Email:     sgubner@bg.law
6              jkomorsky@bg.law
               jbagdanov@bg.law
7              jwellington@bg.law

8  Attorneys for Michael G. Kasolas, Liquidating Trustee
   For the Robert Brower, Sr. Liquidating Trust

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>   Debtor. | Bk. Case No. 15-50801 MEH<br><br>Chapter 11<br><br>Adv. Case No. 21-05029 MEH |
| MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust,<br><br>   Plaintiff,<br><br>v.<br><br>PATRICIA BROWER, solely as trustee of the BROWER TRUST (2015), dated June 30, 2015; et al.,<br><br>   Defendants. | **PLAINTIFF'S OPPOSITION TO DEFENDANT OLDFIELD CREELY, LLP'S CORRECTED SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**<br><br>Date: February 7, 2022<br>Time: 11:00 a.m.<br>Place: Courtroom 11<br>   United States Bankruptcy Court<br>   280 South First Street<br>   San Jose, California 95113 |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. DISCUSSION .................................................................................................................2

    A. The Anti–SLAPP Statute ...................................................................................2

    B. The Filing of the Motion Is Untimely................................................................3

    C. Defendant Failed to Satisfy its Burden of Establishing that the Claims Arose from Protected Activity.......................................................................................7

    D. Defendant's Late-Filed and Meritless Anti-SLAPP Motion is Frivolous, And the Liquidating Trustee Should Recover His Fees and Costs Incurred to Defend It ............................................................................................................13

III. CONCLUSION..............................................................................................................14

# TABLE OF AUTHORITIES

Page

**Cases**

*Baharian-Mehr v. Smith*,
 189 Cal. App. 4th 265 (2010) ............................................................................................... 13

*Barry v. State Bar of California*,
 2 Cal. 5th 318 (2017) ............................................................................................................ 2

*California Back Specialists Medical Group v. Rand*,
 160 Cal. App. 4th 1032 (2008) ............................................................................................. 11

*Coretronic Corp. v. Cozen O'Connor*,
 192 Cal. App. 4th 1381 (2011) ............................................................................................... 3

*Equilon Enterprises v. Consumer Cause, Inc.*,
 29 Cal. 4th 53 (2002) ........................................................................................................ 4, 6

*Farmers Ins. Exchange v. Zerin*,
 53 Cal. App. 4th 445 (1997) ................................................................................................ 11

*Gerbosi v. Gaims, Weil, West & Epstein, LLP*,
 193 Cal. App. 4th 435 (2011) .............................................................................................. 13

*Hylton v. Frank E. Rogozienski, Inc.*,
 177 Cal. App. 4th 1264 (2009) ............................................................................................ 11

*Ketchum v. Moses*,
 24 Cal. 4th 1122 (2001) ...................................................................................................... 13

*Martinez v. Metabolife Internat., Inc.*,
 113 Cal. App. 4th 181 (2003) .............................................................................................. 11

*Mission Beverage Co. v. Pabst Brewing Co., LLC* ,
 15 Cal. App. 5th 686 (2017) .................................................................................................. 7

*Moore v. Shaw*,
 116 Cal. App. 4th 182 (2004), *as modified* (Mar. 26, 2004) .............................................. 13

*Morin v. Rosenthal*,
 122 Cal. App. 4th 673 (2004) ................................................................................................ 6

*Navellier v. Sletten*,
 29 Cal. 4th 82 (2002) ............................................................................................................ 3

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*,
 4 Cal. 5th 637 (2018) .................................................................................................... 3, 4, 6

*Oasis W. Realty, LLC v. Goldman*,
 51 Cal. 4th 811 n.1 (2011) .................................................................................................... 2

*Park v. Board of Trustees of California State University*,
 2 Cal. 5th 1057 (2017) ................................................................................................. 3, 7, 8

*People ex rel. Lockyer v. Brar*,
  115 Cal. App. 4th 1315 (2004) .................................................................................. 2

*Platypus Wear, Inc. v. Goldberg*,
  166 Cal. App. 4th 772 (2008) .................................................................................... 6

*Ramona Unified School Dist. v. Tsiknas*,
  135 Cal. App. 4th 510 (2005) .................................................................................. 11

*Rusheen v. Cohen*,
  37 Cal. 4th 1048 (2006) ..................................................................................... 2, 10

*Simmons v. Allstate Ins. Co.*,
  92 Cal. App. 4th 1068 (2001) .................................................................................... 4

*Susott v. Erdman*,
  2020 WL 2898118 (Cal. Ct. App. June 3, 2020) ................................................. 8, 10

