| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | **KAUFMAN DOLOWICH & VOLUCK, LLP**<br>LOUIS H. CASTORIA (SBN 95768)<br>ROGELIO SERRANO (SBN 312004)<br>425 California Street, Suite 2100<br>San Francisco, CA 94104<br>Telephone: (415) 926-7600<br>Facsimile: (415) 926-7601<br>E-Mails: lcastoria@kdvlaw.com; rserrano@kdvlaw.com<br>Attorneys for Defendant<br>OLDFIELD CREELY, LLP |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br>**ROBERT BROWER, SR.,**<br>Debtor.<br>_____<br>**MICHAEL G. KASOLAS**, solely in his capacity as the Liquidating Trustee for the Robert Brower Sr. Liquidating Trust,<br>Plaintiff,<br>v.<br>**PATRICIA BROWER,** solely as trustee of the BROWER TRUST (2015), dated June 30, 2015; et al.<br>Defendants. | Case No.: 15-bk-50801-MEH<br>Chapter 11<br>Adv. No.: 21-ap-05029-MEH<br>**DEFENDANT OLDFIELD CREELY, LLP'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT OLDFIELD CREELY, LLP'S CORRECTED SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**<br>[Motion and Notice of Motion Concurrently Filed]<br>**Hearing Date**:<br>Date: February 7, 2022<br>Time: 11:00 a.m.<br>Place: To Be Held Telephonic or Video |

<u>**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY**</u>

<u>**JUDGE, PLAINTIFF, ALL DEFENDANTS AND ALL THEIR ATTORNEYS OF RECORD:**</u>

Defendant Oldfield Creely, LLP ("Oldfield Creely") hereby brings this reply (the "Reply") in Support of its Special Motion to Strike Plaintiff's First Amended Complaint Under Section 425.16 of the California Code of Civil Procedure (the "Motion") and in response to Plaintiff's opposition

1
DEFENDANT OLDFIELD CREELY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT OLDFIELD CREELY, LLP'S CORRECTED SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

(the "Opposition") to the Motion. In support of this Reply and the Motion, Oldfield Creely respectfully represents as follows:

## I. OLDFIELD CREELY ANTI-SLAPP MOTION IS TIMELY

### A. The Anti-SLAPP Motion Was Filed Within 60-Days of Plaintiff's New Allegations

Under California Code of Civil Procedure ("CCP") section 425(f), an anti-SLAPP motion must be filed within 60 days of filing the complaint or, in the court's discretions, at any later time it deems proper. "An amended complaint reopens that time to file an anti-SLAPP motion without court permission only if the amended complaint pleads new causes that could not have been the target of a prior anti-SLAPP motion, or **add new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion**." *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal. 5th 637, 641 (2018) (citation omitted).

Here, the Motion was filed within 60 days of the FAC[1] being served. Moreover, Plaintiff is now making new material allegations to support the state law claims:

1. Plaintiff alleges that he has standing to bring these claims as a shareholder and creditor because he stands in the shoes of the Debtor,
2. Plaintiff claims he was injured because Coastal paid the legal fees owed to Oldfield Creely instead of distributing those Proceeds to Debtor's Estate. FAC, ¶¶ 163-166, 172-173.

In the original complaint, Plaintiff was unclear on the alleged grounds and basis that permit him to pursue the state law claims. Therefore, Oldfield Creely could not ascertain if an anti-SLAPP motion was appropriate at the time. For the first time, Plaintiff specifies that he pursues the claims as a shareholder and creditor of Coastal because it chose to fund the civil defense of Chateau Julien in the State Court Action, which is the gravamen of Plaintiff's state claims.

The state law conversion claim must also be stricken as to Oldfield Creely to the extent Plaintiff, as a creditor or shareholder, seeks to avoid the legal fee payments to Oldfield Creely. As

---

[1] All capitalized terms not otherwise defined here have the meaning set forth in the Memorandum of Points and Authorities filed in support of the Motion.

2
DEFENDANT OLDFIELD CREELY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT OLDFIELD CREELY, LLP'S CORRECTED SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER SECTION 425 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE

Case 2:21-cv-05029 Doc# 67 Filed 00/31/22 Entered 01/31/22 10:16:42 Page 2 of 7

1  Oldfield Creely's receipt of payments is a protected act, and Plaintiff failed to established that he can

2  prevail on this claim as well.

