| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | **KAUFMAN DOLOWICH & VOLUCK, LLP**<br>LOUIS H. CASTORIA (SBN 95768)<br>ROGELIO SERRANO (SBN 312004)<br>425 California Street, Suite 2100<br>San Francisco, CA 94104<br>Telephone:    (415) 926-7600<br>Facsimile:     (415) 926-7601<br>E-Mails: lcastoria@kdvlaw.com; rserrano@kdvlaw.com<br>Attorneys for Defendant<br>OLDFIELD CREELY, LLP |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>**ROBERT BROWER, SR.,**<br><br>Debtor.<br><br>---<br><br>**MICHAEL G. KASOLAS**, solely in his capacity as the Liquidating Trustee for the Robert Brower Sr. Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>**PATRICIA BROWER,** solely as trustee of the BROWER TRUST (2015), dated June 30, 2015; et al.<br><br>Defendants. | Case No.: 15-bk-50801-MEH<br><br>Chapter 11<br><br>Adv. No.: 21-ap-05029-MEH<br><br>**DEFENDANT OLDFIELD CREELY, LLP'S REPLY TO PLAINTIFF'S OMNIBUS OPPOSTION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)[DOC.85]**<br><br>[Motion and Notice of Motion Concurrently Filed]<br><br>**Hearing Date**:<br>Date: February 7, 2022<br>Time: 11:00 a.m.<br>Place: To Be Held Telephonic or Video |

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY**

**JUDGE, PLAINTIFF, ALL DEFENDANTS AND ALL THEIR ATTORNEYS OF RECORD:**

Defendant Oldfield Creely, LLP ("Oldfield Creely") hereby brings this reply (the "Reply") in Support of its Motion to Dismiss (the "Motion") and in response to Plaintiff's opposition (the "Opposition") to the Motion. In support of this Reply and the Motion, Oldfield Creely respectfully represent as follows:

1

DEFENDANT OLDFIELD CREELY'S REPLY TO PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO

# I. PLAINTIFF INAPPROPRIATELY REITERATES ARGUMENTS THAT THE FUNDS WERE PROPERTY OF THE ESTATE

The Court has determined that the Proceeds[1] are Coastal's property and not Debtor's property. "Under the law of the case doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *Gallagher v. San Diego Unified Port. Dist.*, 14 F.Supp.3d 1380, 1389 (S.D. Cal. 2014)(quoting *U.S. v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998)).

Here, the issue of whether the Proceeds were property of Coastal or the Estate has been ruled on by the Court. The Court ruled that the Proceeds were the property of Coastal. Therefore, Plaintiff is barred from relitigating by the law of the Case doctrine. On this basis, Plaintiff can only raise a new theory that permits him to treat Coastal's property as Debtor's property and any attempt to relitigate the previously ruled on issue must be ignored.

Plaintiff's return to its rejected argument that the funds in question are Estate property only serves to underscore the Court's ruling entered on November 22, 2021. *See* Doc.[2] 42. If Plaintiff considers its property argument to be its lead one, that ship has sailed.

# II. THE ALTER EGO DOCTRINE DOES NOT MAKE OLDFIELD CREELY LIABLE FOR RECEIPT OF ITS FEES

"Whether an entity or individual is an alter ego of the corporation is a factual determination controlled by state law." *In re Ankeny*, 184 B.R. 64, 73 (B.A.P. 9th Cir. 1995) (internal citations omitted). "California's alter ego doctrine 'acts as a procedural mechanism by which an individual can be held jointly liable for the wrongdoing of his or her corporate alter ego.'" *In re L. Scott Apparel, Inc.*, 615 B.R. 881, 891 (C.D. Cal. 2020)(quoting *Double Bogey, L.P. v. Enea*, 794 F.3d 1047, 1052 (9th Cir. 2015)); *See also, In re Bellardita* ("*Bellardita*"), No. 05-60471-A-7, 2008 WL 4296554, at *11 (Bankr. E.D. Cal. Sept. 19, 2008) ("An alter ego claim is a claim of an abuse of the

---

[1] All capitalized terms not otherwise defined here have the meaning set forth in the Memorandum of Points and Authorities filed in support of the Motion.
[2] Numbered documents refer to the Court's Docket.

