Leonard M. Shulman – Bar No. 126349
Ryan D. O'Dea – Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: lshulman@shulmanbastian.com;
rodea@shulmanbastian.com

Attorneys for Defendants Aurora Capital Advisors, Richard Babcock, Anthony Nobles and Med-Venture Investments, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>**ROBERT BROWER SR.**,<br><br>Debtor.<br><hr>**MICHAEL G. KASOLAS,** solely in his capacity as the Liquidating Trustee for the Robert Brower Sr. Liquidating Trust,<br><br>Plaintiff,<br>v.<br><br>**PATRICIA BROWER,** solely as trustee of the BROWER TRUST (2015), dated June 30, 2015; **GREAT AMERICAN WINERIES, INC.,** a California corporation; **DEERLEAF HOLDINGS, INC.,** a Delaware corporation; **ROBERT BROWER, JR.,** an individual; **MED-VENTURE INVESTMENTS, LLC,** a California limited liability company; **AURORA CAPITAL ADVISORS,** a California general partnership; **RICHARD BABCOCK,** an individual and general partner of Aurora Capital Advisors; **ANTHONY NOBLES,** an individual and general partner of Aurora Capital Advisors; **COASTAL WINE SERVICES, LLC,** a California limited liability company; **WILFORD BUTCH, LINDLEY,** an individual; **POHANKA OF SALISBURY, INC.,** a Maryland corporation; **JAURIGUE LAW GROUP,** a California professional corporation *dba* JLG Lawyers; **JOHNSON, ROVELLA, RETTERER, ROSENTHAL & GILLES, LLP,** a limited liability partnership; and **OLDFIELD CREELY, LLP,** a limited liability partnership,<br><br>Defendants. | Case No.: 15-bk-50801-MEH<br><br>Chapter 11<br><br>Adv. No.: 21-ap-05029-MEH<br><br>**AURORA CAPITAL ADVISORS, RICHARD BABCOCK, ANTHONY NOBLES AND MED-VENTURE INVESTMENTS, LLC's REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AND TO STRIKE PURSUANT TO RULE 12(f)**<br><br>**Hearing Date**:<br>Date: February 7, 2022<br>Time: 11:00 a.m.<br>Place: Courtroom 11<br>      United States Courthouse<br>      280 South First Street<br>      San Jose, California 95113<br><br>[Appearance also available via Zoom] |

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | SUMMARY OF ARGUMENT | 5 |
| II. | ARGUMENT | 6 |
| | A. The First Claim for Relief Fails to State a Claim for Avoidance of a Post-Petition Transfer Pursuant to § 549 of the Bankruptcy Code | 6 |
| | B. The Second and Third Claims for Relief Fail to State a Claim for Avoidance of a Fraudulent Transfer Pursuant to California Civil Code § 3439.01 *et seq.* | 11 |
| | C. The Fourth, Fifth, Sixth and Tenth Claims for Relief Fail to State a Plausible Claim For Relief and Must Be Denied Accordingly | 16 |
| | D. Portions of the Complaint Should be Stricken | 16 |
| III. | CONCLUSION | 18 |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

Case: 21-05029    Doc# 89    REPLY IN SUPPORT OF MOTION TO DISMISS AND STRIKE    Filed: 03/01/22    Entered: 03/01/22 20:19:43    Page 2 of 20

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Derrick*, 220 Cal. 770, 773 (1934) .......................................................................... 15

*Bank of America, N.A. v. Torkan (In re Yona)*, 2017 Bankr. LEXIS 1569 ................................ 9, 15

*Barclays/Am. Business Credit v. Adams (In re Adams)*, 31 F.3d 389 ............................................... 9

*Bennett v. Hollingsworth (In re Hollingsworth)*, 224 B.R. 822 ......................................................... 9

*Casey v. Rotenberg (In re Kenny G. Enters., LLC)*, 512 B.R. 628, 636-637 (C.D. Cal. 2014) .................................................................................................................................... 12

*Fladeboe v. American Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 54-55, (2007) ............................. 14

*Giacometti v. Arton Berm, Ltd. (In re Sukamto Sia)*, 349 B.R. 640 (Bankr. D. Hawaii 2006). 11, 12

*Hill v. Hill Dev. Co., LTD. (In re Hill)*, 265 B.R. 296, 301 ............................................................ 9

*In re Adams*, 31 F.3d 389, 394 (6th Cir. 1994) ............................................................................... 7

*In re Baker*, 68 B.R. 360 ................................................................................................................. 9

*In re Beshears*, 196 B.R. 464, 467 (Bankr. E.D. Ark. 1996) ......................................................... 7

*In re Delano*, 2014 WL 4966476 ................................................................................................. 11

*In re Friskney*, 282 B.R. 250, 253 (Bankr. M.D. Fla. 2002) .......................................................... 7

*In re Hill*, 265 B.R. 296, 300 (Bankr. M.D. Fla. 2001) .................................................................. 7

*In re Hollingsworth*, 224 B.R. 822, 829 (Bankr. M.D. Fla. 1998) ................................................. 7

*In re Pisculli*, No. 805-89678-REG, 2009 WL 700059 (Bankr. E.D.N.Y. Mar. 4, 2009) ............. 7

*In re Walhof Properties, LLC*, 613 B.R. 479 (Bankr. M.D. Fla. 2020) ......................................... 7

*In re Walhof Props.*, LLC, 613 B.R. 479 ....................................................................................... 9

*Jara v. Suprema Meats, Inc.*, 121 Cal.App.4th 1238 (2004) ......................................................... 13

