Heinz Binder (SBN 87908)
Wendy Watrous Smith (SBN 133887)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: heinz@bindermalter.com
Email: wendy@bindermalter.com

Attorneys for Defendant
Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP, dba
JRG Attorneys at Law

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No.   15-BK-50801-MEH<br><br>Chapter 11 |
| MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICIA BROWER, solely as the trustee of the BROWER TRUST (2015), dated June 30, 2015, et al. | Adv. No.:  21-ap-05029-MEH<br><br>Date:    February 7, 2022<br>Time:    11:00 a.m.<br>Place:    Courtroom 11<br>            United States Courthouse<br>            280 South First Street<br>            San Jose, CA<br><br>[Hearing may be in person or by Zoom] |

## JOINDER BY JRG ATTORNEYS AT LAW TO OLDFIELD CREELY, LLP'S REPLY TO PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

Defendant Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP dba JRG Attorneys at Law ("JRG Attorneys") hereby joins Oldfield Creely, LLP's ("Oldfield Creely") Reply to Plaintiff's Omnibus Opposition to Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule

12(b) (the "Motion"). Each of the arguments made by Oldfield Creely in its Motion and its Reply (the "Reply") (Doc# 88), applies substantially to the claims being made against JRG Attorneys, except for a handful of issues which relate to facts specific to Oldfield Creely.[1]

### 1. **Plaintiff inappropriately repeats rejected argument that the Funds[2] were property of the Estate.**

Oldfield Creely correctly repeats the previously made argument that the Court has determined that the Funds were not property of the Estate. The Plaintiff's Opposition to the Motion (the "Opposition," Doc# 85) appears to be trying to change the Court's prior finding that Coastal continued to do business by owning property. The argument is that the property purchased by Coastal was in "name only" and was really for the Debtor's benefit. But, as the Court has noted, the fact that the Debtor used the corporation for his benefit does not eliminate the corporation's existence or convert the corporations assets to assets of the estate.

### 2. **Plaintiff inappropriately repeats rejected arguments the court should find the Funds to be "proceeds" of the shares in Coastal under Section 541(a)(6) and (7).**

Several pages of the Opposition repeats the arguments it the Plaintiff's opposition to the original motions to dismiss, citing the very same cases, though with a bit more detail. This court has already considered and rejected these cases as supporting Plaintiff's position. The following excerpt from JRG Attorneys' reply filed in the prior motion to dismiss set forth the cases Plaintiff cited:

> In *In re Walhof Props., LLC*, 613 B.R. 479 (Bankr. M.D. Fla 2020) the debtor was the corporate entity, which sold its primary asset for an amount sufficient to "pay all creditors in full, leaving a surplus" *Id.* at p. 480. The question before the court was whether the surplus that was being distributed to the shareholders -- also in bankruptcy -- was "earnings" and thus exempted from their bankruptcy estate or was payment on an investment. The court did not consider whether the corporate form of the

---

[1] The discussion from page 3, line 23 to page 4, line 13 of the Reply relate only to Oldfield Creely.

[2] All capitalized terms not defined here have the meaning set forth on the Oldfield Creely Memorandum of Points and Authorities filed in support of the Motion.

corporate debtor should be ignored for the benefit of the shareholders estate.

In *Smith v. Friskney (In re Friskney)*, 282 B.R. 250, 253 (Bankr. M.D. Fla. 2002), the court considered whether funds that were payable to the non-filing spouse's company were in fact property of the filing spouse's estate, as the non-debtor company had no interest in the funds. The court stated: "the court agrees that ordinarily the stock of a debtors closely owned corporation (and consequentially its value) *after payment of the corporation's debts,* is property of the debtor's *bankruptcy estate." Id.* emphasis added.

*MTLC Inv., Ltd. v. Jones (In re Hill)* 265 B.R. 296, 300 (Bankr. M.D. Fla 2001), cited by the Opposition was partially reversed on appeal. In *MTLC Inv., Ltd. v. Jones (In re Hill)* 2004 US DIST. Lexus 31985 (M.D. Fl 2004). the appeal court upheld the trial court's findings that the transfers in question were transfers of property of the debtor specifically because the debtor testified at trial that he owned each of the properties at the time of the transfer. (pp. 23-24.) The court did not find the corporate assets to be property of the shareholder's bankruptcy simply as a result of the ownership in the shares.

The case of *Bennett v. Hollingsworth (In re Hollingsworth)*, 224 B.R. 822 (Bankr. M.D. Fla. 1998) involved a claim for the denial of the debtor's discharge under Section 727. Contrary to the suggestion of the Opposition, the court held that the failure of the debtor to list an airplane as an asset on his schedules was not a false oath because "the airplane was never technically owned by the debtor individually. The airplane was facially always owned by [the corporation]. Moreover, legal ownership of the [corporation] is held by another." *Id.* at p. 830.

In *Schieffler v. Coleman (In re Beshears)*, 196 B.R. 464 (Bankr. E.D. Ark. 1996) a trustee of a case converted to Chapter 7 from Chapter 13 sought to reverse the sale of the assets of a company that was closely held by the debtor. The opinion superficially equates the debtor's ownership of shares in a closely held corporation with the ownership of the assets of the corporation, but its ruling regarding the amount to be paid to the trustee by the buyer included accounting for the debts of the corporation against the assets that were sold. Critically, there was no prior litigation in the case confirming the company's existence.