*Sylmar Air Conditioning v. Pueblo Contracting Services., Inc.*,
  122 Cal. App. 4th 1049 (2004) .................................................................................. 4

*Tri-Tool Inc. v. Hansen*,
  2016 WL 921998 (Cal. Ct. App. Mar. 10, 2016) ...................................................... 10

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) ................................................................................... 13

*Wilson v. Cable News Network, Inc.*,
  7 Cal. 5th 871 (2019) ......................................................................................... 3, 7, 8

**Statutes**

11 U.S.C.
  § 327 ........................................................................................................................ 12
  § 330 ........................................................................................................................ 12

California Code of Civil Procedure
  § 128.5 ................................................................................................................. 2, 13
  § 128.5(b)(2) ............................................................................................................ 13
  § 425.16 ............................................................................................ 1, 2, 3, 7, 10, 13
  § 425.16(a) ................................................................................................................ 4
  § 425.16(c) .............................................................................................................. 13
  § 425.16(e) ............................................................................................................ 7, 8
  § 425.16(e)(1) ................................................................................................ 7, 10, 11
  § 425.16(e)(2) ................................................................................................ 7, 10, 11
  § 425.16(f) ............................................................................................................. 1, 3

**Rules**

Bankruptcy Rule
  2016(a) .................................................................................................................... 12

iii
Case: 21-05029   Doc# 84   Filed: 01/24/22   Entered: 01/24/22 15:34:08   Page 4 of 18

*People ex rel. Lockyer v. Brar*,
  115 Cal. App. 4th 1315 (2004) .................................................................................. 2

*Platypus Wear, Inc. v. Goldberg*,
  166 Cal. App. 4th 772 (2008) .................................................................................... 6

*Ramona Unified School Dist. v. Tsiknas*,
  135 Cal. App. 4th 510 (2005) .................................................................................. 11

*Rusheen v. Cohen*,
  37 Cal. 4th 1048 (2006) ..................................................................................... 2, 10

*Simmons v. Allstate Ins. Co.*,
  92 Cal. App. 4th 1068 (2001) .................................................................................... 4

*Susott v. Erdman*,
  2020 WL 2898118 (Cal. Ct. App. June 3, 2020) ................................................. 8, 10

*Sylmar Air Conditioning v. Pueblo Contracting Services., Inc.*,
  122 Cal. App. 4th 1049 (2004) .................................................................................. 4

*Tri-Tool Inc. v. Hansen*,
  2016 WL 921998 (Cal. Ct. App. Mar. 10, 2016) ...................................................... 10

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) ................................................................................... 13

*Wilson v. Cable News Network, Inc.*,
  7 Cal. 5th 871 (2019) ......................................................................................... 3, 7, 8

**Statutes**

11 U.S.C.
  § 327 ........................................................................................................................ 12
  § 330 ........................................................................................................................ 12

California Code of Civil Procedure
  § 128.5 ................................................................................................................. 2, 13
  § 128.5(b)(2) ............................................................................................................ 13
  § 425.16 ............................................................................................ 1, 2, 3, 7, 10, 13
  § 425.16(a) ................................................................................................................ 4
  § 425.16(c) .............................................................................................................. 13
  § 425.16(e) ............................................................................................................ 7, 8
  § 425.16(e)(1) ................................................................................................ 7, 10, 11
  § 425.16(e)(2) ................................................................................................ 7, 10, 11
  § 425.16(f) ............................................................................................................. 1, 3

**Rules**

Bankruptcy Rule
  2016(a) .................................................................................................................... 12

Michael G. Kasolas, Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust, and Plaintiff herein ("Liquidating Trustee" or "Plaintiff"), hereby opposes (the "Opposition") the *Defendant Oldfield Creely, LLP's Corrected Special Motion to Strike Plaintiff's First Amended Complaint Under Section 425.16 of the California Code of Civil Procedure* (the "Motion") [Doc. 70] filed on behalf of defendant Oldfield Creely, LLP ("Defendant"). In support of the Opposition, the Liquidating Trustee respectfully represents as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Almost six months after the Liquidating Trustee filed his initial complaint, after Defendant filed a motion to dismiss the initial complaint and after the Liquidating Trustee filed an amended complaint ("FAC") [Doc. 58], Defendant filed the clearly untimely Motion. Unless the FAC contains new causes of action or materially different allegations against a defendant, under California Code of Civil Procedure ("CCP") § 425.16 an anti-SLAPP motion must be filed within 60 days of filing the complaint. Cal. Civ. Proc. Code § 425.16(f). Here, the FAC does not add any new causes of action against the Defendant or any new allegations against Defendant that would re-open the time for Defendant to file the Motion. Defendant offers absolutely no explanation whatsoever for its failure to timely file the Motion. On this basis alone, the Court should deny the Motion.