### B. The Court Has Discretion to Consider the Motion on the Merits

Oldfield Creely's Special Motion was filed timely. As the Court will recall, Plaintiff did not request leave to amend his Complaint until November 15, 2021, during oral argument on Oldfield Creely's original Motion. Out of desperation Plaintiff threw a "Hail Mary pass," seeking an amendment to allege "new" facts which, if true, Plaintiff must have known before filing this suit.

Regardless, the Court has discretion to consider "a special motion to strike filed after the 60-day deadline even if moving defendant fails to request leave of court to file an untimely motion." *Chitsazzadeh v. Kramer & Kaslow*, 199 Cal.App.4th 676, 684 (2011). Here, the Court invited a responsive pleading to challenge the "new" theories by granting leave to amend.

In *Newport Harbor Ventures, LLC*, the moving party attempted to pursue an anti-SLAPP motion against plaintiff's third amended complaint after discovery had taken place, and the matter was two years into litigation. *Newport Harbor Ventures, LLC*, 4 Cal. 5th at 645. Here, unlike the moving party in *Newport Harbor Ventures, LLC*, Oldfield Creely filed its Motion as soon as Plaintiff changed its position in the FAC and prior to extensive discovery and litigation taking place. If the Motion was brought earlier, Oldfield Creely would have been speculating regarding Plaintiff's basis for standing and support for the state law claims. Therefore, Oldfield Creely respectfully requests that the Court proceed to consider the Motion's on the merits and grant it.

### II. OLDFIELD CREELY SATISFIED ITS BURDEN OF ESTABLISHING THAT THE CLAIMS AROSE FROM PROTECTED ACTIVITY

As discussed in the Motion, when the defendant makes the required showing that the claim arises from protected activity, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success. "A defendant's burden on the first prong is not an onerous one. A defendant need only make a prima facie showing that plaintiff's claim arise from the defendant's constitutional protected free speech or petition rights." *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP*, 18 Cal.App.5th 95, 112 (2017). Under CCP § 425.16, "a cause of

3
DEFENDANT OLDFIELD CREELY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT OLDFIELD CREELY, LLP'S CORRECTED SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE

action against person arising from ***any act*** of that person in furtherance of the person's right of petition or free speech…shall be subject to a special motion to strike…." CCP § 425.16(b)(1)(emphasis added). "Any act' includes communicative conduct such as the filing, **funding**, and prosecution of a civil action." *Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (emphasis added); *See also Sheley v. Harrop*, 9Cal.App.5th 1147, 1166 (2017) ("the payment of funds…constitutes protected activity that will be subject to a special motion to strike pursuant to section 425.16"). "It is well established that the protection of the anti-SLAPP statute extends to lawyers and law firms engaged in litigation-related activity." *Optional Capital, Inc*, 18Cal.App.5th at 113.

Here, Plaintiff's state law claims arise from the protected activity of *funding* Chateau Julien's civil defense. As noted in Plaintiff's opposition, "the wrong complained of is the transfer of funds for an **improper propose**…." Doc. 84, 17:17-18 (emphasis added). The sole purpose of the payments was to fund Chateau Julien's defense. Accordingly, Plaintiff must demonstrate that the legal fee payments were made with the intent to hinder, delay, or defraud in order to prevail on the second claim of Actual Fraudulent Transfers. *See* California Civil Code ("CC") §3439.04(a)(1).

To prevail on the third claim for Constructive Fraudulent Transfers, Plaintiff must demonstrate that the payments to Oldfield Creely were made without receiving a reasonably equivalent value. CC§3439.04(a)(2). Plaintiff claims "that Coastal did not receive reasonably equivalent value because the legal services provided did not benefit Coastal in any way." Doc. 84, 11:1-2. Hence, it pertinent to this claim whether Coastal received a reasonably equivalent value when it funded Chateau Julien's defense.

To prevail on the tenth claim for conversion, Plaintiff must demonstrate "…defendant's conversion by a wrongful act or disposition…." *Lee v. Hanley*, 61Cal.4th 1225, 1240. Plaintiff must prove that Oldfield Creely's receipt of the payments due to it from Coastal was a wrongful act or the funding agreement between Coastal and Oldfield Creely was a wrongful act. Again, the funding of the civil defense is central to claim, and expressly protected by California's anti-SLAPP statute.