2
DEFENDANT OLDFIELD CREELY'S REPLY TO PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS

corporate privilege, such that the equitable owner of the corporation should be held liable for the actions of the corporation.").

As Coastal is a California corporation the relevant cases are those applying California law. From the cases cited in Plaintiff's opposition that applied California law, it appears that he relied primarily on *Bellardita* to attempt to hold Oldfield Creely as a third party liable under the alter ego theory. *Bellardita* relied on *Suhl v. Bumb*, 348 F.2d 869 (9th Cir. 1965) for its authority.

In *Suhl v. Bumb*, 348 F.2d 869 (9th Cir. 1965), the Court held that individuals and their two wholly-owned corporate entities were the alter egos of the **debtor** corporation and thus subject to the complete control of the bankrupt court. The third parties themselves were the alter egos of the debtor. The theory was not used to treat the third parties' property as property of the debtor, and *then* hold other third parties, such as Oldfield Creely, liable.

Plaintiff has failed to elaborate how the alter ego theory imposes liability on Oldfield Creely. The law firm is not the alter ego of the Debtor, and Coastal is not a debtor. At most, Plaintiff has plead some facts to support an alter ego theory against the Debtor, individually as manager/owner, or Coastal. Plaintiff has yet to prove that theory. Even if it were true as to the Debtor or Coastal, that does not mean that Coastal's assets become the Debtor's assets, or that it is bankrupt itself. *See Id.* at 874.

Based on the above, Plaintiff cannot assert a claim against Oldfield Creely under the alter ego theory or transform Coastal's property into estate property. The FAC must be dismissed without leave to amend.

### III. PLAINTIFF HAS NOT PLEAD SUFFICIENT FACTS TO SUPPORT THE STATE LAW CLAIMS

The state claims failed because the funds that were used to pay the legal fees were not property of the Estate, and the claims are not supported by the alleged facts. In California, fraud must be pled specifically with facts showing how, when, where, and to whom; general and conclusory allegations do not suffice. *Tenet Healthsystem Desert, Inc. v. Blue Cross of California*, 245 Cal. App. 4th 821, 837 (2016); *See also, Tatung Co. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1060 (C.D. Cal. 2014) ("[Federal Rule of Civil Procedure] 9(b) states that an allegation of fraud or

3
DEFENDANT OLDFIELD CREELY'S REPLY TO PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

mistake must state with particularity the circumstances constituting fraud. The 'circumstances' required by Rule 9(b) are the 'who, what, when, where, and how' of the fraudulent activity.").

Here, Plaintiff's opposition does not cite to any facts in the FAC that support the second claim for Actual Fraudulent Transfers that are specific to Oldfield Creely. Plaintiff's opposition cites to general allegations in the FAC. *See* Doc. 85, 16:2-4.

With regards to the third claim for Constructive Fraudulent Transfers, Plaintiff's sole allegation is that Coastal did not receive reasonably equivalent value because it paid for legal services that were provided to Chateau Julien. *See Id.* at 16:9-13. Yet, the FAC described a cooperative relationship between Chateau Julien and Coastal, "[u]ntil April 2016, Chateau Julien operated the winery on the Wine Estate Property, which it leased from Coastal. Chateau Julien was the entity responsible for wine sale, tours, and events at the Wine Estate Property." FAC 8: 1-4. Thus, Coastal benefitted if Chateau Julien prevailed in the state civil action due to their ongoing cooperative relationship.

Further, Coastal did not owe a debt to the Debtor. The FAC states that Debtor fabricated the promissory notes and Coastal did not receive any benefit from the notes. *See Id.* at 20:7-12. Coastal cannot owe funds that it did not receive. Consequently, if Plaintiff does have standing to bring the state law claims he cannot pursue them as a creditor because Coastal is not a debtor.