*Jones v. Martinez*, 230 Cal. App. 4th 1248, 1254, (2014) ............................................................ 15

*Miller v. McColgan*, 17 Cal. 2d 432, 436 (1941) .......................................................................... 10

*Neary v. Mosher (In re Mosher)*, 417 B.R. 772 ............................................................................. 9

*Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (Cal. Ct. App. 2d Dist. 1999) ............................ 16

*O'Hare v. Marine Electric Co.*, 229 Cal. App. 2d 33, 36 (1964) ................................................... 15

*Schieffler v. Coleman (In re Beshears)*, 196 B.R. 464, 467 ........................................................... 9

*Schrage v. Schrage*, 69 Cal. App. 5th 126, 155 (2021)..................................................................... 14

*Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439 (9th Cir. 1979) ................................ 14

*Smith v. Friskney (In re Friskney)*, 282 B.R. 250 ............................................................................ 9

*Solinger v. A & M Records, Inc.*, 718 F.2d 298, 299 (9th Cir. 1983) ............................................. 14

*Stein v. United Artists Corp.*, 691 F.2d 885, 896 (9th Cir. 1982) ................................................... 14

*T.S.Haulers, Inc. v. Pisculli (In re Pisculli)*, 2009 Bankr. LEXIS 573, *6, 2009 WL 700059 ......... 8

*Vinci v. Waste Management, Inc.*, 36 Cal. App. 4th 1811, 1815 (1995).......................................... 14

**STATUTES**

28 U.S.C. § 1334 ............................................................................................................................. 17

Bankruptcy Code § 541(a)(6)..................................................................................................... passim

Bankruptcy Code § 541(a)(7)..................................................................................................... passim

Bankruptcy Code § 542 ................................................................................................................... 17

Bankruptcy Code § 544 ................................................................................................................ 5, 17

California Corporations Code § 800 ............................................................................................... 15

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

Case: 21-05029    REPLY IN SUPPORT OF MOTION TO DISMISS AND STRIKE    Page 4 of 20

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF, ALL DEFENDANTS AND ALL THEIR ATTORNEYS OF RECORD**:

Defendants Aurora Capital Advisors, Richard Babcock, Anthony Nobles and Med-Venture Investments, LLC (collectively, "Defendants") hereby submit this Reply in support of Defendants' motion to dismiss and strike ("Motion")[1] the first amended complaint for: (1) avoidance of post-petition transfers; (2) avoidance of fraudulent transfers; (3) avoidance of fraudulent transfers; (4) recovery of avoided transfers for benefit of the estate; (5) turnover; (6) accounting; (7) breach of fiduciary duty; (8) aiding and abetting breach of fiduciary duty; (9) disgorgement; and (10) conversion (the "Complaint") filed by Michael G. Kasolas ("Plaintiff") liquidating trustee for the bankruptcy estate of Robert Brower, Sr. ("Debtor"). In support of the Motion, and in reply to the opposition filed by Plaintiff (the "Opposition"), Defendants respectfully represent as follows:

## I. SUMMARY OF ARGUMENT

The Opposition is a collection of conclusory statements, unsupported by facts or applicable law. When taken together, the Opposition does not tip the scales in Plaintiff's favor, as the Proceeds are clearly not property of the estate under Section 541(a)(6) or 541(a)(7). The first claim for relief asserted in the Original Complaint was dismissed for failure to present plausible allegations that the Proceeds constitute property of the estate. Notwithstanding dismissal, this Court provided Plaintiff with an opportunity to assert "alternative bases for recovery of the Coastal proceeds" in an amended complaint. While it is true the Complaint contains a new "alter ego" theory in the alternative, it still contains allegations that the Proceeds are property of the estate vis-à-vis Bankruptcy Code §§ 541(a)(6) and (a)(7). As this theory of recovery was specifically rejected by the Court, all claims for relief relying upon such are not plausible and fail to state a claim. Furthermore, the Complaint attempts to refine Plaintiff's second and third claims for relief by alleging that Plaintiff "stands in the shoes of the Debtor" and is not relying upon § 544 to avoid the purportedly fraudulent transfers. However, the Complaint does not contain sufficient allegations that Debtor was individually harmed

---

[1] All capitalized terms not otherwise defined in this Reply shall have the meaning ascribed to same in the Motion and Defendants' Memorandum of Points and Authorities.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

by the purported transfers, and actually concedes that Debtor himself caused Coastal to make the Aurora Transfer and the Med-Venture Transfer. As a result, Plaintiff lacks standing to pursue derivative claims on behalf of Coastal, Coastal is estopped from seeking avoidance of the purported transfers due to being a participant in the alleged scheme, and Plaintiff – standing in Debtor's shoes – is estopped from avoiding the alleged transfers pursuant to California law.

Therefore, and for the reasons detailed below, the Motion should be granted because (1) the Complaint has no merit or basis in fact and must be dismissed without leave to amend for failure to state a plausible claim for relief; and (2) redundant, immaterial, or impertinent allegations in the Complaint must be stricken.