The case of *In re Baker*, 68 B.R. 360 (Bankr. D. Or. 1986) involved the final report of an appointed Chapter 11 trustee for the payment of fees made to him from the assets of a corporation wholly owned by the debtors. The court did not hold that the assets of the corporation were property of the debtors, but that the Chapter 11 trustee of the debtors was acting in a fiduciary capacity to the bankruptcy estate even though he had appointed himself as president of the corporation and this was subject to §330 and

Case: 21-05029   Doc# 90   Filed: 01/31/22   Entered: 01/31/22 17:34:22   Page 3 of 7

related rules. *Id.* at pp. 363-364.

In *Barclays/Am. Bus. Credit v. Adams (In re Adams)*, 31 F.3d 389 (6th Cir. 1994) the appeal court reviewed a trial court's denial of debtors' discharge because the debtors had wrongfully transferred the accounts receivable of a wholly owned corporation. The court found that the trial court did not clearly err when it found that the converted accounts were property of the debtors' bankruptcy estate because they controlled the corporation. It is not clear if the accounts became property of the debtors when they were taken from the company, or whether the court is choosing to ignore the company's existence to determine the ownership of the funds. Either way, as with the other cases, there was no prior litigation confirming the corporation's separate identity.

The case of *In re Pisculli* 2009 WL 700059 (Bankr. E.D.N.Y. Mar.4, 2009) also involves denying the discharge of a debtor. In discussing whether the assets of the owned corporation were assets of the debtor's bankruptcy estate, the court noted that, having sold the assets of the wholly owned corporation, the corporation "paid off the remaining obligations of [the corporation]" (Opposition, p. 9, ll. 11-12.) And that the corporation had "had had no other debts" *Id.*

The handful of new cases cited in Plaintiff's current opposition do not change the analysis. In particular, none of the cases cited ask the court to simply ignore the corporation's existence after ruling on its ownership.[3] Given the history of this case, the Liquidation Trust cannot now ignore the corporate form and claim that the Funds were always directly owned by the debtor's estate and not by the corporation.

### 3. Plaintiff cannot repair its lack of standing to bring the State-Court actions.

The Second and Third Causes of action, for actual and constructive fraudulent transfers, cannot be stated by the Plaintiff under Section 544 as that does not apply to post petition transfers (which it has acknowledged). (Opposition, p. 17.) Rather, Plaintiff asserts the actions are brought as a 100% shareholder of Coastal. This would be a derivative action, requiring Coastal to be a party, as there is no separate basis for a shareholder to sue on behalf of a corporation. Plaintiff, however, asserts that--once again as a matter of equity--it should be able to sue as a shareholder

---

[3] *MUFG Union Bank, N.A. v. Brower. Sr., et.al.* Ad. Pro. No. 17-5044, Doc# 123 "Memorandum Decision on Motions for Summary Judgment."

without naming the company or bringing a derivative suit. (Opposition p. 17.) But this has the Plaintiff arguing "equity" in two directions –one seeking the equitable remedy of "alter ego" to disregard the corporate form (and thereby claiming the Funds are property of the estate)—and the other asking the court to allow the shareholder to bring a direct action rather than a derivative one on behalf of the corporation. (Opposition p. 17.) The Plaintiff cannot argue that the corporation should be recognised for one claim and not for another, and certainly not based on the same claim to "equity."  And while it is possible to plead inconsistent theories in a compliant in the alternative, there is no alternative qualification to theses causes of action stated in the First Amended Complaint.

Plaintiff's claim that, in the alternative to suing as a shareholder, it is suing as a creditor of Coastal is contrary to its own pleading that Brower Sr.'s alleged loans to the company were "fabricated" and did not represent legitimate debt. (First Amended Compliant ¶94). It is also contrary to the claim that the corporation should be disregarded.  For if Coastal and Brower Sr. were one and the same, then one could not owe money to the other.

Finally, as is stated in the Oldfield Creely Reply, Plaintiff's argument that the "unclean hands" argument does not apply to a post-petition transfer is not supported. *See In re Estate Fin. Mortgage Fund, LLC*, 565 F. App'x. 628, 630 (9th Cir.2014) (declining to find that the unclean hand defenses do not apply to bankruptcy trustees).  In a long argument, the Opposition asserts that the unclean hands argument cannot be a defense to an avoidance action under Section 548 (or other Bankruptcy Code Sections) because "these avoidance claims are brought under a trustee's avoiding powers and not under his status as a successor in interest to the debtor." (Opposition, p. 19, citation omitted.)  But here, the avoidance actions are not brought under the Bankruptcy Code but, as stated, are a "direct" claim based on Estate's role as a shareholder. The Plaintiff, if it has an action, is bringing it under California law and "under his status as a successor in interest to the Debtor." The Plaintiff is therefor subject to the unclean hands defense.

### 4. JRG Attorneys was also not required file an application for compensation

As the funds that Coastal used to pay JRG Attorneys were not property of the estate, JRG Attorneys was not obligated to file an application for fees.

For these and the reasons set forth by Oldfield Creely and Aurora Capital Advisors, JRG Attorneys respectfully requests that the Court grant the pending motions to dismiss the First Amended Complaint.

Dated: January 31, 2022                     BINDER & MALTER, LLP

                                      By: /s/ Wendy Watrous Smith
                                      Attorneys for Johnson, Rovella, Retterer,
                                      Rosenthal & Gilles, LLP
                                      dba JRG Attorneys at Law

Case: 21-05029    Doc# 90    Filed: 01/31/22    Entered: 01/31/22 17:34:22    Page 7 of 7