Further, Defendant has not satisfied its burden to make a prima facie showing that the principal thrust or gravamen of the causes of action for fraudulent transfer and conversion involved protected speech or petitioning activity in connection with a public issue. Indeed, the FAC, and initial complaint, do not contain any allegations regarding any written or oral statement or writing made by Defendant in connection with the state court action or the bankruptcy case. FAC, ¶¶ 27, 146–49, 162–76, 210–212. Rather, the gravamen of the claims against Defendant is not the litigation funding activities, but the transfer of funds to Defendant for an improper purpose. The fraudulent transfer and conversion causes of action arise merely from conduct, i.e., transferring money, and not from any protected statements or writings made by Defendant. The fact that Defendant received the funds in connection with its representation of Chateau Julien is merely

1

incidental to the Liquidating Trustee's claims. As Defendant failed to make a prima facie showing in the Motion that the causes of action in the FAC arise from any protected speech or activity, the Court must deny the Motion.

Given that Defendant inexplicably filed the Motion many months after the 60-day statutory limit and that the Motion is directed toward allegations which do not implicate protected speech or conduct as a matter of law, the Motion is undeniably frivolous within the meaning of CCP §§ 425.16 and 128.5. Accordingly, the Court should award attorneys' fees and costs to the Liquidating Trustee incurred to defend it.

## II. DISCUSSION

### A. The Anti–SLAPP Statute

"SLAPP is an acronym for 'strategic lawsuit against public participation.'" *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 815 n.1 (2011). A SLAPP suit—a strategic lawsuit against public participation—seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. The [California] Legislature enacted Code of Civil Procedure section 425.16—known as the anti-SLAPP statute—to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1055–56 (2006) (internal citations omitted); *see also People ex rel. Lockyer v. Brar*, 115 Cal. App. 4th 1315, 1317 (2004) ("The point of the anti-SLAPP statute is that you have a right *not* to be dragged through the courts because you exercised your constitutional rights.") (emphasis in original).

"The anti-SLAPP statute's core provision authorizes defendants to file a special motion to strike '[a] cause of action against a person arising from' the petition or speech activities 'of that person ... in connection with a public issue.' (Code Civ. Proc., § 425.16, subd. (b)(1).)." *Barry v. State Bar of California*, 2 Cal. 5th 318, 321 (2017). "Such motions shall be granted 'unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.'" *Id.*

"An anti-SLAPP motion involves a two-step process." *Coretronic Corp. v. Cozen O'Connor*, 192 Cal. App. 4th 1381, 1387 (2011). First, "[t]he defendant has the burden of making a prima facie showing that one or more causes of action arise from an act in furtherance of the constitutional right of petition or free speech in connection with a public issue." *Id.* at 1388. "The defendant need not prove that the challenged conduct is protected by the First Amendment as a matter of law; only a prima facie showing is required." *Id.* "Arguments about the merits of the claims are irrelevant to the first step of the anti-SLAPP analysis." *Id.* "**The motion must be denied if the required prima facie showing is not made by the moving defendant.**" *Id.* (emphasis added).

"If the defendant carries its burden, the plaintiff must then demonstrate its claims have at least 'minimal merit.'" *Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 884 (2019) (quoting *Park v. Board of Trustees of California State University*, 2 Cal. 5th 1057, 1061(2017)). "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002) (emphasis in original).

### B. The Filing of the Motion Is Untimely

As a preliminary matter, Defendant's Motion must be denied because it is egregiously untimely. Under CCP § 425.16, an anti-SLAPP motion must be filed within 60 days of filing the complaint or, in the court's discretion, at any later time upon terms it deems proper. Cal. Civ. Proc. Code § 425.16(f). In *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal. 5th 637 (2018), the California Supreme Court determined how CCP § 425.16(f) applied to an amended complaint. The California Supreme Court concluded, "that, subject to the trial court's discretion under section 425.16, subdivision (f), to permit late filing, a defendant **must** move to strike a cause of action within 60 days of service of the **earliest complaint** that contains that cause of action. *Newport Harbor*, 4 Cal. 5th at 640 (emphasis added). The court went on to state that CCP § 425.16(f) should be interpreted to "permit an anti-SLAPP motion against an amended complaint if it could not have been brought earlier, but to prohibit belated motions that could have been brought earlier (subject to the trial court's discretion to permit a late motion)." 4 Cal. 5th at 645. The court

further held that an anti-SLAPP motion may be brought without court permission within 60 days of service of an amended complaint "only if the amended complaint pleads new causes of action that could not have been the target of a prior anti-SLAPP motion, or adds new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion." *Id.* at 641. Accordingly, an anti-SLAPP motion directed to an amended complaint may not seek to strike allegations or dismiss causes of action that has been included in earlier complaints. *See id.* at 640.