Plaintiff chose to assert state-law claims to forestall the granting of Oldfield Creely's Motion. Oldfield Creely has established the first prong of the anti-SLAPP statute by demonstrating that the protected act of funding the civil defense of Chateau Julien is central to Plaintiff' state law claims.

### III. PLAINTIFF HAS FAILED TO ESTABLISH A PROBABILITY OF PREVALING ON THE STATE LAW CLAIMS

As Oldfield Creely has satisfied the first prong, "plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010) (quoting *Wilson v. Parker, Covert & Chidester*, 28Cal.4th 81, 821 (2002)). In California, fraud must be pled specifically with facts showing how, when, where, and to whom; general and conclusory allegations do not suffice. *Tenet Healthsystem Desert, Inc. v. Blue Cross of California*, 245 Cal. App. 4th 821, 837 (2016); *See also, Tatung Co. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1060 (C.D. Cal. 2014) ("[Federal Rule of Civil Procedure] 9(b) states that an allegation of fraud or mistake must state with particularity the circumstances constituting fraud. The 'circumstances' required by Rule 9(b) are the 'who, what, when, where, and how' of the fraudulent activity.").

Plaintiff's Opposition failed to cite any alleged facts in the FAC wherein it is specified how the actions of Oldfield Creely satisfy each element for the state law fraudulent transfer claims. Plaintiff merely states that "…at minimum, he can show that Coastal did not receive reasonably equivalent value…." Doc. 84, 11:1-2. Yet, Plaintiff ignored that the payment of legal fees Coastal agreed to pay "constituted an exchange of reasonably equivalent value for fraudulent transfer purposes under the Bankruptcy Code or California State law." *In re Walters*, 163 B.R. 575, 581 (Bankr. C.D.Cal. 1994) (citing *In re United Energy Corp.*, 944 F.2d 589, 595 (9th Cir. 1991)). Notably, Plaintiff fails to cite or state any facts that support the second claim for actual fraudulent transfers.

Plaintiff also cannot succeed on the second or third claims because Coastal is not a debtor. Per the FAC, Debtor fabricated the promissory notes and Coastal did not receive any benefit from

the notes. *See Id.* at 20:7-12. Thus, Coastal cannot be debtor where it owes no debt to Debtor or the Estate.

Plaintiff's Opposition made no contention that the conversation claim fails because the funds that were used for the legal fee payment to Oldfield Creely were not property of Debtor or the Estate. Therefore, Plaintiff failed to demonstrate that it can or should prevail on the tenth claim for conversion.

## IV. PLAINTIFF CANNOT RECOVER HIS FEES AND COSTS INCURRED IN DEFENDING THIS MOTION

"[A] plaintiff prevailing on an anti-SLAPP motion is entitled to an award of attorney fees and costs **only** if the court finds that the motion as frivolous or solely intended to cause unnecessary delay." *Chitsazzadeh*, 199 Cal.App. 4th at 683 (citing CCP§425.16(c)(1)). Moreover, if the Court finds that the motion was untimely, the fact that anti-SLAPP motion is "…untimely, standing alone, cannot support a finding that the motion is frivolous or solely intended to cause unnecessary delay." *Chitsazzadeh*, 199 Cal.App. 4th at 684.

As discussed in the Motion and this Reply, there are merits to this anti-SLAPP motion because the claims do arise from protected activity and Plaintiff failed to establish a probability of prevailing on the state law claims against Oldfield Creely. Therefore, Plaintiff cannot recover attorneys' fees and costs. However, the does not preclude Oldfield Creely from seeking its reasonable costs and fees incurred in filing the Motion and advocating it rights to have the FAC dismissed, with prejudice.

///

///

## V. CONCLUSION

For the reasons stated in the Motion, Oldfield Creely respectfully requests that the Motion be granted in its entirety by striking Plaintiff's second, third, and tenth claims from the FAC, and award to Oldfield Creely its reasonable attorneys' fees and costs, and enter judgment in favor of Oldfield Creely.

Date: January 31, 2022

Respectfully Submitted,

By ___/s/Louis H. Castoria_____
Louis H. Castoria
Rogelio Serrano
Attorney for Defendant,
Oldfield Creely, LLP