Lastly, the Doctrine of Unclean Hands or *in pari delico* defense is not barred because Plaintiff brings these claims standing in the shoes of the Debtor. *Id.* at 33:22-24, 34: 18-20. Here, Debtor's interest in Coastal were the legal or equitable interests that he had as a shareholder. *In re Delano*, 2014 WL 4966476, at *4-*5 and *In re Art & Architecture Books of 21st Century*, 2019 WL 9243053, at *16 only held that the Unclean Hands defense does not apply to avoidance claims brought under 11 U.S.C. § 548; but, the defense could be used against a trustee that brought the claims under 11 U.S.C. § 541. As the funds were not the property of Debtor 11 USC § 548 does not apply. Additionally, the Ninth Circuit has no case law that unequivocally prohibits the assertion of the Unclean Hands defense against a bankruptcy trustee for post-petition acts. *See In re Delano,* WL 9243053 at *16; *See also, In re Estate Fin. Mortgage Fund, LLC,* 565 Fed.Appx. 628, 630 (9th Cir.

4
DEFENDANT OLDFIELD CREELY'S REPLY TO PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(6)

2014) ("Given our disposition, we need not resolve the trustees' arguments that the *in pari delicto* and unclean hands defenses may never apply to bankruptcy trustees or to claims brought by trustees that arise post-petition.")

Based on the above, Plaintiff has failed to sufficiently plead the state law claims. Plaintiff must not be allowed to prolong the pleading stage of this case by requesting leave to make additional, equally futile, claims against Oldfield Creely.

## IV. OLDFIELD CREELY WAS NOT REQUIRED TO FILE AN APPLICATION FOR COMPENSATION

Oldfield Creely was not required to file the application because the legal fee payments were not property of the Estate, and it did not represent a debtor.

If Oldfield Creely had been required to file an application, the analysis of *Bank of Marin v. England*, 385 U.S. 99 (1966) is relevant and applicable. Similar to the Bank, Oldfield Creely had a contract with Coastal to provide a legal defense to Chateau Julien. Oldfield Creely could not be expected to predict the future and file an application to receive compensation before the funds are deem property of the Estate.

Accordingly, the ninth claim for disgorgement must be dismissed with prejudice.

## V. DISMISSAL OF ATTORNEY FEES & COSTS

Plaintiff only cited that the American Rule that the prevailing litigant is not entitled to collect a reasonably attorneys' fees "…can be overcome by statute or by an 'enforceable contract' allocating attorney's fees." *In re Carey*, 446 B.R. 384, 390-91 (B.A.P. 9th Cir. 2011)(citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). However, Plaintiff did not cite any statute or enforceable contract that allows him to circumvent the American Rule. As such, the prayer for attorney fees and costs must be dismissed from the FAC as a matter of law.

## VI. CONCLUSION

For the reasons stated in the Motion, Oldfield Creely respectfully requests that the Motion be granted in its entirety and Plaintiff's claims against it be dismissed without leave to amend.

5
DEFENDANT OLDFIELD CREELY'S REPLY TO PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO Page 5 of 6
Case: 21-05029 Filed: 01/31/22 Entered: 01/31/22 10:19:20 Page 5 of 6

The FAC and Opposition failed to establish that Plaintiff has any right of recovery against the law firm Oldfield & Creely, LLP.

Date: January 31, 2022				Respectfully Submitted,


				By  */s/ Louis H. Castoria*
				        Louis H. Castoria
				        Rogelio Serrano
				        Attorney for Defendant,
				        Oldfield Creely, LLP

6
DEFENDANT OLDFIELD CREELY'S REPLY TO PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO 12(b)(6)

Case: 21-05029    Doc# 188    Filed: 01/31/22    Entered: 01/31/22 10:19:20    Page 6 of 6