## II. ARGUMENT

### A. The First Claim for Relief Fails to State a Claim for Avoidance of a Post-Petition Transfer Pursuant to § 549 of the Bankruptcy Code

The Opposition evidences Plaintiff's procedurally improper attempt to seek reconsideration of this Court's prior ruling that the Proceeds were not property of the estate under Sections 541(a)(6) or 541(a)(7). The procedural background of this Court's prior ruling could not be clearer: (i) the Original Complaint proffered the bald assertion that the Proceeds were property of the estate under Code Sections 541(a)(6) and (a)(7); (ii) Defendants' First Motion asserted arguments and authorities providing that a shareholder has no ownership interest in corporate assets; (iii) Plaintiff's opposition to the First Motion provided arguments and inapplicable authorities in support of his position; and (iv) the Court found that the allegations in the Original Complaint and Plaintiff's arguments in opposition to the First Motion did not constitute a plausible claim regarding the Proceeds being property of the estate under Code Sections 541(a)(6) or (a)(7). The Complaint does nothing more than reassert that which was contained in the Original Complaint and Plaintiff's opposition to the First Motion. Furthermore, the Opposition provides almost identical arguments and authorities as those presented in opposition to the First Motion. Presenting the same thing a second time should not impact or alter the Court's ruling.

For example, Plaintiff's opposition to the numerous motions to dismiss the Original Complaint [dkt. no. 37] provided:

Defendants argue that the Proceeds cannot be property of the estate because the Proceeds were never distributed to the shareholders, Coastal was not liquidated, and no portion of the Proceeds were segregated and set aside for dividend payment. However, bankruptcy courts have routinely held that the primary asset of a closely held corporation owned by the debtor is property of the bankruptcy estate. *See e.g., In re Walhof Properties, LLC*, 613 B.R. 479 (Bankr. M.D. Fla. 2020)(holding that surplus proceeds resulting from sale of property owned by corporate chapter 11 debtor were not excluded from property of its direct and indirect equity holders' individual chapter 7 estates); *In re Friskney*, 282 B.R. 250, 253 (Bankr. M.D. Fla. 2002) ("The Court agrees that ordinarily the stock of a debtor's closely owned corporation (and consequently the value of its assets), after payment of the corporation's debts, is property of a debtor's bankruptcy estate."); *In re Hill*, 265 B.R. 296, 300 (Bankr. M.D. Fla. 2001) (the sole asset of a closely held corporation owned by the debtor was property of the estate such that the post-petition transfer of the asset was avoidable pursuant to 11 U.S.C. § 549); *In re Hollingsworth*, 224 B.R. 822, 829 (Bankr. M.D. Fla. 1998) (airplane which was owned by debtor's corporation and not by debtor himself was considered to be property of the debtor for purposes of denying debtor's discharge under 11 U.S.C. § 727(a)(2)); *In re Beshears*, 196 B.R. 464, 467 (Bankr. E.D. Ark. 1996) (real property owned by a closely held corporation in which debtor owned 50% of the stock was property of the estate, such that the postpetition transfer of the property was avoidable pursuant to 11 U.S.C. § 549); *In re Adams*, 31 F.3d 389, 394 (6th Cir. 1994) (transfer of property of a corporation wholly owned by the debtor was a transfer of property of the debtor). Moreover, in *In re Baker* the bankruptcy court held the debtor's wholly owned corporation became an asset of the bankruptcy estate upon filing of the debtor's chapter 11 petition such that the chapter 11 trustee could not make payments from the corporation to himself and others without the court's approval. Id. at 363-65.

Indeed, this case is on all fours with *In re Pisculli*, No. 805-89678-REG, 2009 WL 700059 (Bankr. E.D.N.Y. Mar. 4, 2009), aff'd, 426 B.R. 52 (E.D.N.Y. 2010), aff'd, 408 F. App'x 477 (2d Cir. 2011). In *Pisculli*, prior to the petition date, the debtor was the owner and sole shareholder of three corporations, LJC Truck Service Inc., J.R. Materials Corp. and A.N. Leasing Corp. *Id*. at *1. Approximately five months after the petition date, and while the debtor's chapter 13 case wa spending, the debtor sold assets owned by A.N. Leasing Corp. and used the sale proceeds to pay creditors of the debtor's other businesses and transferred $80,000 to the debtor's wife. *Id*. A month later, the debtor's chapter 13 case was converted to one under chapter 7. *Id*. Thereafter, two of the debtor's creditors filed a complaint objecting to the debtor's discharge under section 727(a)(2)(B) based on the transfers. *Id*. The bankruptcy court found that the sale proceeds constituted a postpetition transfer of property of the estate and denied the debtor's discharge. *Id*.

Dkt. No. 37; 8:1 through 9:6. When the aforementioned is compared to the Opposition at 8:25 through 11:19, it is glaringly apparent that Plaintiff is making the exact same arguments as he did in opposition to the First Motion. The passage of time neither makes the arguments any more compelling nor the authorities any more applicable.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

Case: 21-05029    REPLY IN SUPPORT OF MOTION TO DISMISS AND STRIKE
Doc# 89 Filed: 10/12/22 Entered: 10/12/22 10:59:23    Page 7 of 20