The legislative purpose behind this short time frame is clear: the anti-SLAPP motion is a procedural remedy, designed to quickly identify and dispose of lawsuits brought to chill the valid exercise of a party's constitutional right of petition or free speech. Cal. Civ. Proc. Code § 425.16(a). California's anti-SLAPP statute expressly permits courts at an early stage to dismiss meritless defamation cases aimed at chilling expression through costly, time-consuming litigation. *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 65 (2002). "In enacting the anti-SLAPP statute, the Legislature set up a mechanism through which complaints that arise from the exercise of free speech rights 'can be evaluated at an early stage of the litigation process' and resolved expeditiously.'" *Sylmar Air Conditioning v. Pueblo Contracting Services., Inc.*, 122 Cal. App. 4th 1049, 1055 (2004) (citing *Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001)).

Here, the causes of action that Defendant seeks to strike and the allegations upon which the claims are based were first made by the Liquidating Trustee almost six months ago in his initial complaint filed on July 22, 2021 [Doc. 1]. The FAC does not add any new causes of action against Defendant that could not have been the target of a prior anti-SLAPP motion. Specifically, both the FAC and the initial complaint include causes of action against Defendant for fraudulent transfers and conversion. Nor does the FAC add any new allegations regarding Defendant's activities that make previously pleaded causes of action subject to an anti-SLAPP motion. Indeed, the allegations in the FAC giving rise to the fraudulent transfer and conversion causes of action are sustainably similar to the allegations in the initial complaint. Specifically, the initial complaint and the FAC make the following factual allegations giving rise to the claims:

| July 22, 2021 Initial Complaint | December 23, 2021 FAC |
|---|---|
| 25. Defendant Oldfield Creely, LLP is a limited liability partnership ("Oldfield Creely") located in Carmel, California. Plaintiff is informed and believes that Oldfield Creely represented Chateau Julien, Inc. in connection with a state court action filed by MUFG Union Bank, N.A. against Chateau Julien, Inc. and Debtor. | 27. Defendant Oldfield Creely, LLP is a limited liability partnership ("Oldfield Creely") located in Carmel, California. Plaintiff is informed and believes that Oldfield Creely represented Chateau Julien, Inc. in connection with a state court action filed by MUFG Union Bank, N.A. against Chateau Julien, Inc. and Debtor. |
| 74. After receiving the Proceeds, the Trust, GAW, and ACP further transferred the Proceeds to several of the Defendants, as discussed below, including Debtor, the Trust, R. Brower, Deerleaf, Jaurigue Group and Oldfield Creely. Plaintiff is informed and believes that the subsequent transfers were made at Debtor's direction to further conceal assets of Debtor's bankruptcy estate. | 86. After the Trust, GAW, and ACP received the Proceeds, Debtor, who was in complete control of each of those entities, further transferred the Proceeds to several of the Defendants, as discussed below, including Debtor, the Trust, R. Brower, Deerleaf, Jaurigue Group and Oldfield Creely. Plaintiff is informed and believes that the subsequent transfers were made at Debtor's direction to further conceal assets of Debtor's bankruptcy estate. |
| 134. Postpetition, Oldfield Creely received at least $200,357.59 from Coastal and the Trust (the "Oldfield Creely Transfers"). *See* **Exhibit 20** attached hereto. Oldfield Creely is an initial transferee of $187,737.64 of the Proceeds from Coastal, and subsequent transferee of at least $15,338.80 in additional Proceeds from Coastal through the Trust. | 146. Postpetition, Debtor transferred at least $200,357.59 through Coastal and the Trust's bank accounts to Oldfield Creely (the "Oldfield Creely Transfers"). *See* **Exhibit 20** attached hereto. Debtor transferred at least $187,737.64 of the Proceeds from Coastal's bank accounts, and at least $15,338.80 of the Proceeds from the Trust's bank account. |
| 135. Plaintiff is informed and believes that Oldfield Creely represented Chateau Julien in connection with the State Court Action. Plaintiff is informed and believes that Coastal did not receive any benefit from its payment of legal fees on behalf of Chateau Julien. | 147. Plaintiff is informed and believes that Oldfield Creely represented Chateau Julien in connection with the State Court Action. Plaintiff is informed and believes that Coastal did not receive any benefit from its payment of legal fees on behalf of Chateau Julien. |
| 136. Oldfield Creely never filed an application to be employed as Debtor's special litigation counsel in his bankruptcy case, and Oldfield Creely has not received Court approval for payment of any of its fees, yet was paid over $200,000 in Estate property for its services. Accordingly, Plaintiff also seeks disgorgement of the fees that Oldfield Creely received under 11 U.S.C. § 330. | 148. Oldfield Creely never filed an application to be employed as Debtor's special litigation counsel in his bankruptcy case, and Oldfield Creely has not received Court approval for payment of any of its fees, yet was paid over $200,000 in Estate property for its services. Accordingly, Plaintiff also seeks disgorgement of the fees that Oldfield Creely received under 11 U.S.C. § 330. |