As was the case with the First Motion, Plaintiff's authorities are distinguishable from the facts of this case and none stand for the proposition that non-debtor corporate assets are property of an individual shareholder's bankruptcy estate under Code Sections 541(a)(6) or (a)(7). Despite Plaintiff's repeated statement that *In re Pisculli* is "on all fours" with this case, nothing could be further from the truth. As made clear in *Pisculli*, the court's ruling was predicated upon a finding that "[defendant] treated the Businesses, including specifically A.N., as an extension of himself and disregarded any semblance of separateness among the various Businesses." *T.S.Haulers, Inc. v. Pisculli (In re Pisculli)*, 2009 Bankr. LEXIS 573, *6, 2009 WL 700059. While *Pisculli* may speak to issues of alter ego, Plaintiff does not cite to it for that purpose. Rather, Plaintiff cites to *Pisculli* in support of his argument that the Proceeds are property of the estate pursuant to Code Sections 541(a)(6) and (a)(7). However, *Pisculli* fails to even cite to these Code sections – let alone support Plaintiff's position. *In re Pisculli* is further distinguishable in that: (i) it does not apply California law which is what determines the estate's property interest in this case; (ii) its rulings were in connection with a 727 denial of discharge action which is not relevant in this case; and (iii) unlike our case, all debts of the non-debtor corporation had been paid in full prior to the subject transfers. While the Opposition asserts that "all creditors other than the Debtor [were] paid in full [See e.g. Opposition 12: 5-6], the Complaint plainly alleges otherwise. See Complaint ¶ 81 ("On March 14, 2016, Debtor caused used $1,512,753 of the Proceeds to make a tax payment to the Internal Revenue Service. Between May 2017 and July 2020, the United States Treasury issued tax refunds to Coastal in the amount of $730,050.53.").[2] Therefore, *In re Pisculli* is distinguishable, inapplicable for the reason cited by Plaintiff and cannot serve as the legal predicate for finding that the Proceeds are property of the estate under Sections 541(a)(6) or 541(a)(7).

The other repeated authorities cited by Plaintiff fare no better and are equally distinguishable from the instant adversary case because none apply California law, Section 541(a)(6), or Section

---

[2] To be clear, the target transfers to Defendants are alleged to have occurred in April of 2015 and December of 2015, well before the March 2016 tax payment to the IRS. Further, if a tax refund of $730,050.53 was received, Plaintiff's own allegations support that the IRS was a creditor of Coastal and owed at least $782,702.47 after sale of the Winery Property that gave rise to the Proceeds.

541(a)(7) as a basis for property being an asset of the estate. For example: *Smith v. Friskney (In re Friskney)*, 282 B.R. 250 ("Having found that the money payable from CDP to JF is not property of Debtor's bankruptcy estate, the Court need not address the issue of whether there was a post-petition transfer of property of the estate." (emphasis added)); *Hill v. Hill Dev. Co., LTD. (In re Hill)*, 265 B.R. 296, 301 ("Plaintiff argues that Connie Sue Hill's substitution as general partner was a post-petition transfer and is thus avoidable by the Trustee pursuant to 11 U.S.C. § 549." (emphasis added)); *Bennett v. Hollingsworth (In re Hollingsworth)*, 224 B.R. 822 ("The Plaintiffs seek a denial of the general discharge pursuant to § 727(a)(2) for fraudulent concealment or transfer of property. The Plaintiffs allege that the Debtor fraudulently concealed or transferred his interest in LexAir [corporation]". (emphasis added)); *Barclays/Am. Business Credit v. Adams (In re Adams)*, 31 F.3d 389 (Discharge denied under Section 727 for individual chapter 7 debtors' misuse of corporate assets where corporation was also a chapter 11 debtor and individual debtors personally guaranteed subject debt.); *Schieffler v. Coleman (In re Beshears)*, 196 B.R. 464, 467 ("By the transfer, the debtor disposed of the entire value of his interest in the corporation."); *In re Baker*, 68 B.R. 360 (Involving a chapter 11 trustee's improper payment to himself from a corporation wholly owned by debtor because the corporation's stock was owned by the estate.); *In re Walhof Props.*, LLC, 613 B.R. 479 ("The Court must now determine who is entitled to the surplus sales proceeds. Ordinarily, this would be an easy question. Under the confirmed plan in this case, the surplus proceeds would be distributed to Walhof Properties' equity holders—Walhof & Co. and Bettina Walhof." (emphasis added)); *Bank of America, N.A. v. Torkan (In re Yona)*, 2017 Bankr. LEXIS 1569 (Standing for proposition that trustee has standing to avoid liens against corporation where bankruptcy estate is sole shareholder.); and *Neary v. Mosher (In re Mosher)*, 417 B.R. 772 (727 action predicated upon debtor's misrepresentations regarding property of corporation where corporate registration was revoked by state and where debtor was found to be corporation's alter ego.).

Taking Plaintiff's legal citations individually or together, the Opposition does not provide a single persuasive or binding case supporting that the Proceeds are property of the estate pursuant to Section 541(a)(6) or (a)(7). In an effort to distract from this shortcoming, Plaintiff conflates his "alter ego" theory with his 541(a)(6) and (a)(7) theory and states: "If anything, Debtor's subsequent

use of the Proceeds to purchase a home for himself does not defeat the Liquidating Trustee's legal argument, but rather bolsters it as it demonstrates Debtor's complete control over the Proceeds and lack of use of the Proceeds for legitimate business purposes." Opposition 14:4-7. Plaintiff's tautological reasoning in support of his Section 541(a)(6) and (a)(7) theory should be disregarded by the Court.