The only new allegations that were added in the FAC were allegations regarding Debtor's conduct; not Defendant's. Despite the fact that allegations substantially identical to the ones at issue in the Motion were made in the initial complaint almost six months ago, Defendant sat on its rights and waited until long after the 60 day period lapsed to file the Motion. Defendant offers absolutely <u>no</u> explanation whatsoever for its failure to recognize the express legislative intent of the anti-SLAPP statute to dispose of claims which purportedly chill free speech early in the proceedings, without great cost to the SLAPP target. *Equilon Enterprises*, 29 Cal. 4th at 65.

A party's failure to act diligently in pursuing SLAPP remedies is not something that should be dismissed as a non-event, or inconsequential. The overall purpose of the anti-SLAPP statute is to provide defendants with a procedural remedy which would allow prompt exposure and dismissal of SLAPP suits. The 60-day period in which a defendant may file an anti-SLAPP motion as a matter of right "appears to be intended to permit the defendant to test the foundation of the plaintiff's action before having to devote its time, energy and resources to combating a meritless lawsuit." *Morin v. Rosenthal*, 122 Cal. App. 4th 673, 681 (2004). Accordingly, the court must "carefully consider" whether allowing late filing is consistent with legislative goal of prompt resolution. *Platypus Wear, Inc. v. Goldberg*, 166 Cal. App. 4th 772, 784 (2008).

Where, as here almost six months have passed and no reason whatsoever for the delay is shown, permitting the Motion to be heard when it could have been – and should have been – filed six months ago would be an abuse of discretion. *See id*. at 776. Defendant has not identified any extenuating circumstances justifying a late filing of the Motion. In particular, when the Liquidating Trustee has already spent considerable time and expense defending Defendant's first motion to dismiss, and will spend more time and expense defending the Motion and Defendant's concurrently filed motion to dismiss [Doc. 73].

Defendant was required to move to strike the SLAPP causes of action within 60 days of service of the earliest complaint that contains the cause of action. *Newport Harbor*, 4 Cal. 5th at 640. As the FAC did not add any new allegations or causes of action against Defendant, it was required to file the anti-SLAPP motion within 60 days of service of the initial complaint. Defendant

6

Case: 21-05029    Doc# 84    Filed: 01/24/22    Entered: 01/24/22 15:34:08    Page 10 of 18

failed to do so and has offered no explanation for its failure. Moreover, Defendant failed to seek or obtain Court approval before filing the belated Motion. On this ground alone, the Motion should be denied.

### C. Defendant Failed to Satisfy its Burden of Establishing that the Claims Arose from Protected Activity

Even if the Court allows the late filed Motion, it still fails. Defendant irrefutably failed to satisfy its burden of demonstrating that the fraudulent transfer and conversion claims arise out of constitutionally-protected conduct.

"'[W]hether [activity] is protected under the anti-SLAPP statute' turns 'not [on] First Amendment law, but [rather on] the statutory definitions in . . . section 425.16, subdivision (e).'" *Mission Beverage Co. v. Pabst Brewing Co., LLC* , 15 Cal. App. 5th 686, 698 (2017). As pertinent here, CCP § 425.16(e), expressly defines an "act in furtherance of a person's right of petition" to include "any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law" and "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body." Cal. Civ. Proc. Code §§ 425.16(e)(1) and (e)(2).