Further, Plaintiff presents an argument that because the Delaware property was acquired after sale of the Winery Property, somehow this Court's ruling on the First Motion should have been different. See Opposition 13:18-22. The Opposition characterizes the Delaware property as being purchased by debtor, but seemingly overlooks the Complaint's allegations that Coastal used the Proceeds to purchase the Delaware property and that said property was titled in Coastal's name. See Complaint ¶ 82. California law is clear, a shareholder has no property interest in assets owned by a corporation unless and until the corporation has been liquidated or when funds have been set aside for distribution. See *Miller v. McColgan*, 17 Cal. 2d 432, 436 (1941)("It is fundamental, of course, that the corporation has a personality distinct from that of its shareholders, and that the latter neither own the corporate property nor the corporate earnings. The shareholder simply has an expectancy in each, and he becomes the owner of a portion of each only when the corporation is liquidated by action of the directors or when a portion of the corporation's earnings is segregated and set aside for dividend payments on action of the directors in declaring a dividend."). Plaintiff neither contends that Coastal was liquidated prior to Coastal's purchase of the Delaware property nor that Coastal declared a dividend prior to the purchase of the Delaware property. Therefore, reliance upon an inapplicable hypothetical regarding what Coastal allegedly could have done between the sale of the Winery Property and purchase of the Delaware property is unavailing and cannot change the parameters of controlling California law.

Filtering out the noise presented by the Opposition, the fatal deficiencies of the Complaint's Section 541(a)(6) and (a)(7) allegations are the same as those in the Original Complaint. As these allegations have already been found to be insufficient to state a plausible claim that the Proceeds were property of the estate pursuant to Sections 541(a)(6) and (a)(7), the first, fourth, fifth, sixth and tenth claims for relief must be dismissed.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Case: 21-05029    Doc# 89    Filed: 07/30/22    Entered: 07/30/22 17:55:43    Page 10 of 20

B. **The Second and Third Claims for Relief Fail to State a Claim for Avoidance of a Fraudulent Transfer Pursuant to California Civil Code § 3439.01 *et seq*.**

The Opposition's conclusory statements and moving target arguments are legion. As an initial matter, Plaintiff attempts to support the propriety of his second and third claims for relief by stating: "Pursuant to the Plan, the Liquidating Trustee has the power to prosecute all claims held by Debtor's bankruptcy estate, including causes of action under 544 and 548 of the Bankruptcy Code." Opposition 16:16-17. While this may be an accurate statement, such is irrelevant because the second and third claims for relief are not based upon Sections 544 or 548. *See* Complaint 17:18-19 ("The estate's claim is not based on alleged harm to Coastal as a whole (i.e., section 544)." Therefore, it is of no consequence that the confirmed plan vested Plaintiff with authority to pursue claims under Section 544 or 548.

Next, Plaintiff asserts that he is not bound by the Debtor's purported wrongdoings when pursuing avoidance actions. For example, Plaintiff asserts "[f]or obvious reasons, the in pari delicto defense...do[es] not apply to avoidance power claims (as opposed to trustee claims based upon the debtor's pre-petition right) even if they arise pre-petition. See *In re Roussos*, 2016 WL 5349717, at *11–12; *In re Delano*, 2014 WL 4966476, at *4-*5 (holding that in pari delicto did not apply to avoiding power claims, including claim brought pursuant to Cal. Civ.Code § 3439.04). Complaint 19:1-6. The problem with Plaintiff's argument is the second and third claims for relief do not rely upon Plaintiff's strong-arm or avoidance powers under the Bankruptcy Code and the cases cited in the Opposition do not support otherwise.

Continuing with Plaintiff's argument that he is not bound by Debtor's alleged wrongdoings when standing in Debtor's shoes to avoid purported transfers, the Opposition asserts: "Turning specifically to post-petition claims, the case law is uniform that in pari delicto does not apply to any claims arising from the Debtor's post-petition conduct, as that conduct (including fraud) is not imputed to the Liquidating Trustee. Opposition 20:6-8. In support of this proposition, Plaintiff cites to *Giacometti v. Arton Berm, Ltd. (In re Sukamto Sia)*, 349 B.R. 640 (Bankr. D. Hawaii 2006) and states: "[t]he Sukamto Sia court held that the chapter 7 trustee was not precluded from pursuing an action against Sia and other conspirators for misappropriating property from creditors and from the

11

Case: 21-05029 Doc#: 89 Filed: 01/30/22 Entered: 01/30/22 15:45:30 Page 11 of 20
REPLY IN SUPPORT OF MOTION TO DISMISS AND STRIKE

bankruptcy estate." Opposition 20:14-16.  However, the Opposition fails to reveal that the *Sukamto Sia* court found that the trustee in that case was not bound by debtor's post-petition malfeasance in connection with that trustee's claim for conversion or avoidance of an unauthorized post-petition transfer.  Importantly, the *Sukamto Sia* court specifically found that the trustee could not make a claim for fraudulent transfer pursuant to Hawaii law under the facts asserted.  See *Giacometti v. Arton Berm., Ltd. (In re Sukamto Sia)*, 349 B.R. 640, 651-652 ("No authorities have been provided, and the court has found none, indicating the ability of a bankruptcy trustee to use the UFTA to avoid postpetition misappropriation, theft or conversion of property of a bankruptcy estate. The absence of authorities supports the conclusion that postpetition transfers are not within the ambit of fraudulent conveyance legislation.").