At the first step, the defendant must "identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute." *Wilson*, 7 Cal. 5th at 884. The California Supreme Court recently clarified the first step of the anti-SLAPP process in *Wilson*. The *Wilson* court observed that the first step of the anti-SLAPP process focuses on a defendant's acts and conduct rather than the motives behind that conduct. *Id.* at 886–87. The *Wilson* court stated: "At the first step of the analysis, the defendant must make two related showings. Comparing its statements and conduct against the statute, it must demonstrate activity qualifying for protection. (See § 425.16, subd. (e).) And comparing that protected activity against the complaint, it must also demonstrate that the activity supplies one or more elements of a plaintiff's claims." *Id.* at 887. Accordingly, courts are to "consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." *Park*, 2 Cal. 5th at 1063. Once the court determines the actions by the defendant supplying the elements of the

claim, courts are then to evaluate whether the defendant has shown that any of those actions falls within one or more of the four categories of activities protected by the anti-SLAPP statute. *Wilson*, 7 Cal. 5th at 884. The statute applies "only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." *Park,* 2 Cal. 5th at 1060 (emphasis in original).

In the Motion, Defendant conclusively argues without any analysis whatsoever that the fraudulent transfer and conversion claims are subject to dismissal under the anti-SLAPP statute because the claims "arise out of Oldfield Creely's representation of its client, Chateau Julien, in the State Court Action." Doc. 71, 5:10–13. Defendant has not identified any allegations in the FAC regarding statements of any written or oral statement or writing made by Defendant in connection with the state court action or the bankruptcy case that would constitute protected activity under CCP § 425.16(e). FAC, ¶¶ 27, 146–49, 162–76, 210–212. Defendant cannot do so because there are no such allegations in the FAC. As demonstrated above, the FAC alleges that Defendant represented Chateau Julien in the state court action and that Defendant was improperly paid from funds held in Coastal's bank account at the Debtor's direction. The wrong complained of in the FAC is not that Defendant prosecuted the state court action on behalf of Chateau Julien. To be sure, the claims are not based on any actions or statements that Defendant made in the state court action. Rather, the wrong of complained of is the transfer of funds for an improper purpose, and thereafter, that Defendant converted the funds to its own use. Defendant's representation of Chateau Julien is just a step leading to the act for which liability is asserted.

Moreover, Defendant has not demonstrated that its representation of Chateau Julien supplies one or more of the elements of a fraudulent transfer claim or a conversion claim. Indeed, this case is analogous to *Susott v. Erdman*, 2020 WL 2898118 (Cal. Ct. App. June 3, 2020), which involved a claim for fraudulent transfer against attorneys that represented the plaintiff's brother, Daniel, in a separate action for financial and physical elder abuse. *Id.* at *1. After default judgment was entered against Daniel, he transferred interests in real property he owned to several parties. *Id.* at *1–2. Some of those transfers were in favor of the attorneys who represented him in the elder abuse case

for payment of legal fees owed to them. *Id.* The plaintiff subsequently sued the attorneys, among others, for fraudulent transfer. *Id.* The attorney defendants filed anti-SLAPP motions arguing that the "fraudulent transfer complaint arose from constitutionally protected petitioning activity—namely the funding of the attorneys' work representing Daniel in the elder abuse case." *Id.* at *2. The trial court denied the motions, finding that the "gravamen of [plaintiff's] fraudulent transfer claim is *not* those [litigation-funding] activities, but the transfer of funds for an improper purpose, i.e., to deprive [plaintiff] of his ability to collect on the judgment obtained." *Id.*

On appeal, the Court of Appeal for the Sixth District of California affirmed the trial court's ruling, finding that the attorney defendants did not carry their burden at the first step to show that the claims arose from protected activity. *Id.* at *4. The Appellate Court began its analysis by examining the elements of a fraudulent transfer claim as compared to the allegations in the complaint, stating, in relevant part:

> The only activities alleged in the complaint that supply an element of the fraudulent transfer cause of action are the transfers themselves— i.e., agreements by the various defendants to be bound by or benefit from the two loans secured by mortgages on Daniel's Hawaii property. That the transfers themselves are the only activities that supply an element of the claim is apparent when one looks to the two methods by which [plaintiff] can establish liability. Actual fraud requires a transfer plus a specific intent to hinder, delay, or defraud payment. If [plaintiff] can demonstrate that such intent existed, it is irrelevant how the funds might have been spent. Similarly, [plaintiff] can establish constructive fraud if he can demonstrate Daniel did not receive a reasonably equivalent value in return for the transfers. Again, **that the funds might have been used to finance litigation is irrelevant** if [plaintiff] can show Daniel did not receive something of reasonably equivalent value.

*Id.* at *4 (emphasis added).