The sentiment of the *Sukamto Sia* court is in line with California district courts.  For example "[t]he fact that Congress specifically included a section dealing with postpetition transactions suggests that it solely intended for that section to govern transfers occurring after the filing of a bankruptcy petition. Section 549's breadth undergirds that conclusion. It generally applies to allow a trustee to set aside any postpetition transfer of estate property that is not authorized by the Bankruptcy Code or a bankruptcy court. Congress did not narrowly draft § 549 in such a way that it would be reasonable to think that it only applies to some postpetition transactions, leaving room for other sections to fill the gap. Rather, the fact that Congress used such sweeping language demonstrates that Congress envisioned § 549 as the sole tool for avoiding postpetition transfers. *Casey v. Rotenberg (In re Kenny G. Enters., LLC)*, 512 B.R. 628, 636-637 (C.D. Cal. 2014)(emphasis added). [3]

Holding that a trustee is not bound by the post-petition bad acts of a debtor makes sense when pursuing a Section 549 or conversion claim – specifically because both contain a requisite

---

[3] See also *Audette v. Kasemir (In re Concepts Am., Inc.)*, 2018 Bankr. LEXIS 1779 ("If the Trustee wishes to avoid a transfer of an interest of Concepts in property that is voidable under Illinois law by an unsecured creditor, he must use § 544(b) as the legal basis for his lawsuit. And § 544(b) limits his avoidance claims to prepetition transfers. Since all of the Post-Insolvency Transfers made to Draft Town and Lisa were made postpetition, the Trustee cannot state a claim against them for avoidance of fraudulent transfers." (emphasis added)).

12

Case: 21-05029    Doc#: 89    Filed: 01/30/22    Entered: 01/30/22 15:35:43    Page 12 of 20

REPLY IN SUPPORT OF MOTION TO DISMISS AND STRIKE

element that the property at issue is an estate asset. However, this is not what Plaintiff is alleging in the second or third claims for relief, as by statutory necessity the subject transfers would need to have been transfers of Coastal's property – not property of the estate. See Cal. Civ. Code 3439.04. Therefore, the authorities cited in the Opposition are distinguishable because none support a finding that Plaintiff can stand in the shoes of Debtor and avoid a post-petition fraudulent transfer Debtor participated in (whether utilizing Bankruptcy Code provisions or California statutes).

Putting aside the issue of in para delicto and Plaintiff's lack of standing to unwind a purported fraudulent transfer effectuated by Debtor, Plaintiff also lacks standing because the second and third claims are derivative in nature.[4] In opposition to the roundly accepted rule that a shareholder lacks standing to assert a claim based upon injury to a corporation, Plaintiff cites to the case of *Jara v. Suprema Meats, Inc.*, 121 Cal.App.4th 1238 (2004) for the proposition that "[t]he objective of preventing a multiplicity of lawsuits and assuring equal treatment for all aggrieved shareholders does not arise at all when there is only one minority shareholder. The objective of encouraging intracorporate resolution of disputes and protecting managerial freedom is entirely meaningless where the defendants constitute the entire complement of the board of directors and all the corporate officers." Opposition 17:5-10. *Jara* is distinguishable from the facts at issue, in that *Jara* involved

---

[4] Plaintiff also asserts he has standing as a creditor of Coastal. In support of this representation, Plaintiff asserts that he believes some amount of a $115,000 loan between Debtor and Coastal remains unpaid. Opposition 17:22-24. The second and third claims are not asserted pursuant to Section 544, and as such, Plaintiff's theoretical recovery of a fraudulent transfer as a creditor of Coastal would be capped at the remaining amount owed (if any) to Debtor. See Cal. Civ Code § 3439.07(a)(1). Putting aside the fact that the Complaint fails to allege the actual amount Plaintiff claims Debtor is owed as a creditor of Coastal: The Complaint makes clear that the Proceeds totaled approximately $7 million [Complaint ¶¶ 3 & 48], but that the transfers to be avoided under the Complaint total approximately $5.6 million [aggregating amounts asserted in exhibits affixed to the Complaint]. The delta of the Proceeds remaining with Coastal is far greater than the maximum amount of $115,000 allegedly owed to Debtor, and as such, Plaintiff cannot allege an injury in fact resulting from the alleged transfers to Defendants. Without a "right to payment" from the transferred asset, a plaintiff has suffered no injury from the transfer and will receive no benefit from the remedies available under the UFTA. See *Fidelity Natural Title Ins. Co. v. Schroeder*, 179 Cal.App.4th 834, 845 (2009) ("A creditor has not been injured unless the transfer puts beyond reach property the creditor could subject to payment of his or her debt"). As such, the second and third claims are not plausible when Plaintiff asserts "creditor" rights against Coastal and both claims must be dismissed accordingly.

a claim asserted by a minority shareholder for breach of fiduciary duty against majority shareholders. As such, the *Jara* holding is simply not relevant here, but even it was, *Jara* was wrongly decided – a point acknowledged by a recent California appellate court decision.

"We have some doubt whether *Jara* was correctly decided." *Schrage v. Schrage*, 69 Cal. App. 5th 126, 155 (2021). "The court in *Jara* also relied on the absence of policy considerations favoring a derivative action in the context of that case, including preventing 'a multiplicity of actions by each individual shareholder,' protecting creditors 'who have first call on the corporate assets[.]'" *Id*. at 156 <u>citing</u> *Jara*, 121 Cal.App.4th 12-58-1259. "But the plain language of sections 800, 15910.02, and 17709.02 does not exclude close corporations or small partnerships or companies from the procedural prerequisites before a shareholder, limited partner, or member may file a derivative action. To allow Leonard to maintain his cause of action for breach of fiduciary duty as an individual action would essentially eliminate the derivative action rule in the context of close corporations and other closely held entities. <u>California law does not support that result</u>." *Id*. at 158 (citations omitted, emphasis added).