The court went on to find that the fraudulent transfer claim did not arise from protected activity, reasoning:

> The fraudulent transfer cause of action thus arises merely from conduct—transferring money—and not from any particular statement or writing at all. Because it does not arise from a statement or writing, section 425.16, subdivision (e)(2) does not apply and defendants cannot show that the fraudulent transfer claim arises from protected activity. Though the transfers were *evidenced* by writings (the recorded mortgages), those writings do not supply an element of the claim. (See *Park, supra,* 2 Cal.5th at p. 1065 [" 'In deciding whether an action is a SLAPP, the trial court should distinguish

9

> between (1) speech or petitioning activity that is mere *evidence* related to liability and (2) liability that is *based on* speech or petitioning activity.' "]; *Baral v. Schnitt* (2016) 1 Cal.5th 376, 394 ["Allegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute."].)

*Id.* (emphasis in original).

As Defendant does in its Motion, the attorney defendants in *Susott* cited to *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006) in support of their argument that the fraudulent transfer claim arose from protected activity. In *Rusheen*, the California Supreme Court stated that any act in furtherance of a person's rights of petition or free speech can include "communicative conduct such as the filing, funding, and prosecution of a civil action." 37 Cal. 4th at 1056. The Appellate Court rejected this argument noting that the "*Rusheen* court's general statement about communicative conduct *potentially* constituting an act in furtherance of a person's rights of petition or free speech did not and could not expand the statutory categories of protected activity beyond those in section 425.16, subdivision (e)." *Susott*, 2020 WL 2898118, at *4 (emphasis in original). The Appellate Court noted that the "[f]or that to apply, defendants must show that the complaint alleges statements or writings in connection with an issue under consideration in the elder abuse case that supply an element of the fraudulent transfer cause of action." *Id.*

Similarly, here, the claims against Defendant arise merely from conduct—transferring money—and not from any statement or writing made by Defendant in the state court action. Because the claims do not arise from any statement or writing, CCP §§ 425.16(e)(1) and (e)(2) do not apply, and Defendant cannot show that the claims arise from protected activity. *See also Tri-Tool Inc. v. Hansen*, 2016 WL 921998, at *8–9 (Cal. Ct. App. Mar. 10, 2016) (finding that fraudulent transfer claims did not arise from protected activity within the meaning of CCP § 425.16). That Debtor transferred the funds to Defendant to fund the state court litigation is irrelevant to the elements of causes of action for fraudulent transfer and conversion. In order for the Liquidating Trustee to prevail on his causes of action for fraudulent transfer, he needs to show that Coastal either transferred the funds to Defendant with the intent to hinder, delay, or defraud payment, or that Coastal did not receive reasonably equivalent value in return for the transfers. The Liquidating

10

Trustee submits that, at minimum, he can show that Coastal did not receive reasonably equivalent value because the legal services provided by Defendant did not benefit Coastal in any way. As admitted by Defendant numerous times in the Motion, the legal services provided by Defendant benefitted Chateau Julien. Coastal was not a defendant in the state court action, and therefore, received no benefit from funding the litigation. Additionally, the Liquidating Trustee submits that the allegations in the FAC sufficiently allege circumstantial evidence of Debtor's fraudulent intent in making the transfers at issue.

Likewise, in California, "[t]he elements of a conversion are the creditor's ownership or right to possession of the property at the time of the conversion; the debtor's conversion by a wrongful act or disposition of property rights; and damages." *Farmers Ins. Exchange v. Zerin,* 53 Cal. App. 4th 445, 451 (1997). Again, the conversion claim arises merely from conduct and not from any protected activity. Accordingly, CCP §§ 425.16(e)(1) and (e)(2), which Defendant relied upon in the Motion, do not apply.

Even assuming *arguendo*, the Court determines some of the activity is protected, Defendant's activity is not subject an anti-SLAPP motion, as the conduct is 'merely incidental' to the unprotected conduct." Numerous courts have noted that "[t]he principal thrust or gravamen of a cause of action determines whether the anti-SLAPP statute applies." *California Back Specialists Medical Group v. Rand*, 160 Cal. App. 4th 1032, 1036–37 (2008); *Ramona Unified School Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 519–20 (2005). The court must assess "the principal thrust by identifying '[t]he allegedly wrongful and injury-producing conduct ... that provides the foundation for the claim.'" *Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal. App. 4th 1264, 1272 (2009) (quoting *Martinez v. Metabolife Internat., Inc.*, 113 Cal. App. 4th 181, 189 (2003)). The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's activity that gives rise to his or her asserted liability -- and whether that activity constitutes protected speech or petitioning. *Id*. The anti-SLAPP statute does not apply where the protected activity is only collateral or incidental to the purpose of the transaction or occurrence underlying the complaint. *Id*.