Rather, California law is clear – remedy of an injury to a corporation lies with the corporation, even if there is only one shareholder. <u>See</u> *Vinci v. Waste Management, Inc*., 36 Cal. App. 4th 1811, 1815 (1995) <u>citing</u> *Solinger v. A & M Records, Inc*., 718 F.2d 298, 299 (9th Cir. 1983) and *Stein v. United Artists Corp*., 691 F.2d 885, 896 (9th Cir. 1982) and *Sherman v. British Leyland Motors, Ltd*., 601 F.2d 429, 439 (9th Cir. 1979); <u>See also</u> *Fladeboe v. American Isuzu Motors Inc*., 150 Cal. App. 4th 42, 54-55, (2007) (president and sole shareholder of corporation did not have standing to assert corporate claims, except in a derivative action). In sum, Plaintiff lacks standing to assert a claim for injury to Coastal regardless of the fact that Coastal only has one shareholder.

Taking the analysis one step further, Plaintiff asserts that the second and third claims are not derivative in nature because Debtor was individually harmed. In support of this misguided assertion, Plaintiff states:

> Defendants argue that the Liquidating Trustee's claim is a derivative claim and not a direct claim. The Liquidating Trustee disputes this characterization of the fraudulent transfer claims. The Liquidating Trustee does not allege that he was

14

harmed because of a general diminution in value of Coastal's stock or Debtor's mismanagement of Coastal assets. Rather, the fraudulent transfer claims are based on fraud affecting the Liquidating Trustee directly as sole shareholder of Coastal's stock, and the damages he seeks from Defendants are to compensate the estate for the loss of the Proceeds that should have been transferred to the bankruptcy estate, but instead were wrongfully and fraudulently transferred to Defendants.

Opposition18:5-12. Plaintiff's explanation is nothing more than verbal gymnastics employed to confuse the issue. In reality, Plaintiff's explanation of the "individual" harm to Debtor is merely a devaluation of Coastal's stock, which is the prototypical example of harm to a corporation – not individual harm to a shareholder. "An action is derivative if based upon <u>injury to the corporation or to the whole body of its stock</u>, but individual if the complaining stockholder is directly and individually injured." *O'Hare v. Marine Electric Co.*, 229 Cal. App. 2d 33, 36 (1964)(emphasis added). "'[Misfeasance] or negligence…of the managing officers of a corporation, resulting in loss of its assets…is an injury to the corporation,' and does not permit a nonderivative action by a stockholder in his individual capacity" *Id*. <u>citing</u> *Anderson v. Derrick*, 220 Cal. 770, 773 (1934). "Again, if the payments were wrongful, their recovery is for the corporation, directly or through a derivative action. If they were valid, no cause of action exists in plaintiff." *Id*. at 38. The Complaint merely presents allegations of purported harm to Coastal through alleged loss of its assets and/or devaluation of the entirety of its stock. Neither of which is a claim Plaintiff can individually assert.[5]

Without sufficiently alleging individual harm to Debtor, Plaintiff cannot pursue an action to avoid fraudulent transfers made by Coastal using its own property. "If the debtor suffered an injury, the trustee has standing to pursue a claim seeking to rectify such injury. But, '[w]hen a third party has injured not the bankrupt corporation itself but a creditor of that corporation, the trustee in bankruptcy cannot bring suit against the third party.'" *Bank of America, N.A. v. Torkan (In re Yona)*, 2017 Bankr. LEXIS 1569, *22.

---

[5] "California Corporations Code § 800, subdivision (b)(2) provides that no action may be instituted or maintained by a shareholder unless '[t]he plaintiff alleges in the complaint with particularity plaintiff's efforts to secure from the board such action as plaintiff desires, or the reasons for not making such effort…'" *Jones v. Martinez*, 230 Cal. App. 4th 1248, 1254, (2014).

The aforementioned highlights the incompatibility of the Complaint's numerous claims for relief. On one hand, the first, fourth, fifth, sixth and tenth claims for relief are predicated upon the Proceeds being property of the estate. In such an event, and for the sake of argument only, the second and third claims for relief are not actionable because the transfers effectuated by Coastal would not have been transfers of Coastal's property. See Cal. Civ. Code 3439.04. On the other hand, unless Plaintiff can establish an ownership right to the Proceeds vis-à-vis Debtor being a shareholder, Plaintiff cannot assert a viable claim for fraudulent transfer under California law. However, California authorities are clear that Plaintiff cannot establish a viable claim for fraudulent transfer while standing in Debtor's shoes as a shareholder. See *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (Cal. Ct. App. 2d Dist. 1999) ("Shareholders own neither the property nor the earnings of the corporation. Shareholders own only stock, from which their income is derived upon the liquidation of assets or the declaration of dividends by the directors. Nelson had no ownership interest in the profits of Lonan and cannot have been deprived of them.").

By virtue of the aforementioned fatal pleading infirmities, Plaintiff has not established a plausible claim for avoidance of the Med-Venture Transfer or the Aurora Transfer under California law and the second and third claims for relief should be dismissed without leave to amend.

**C.   The Fourth, Fifth, Sixth and Tenth Claims for Relief Fail to State a Plausible Claim For Relief and Must Be Denied Accordingly**

The Opposition devotes very little effort to substantiating Plaintiff's fourth, fifth, sixth and tenth claims for relief. Therefore, and for the reasons stated in the Motion, the fourth, fifth, sixth and tenth claims for relief must be dismissed without leave to amend.