Here, the gravamen of the causes of action against Defendant is the transfer of funds by Debtor to Defendant for an improper purpose, and Defendant's liability to this estate as a result thereof. That Debtor transferred the funds to Defendant to pay for the legal services provided to Chateau Julien is incidental to the gravamen of the claims, which is that Debtor should not have transferred the funds at all. The Liquidating Trustee's claims against Defendant do not rely on any statement or writing made by Defendant. These claims solely rely on Debtor and Defendant's conduct, which is not a protected activity. The fact that Defendant represented Chateau Julien is merely incidental to the fraudulent transfer and conversion claims.

Moreover, Defendant's claim is antithetical to bankruptcy law, which required Defendant to get court approval to be retained by Debtor and to be paid by the estate. The Trustee's theory is that Defendant represented the Debtor post-petition, failed to get court approval for such representation, and failed to get approval for payment made thereon in violation of the Bankruptcy Code. *See* 11 U.S.C. §327, 11 U.S.C. §330, and Bankruptcy Rule 2016(a). Having failed to get such approval, the entirety of those payments are subject to disgorgement. The Anti-SLAPP statute is neither applicable nor would it preempt the Bankruptcy Code prescriptions on retention of and payment to professionals of the estate. Alternatively, if Coastal is not found to be the alter ego of the Debtor, then the legal services Defendant provided Coastal provided no value to the Debtor and, therefore, the Debtor would be entitled to the return of the fees he paid as a fraudulent transfer. Again, the crux of that claim has nothing to do with any statement or writing made by the Defendant, but simply the source of funds used to compensate the Defendant (which if Coastal is a separate entity were funded by an entity that was not being represented by Defendant).

Accordingly, Defendant has not satisfied its burden to make a prima facie showing that the causes of action for fraudulent transfer and conversion involved protected speech or petitioning activity in connection with a public issue. Thus, the Motion must be denied as Defendant has not carried its burden at the first step.

/ / /

/ / /

12

### D. Defendant's Late-Filed and Meritless Anti-SLAPP Motion is Frivolous, And the Liquidating Trustee Should Recover His Fees and Costs Incurred to Defend It

If the court finds a special motion to strike is "frivolous or is solely intended to cause unnecessary delay," it is required to award costs and reasonable attorney fees "pursuant to Section 128.5" to a "plaintiff prevailing on the motion." Cal. Civ. Proc. Code § 425.16(c); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) *see also United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-973 (9th Cir. 1999) (federal courts sitting in diversity must apply California's anti-SLAPP statute, including its attorneys' fees provision). CCP § 128.5 (b)(2) defines "frivolous" to mean "totally and completely without merit" or "for the sole purpose of harassing an opposing party."

The determination that an anti-SLAPP motion is "totally and completely without merit" requires a finding that "any reasonable attorney would agree such motion is totally devoid of merit." *Moore v. Shaw*, 116 Cal. App. 4th 182, 199 (2004), *as modified* (Mar. 26, 2004); *Gerbosi v. Gaims, Weil, West & Epstein, LLP*, 193 Cal. App. 4th 435, 450 (2011) (fee award to opponent proper where no reasonable attorney would have believed there was merit to defendant's anti-SLAPP motion given the nature of plaintiff's claims); *Baharian-Mehr v. Smith*, 189 Cal. App. 4th 265, 275 (2010) (business dispute that simply mentions incidental protected activity not subject to anti-SLAPP motion).

Where, as here, the anti-SLAPP motion is inexplicably filed many months outside the 60-day statutory limit and is directed toward allegations which do not implicate protected speech or conduct as a matter of law, the motion is undeniably frivolous within the meaning of CCP §§ 425.16 and 128.5. Accordingly, the Liquidating Trustee should be awarded his fees and costs incurred to defend it. Should the Court find that the Motion was frivolous, the Liquidating Trustee's counsel will submit a declaration to the Court regarding its fees and costs incurred defending the Motion.

/ / /

/ / /

/ / /

13

Case: 21-05029    Doc# 84    Filed: 01/24/22    Entered: 01/24/22 15:34:08    Page 17 of 18

## III. CONCLUSION

For the foregoing reasons, the Motion must be denied, and the Liquidating Trustee should be awarded his costs and reasonable attorneys' fees for defending against this frivolous endeavor.

DATED: January 24, 2022

BG LAW LLP

By: /s/ Jessica S. Wellington
Jason B. Komorsky
Jessica L. Bagdanov
Jessica S. Wellington
Attorneys for Michael G. Kasolas, Liquidating Trustee
For the Robert Brower, Sr. Liquidating Trust