**D.   Portions of the Complaint Should be Stricken**

As asserted in the Motion, Defendants request that Paragraphs 157 and 158 of the Complaint be stricken pursuant to Rule 12(f), as this Court has already ruled that the property held by Coastal, a non-debtor corporation, is not property of the estate pursuant to Code §§ 541(a)(6) or (a)(7) – and thus are insufficient, immaterial or impertinent allegations. Furthermore, and regardless of whether the Court dismisses the second or third claims for relief, Defendants request that the reference to

"544" in Paragraph 8 of the Complaint[6] be stricken because no claim pursuant to § 544 is asserted by Plaintiff. In response to Defendants' arguments, Plaintiff asserts:

> Likewise, the reference to Section 544 is essential to the Liquidating Trustee's claim for recovery of fraudulent transfers that Debtor made of the Proceeds to Chateau Julien prepetition (¶¶ 88–91) as the FAC seeks to hold Debtor (via the Trust) liable for these transfers. The Liquidating Trustee can use his strong arm powers under Section 544 to recover these transfers from the Trust. Additionally, the reference to Section 544 is responsive and relevant to the issues involved in this case. Accordingly, the Court should not strike the reference to Section 544 in paragraph 8 because it is not insufficient, immaterial, or impertinent

<u>Opposition</u> 25: 20-26. Other than Plaintiff's passing reference, the Opposition provides no support for how Paragraph 8's reference to Section 544 is material or pertinent to a Complaint that does not contain a Section 544 claim. Paragraph 8's reference to Section 544 must be stricken as insufficient, immaterial or impertinent to the Complaint pursuant to Fed. R. Civ. Proc. 12(f) so as to avoid confusion, to streamline the action and eliminate unnecessary discovery by the parties regarding the applicability (or lack thereof) of Section 544. Similarly, the Complaint's reference to the Proceeds being property of the estate pursuant to 541(a)(6) and (a)(7) should be stricken based upon this Court's ruling on the First Motion. It is axiomatic that Defendants' would be prejudiced and harmed if the offending portions of the Complaint are not stricken, as including these immaterial and impertinent allegations will unnecessarily increase the scope of litigation and the parties' prospective discovery efforts.

///

///

///

---

[6] Paragraph 8 states, in relevant part: "The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 542, **544**, 549, 550, and 551." (emphasis added).

## III. CONCLUSION

Based on the aforementioned, Defendants respectfully request that the Motion be granted in its entirety and Plaintiff's first, second, third, fourth, fifth, sixth and tenth claims for relief against Defendants be dismissed without leave to amend. Additionally, Defendants request that the Complaint's reference to "544" in Paragraph 8, as well as the Complaint's reference to the Proceeds being property of the estate under Sections 541(a)(6) or (a)(7), be stricken pursuant to Fed. R. Civ. Proc. 12(f).

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

Dated: January 31, 2022         By: /s/ *Ryan D. O'Dea*
                                    Leonard M. Shulman
                                    Ryan D. O'Dea
                                    Attorneys for Defendants Aurora Capital Advisors, Richard Babcock, Anthony Nobles and Med-Venture Investments, LLC

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

18

REPLY IN SUPPORT OF MOTION TO DISMISS AND STRIKE

Case: 21-05029    Doc# 89    Filed: 01/31/22    Entered: 01/31/22 15:55:30    Page 18 of 20

In re: **Robert Brower Sr - Debtor**
BK Case No.: **15-bk-50801-MEH**

**Michael G. Kasolas, etc., et al vs. Patricia Brower, etc., et al**
ADV NO. **21-ap-05029-MEH**

# **CERTIFICATE OF SERVICE**

I, Lori Gauthier, declare that I am a citizen and resident of the United States of America and over 18 years of age and not a party to the within entitled litigation. My business address is Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618. On this date I served the following documents on the person named below by placing a true copy thereof in a sealed envelope with first class postage thereon, fully prepaid, in the United States mail at Irvine, California addressed as addressed below or by e-mail or by electronic filing, as set forth below:

**AURORA CAPITAL ADVISORS, RICHARD BABCOCK, ANTHONY NOBLES AND MED-VENTURE INVESTMENTS, LLC's REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AND TO STRIKE PURSUANT TO RULE 12(f)**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 31, 2022, at Irvine, California.

/s/ Lori Gauthier

**ELECTRONIC SERVICE LIST:**

- Jessica L. Bagdanov    jbagdanov@bg.law, ecf@bg.law
- Jason B. Komorsky    jkomorsky@bg.law, ecf@bg.law
- Ryan O'Dea    rodea@shbllp.com
- Rogelio Serrano-Gutierrez    rserrano@kdvlaw.com
- Wendy W. Smith    Wendy@bindermalter.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.com

**MAIL SERVICE LIST:**

Aurora Capital Advisors,
18101 Von Karman, Suite 230
Irvine, CA 92612

Patricia Brower
2 Christopher Court
Flanders, NJ 07836

Robert Brower, Jr.
25 Sunderland Lane
Katonah, NY 10536

Coastal Wine Services, LLC,
Attn: Willford Brooks Lindley, agent
340 El Camino Real South
Salinas, CA 93901

Deerleaf Holdings, Inc.,
c/o United States Corporation Agents, In
221 N. Broad St., Suite 3A
Middletown, DE 19709

Great American Wineries, Inc.
Attn:Robert Brower, Jr., Agent
28088 Barn Court
Carmel, CA 93923

Jaurigue Law Group,
Attn: Michael Jaurigue, Managing Shareho
300 W. Glenoaks Blvd., #300
Glendale, CA 91202

Wilford Butch Lindley
340 El Camino Real South
Salinas, CA 93901

Pohanka of Salisbury, Inc.,
Attn: Neal Johnson, agent for service
1772 Ritchie Station Court
Capital Heights, MD 20743