

The following constitutes the order of the Court.
Signed: March 23, 2022

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ROBERT S. BROWER, SR.,<br><br>Debtor. | Case No. 15-50801 MEH<br><br>Chapter 11 |
| MICHAEL G. KASOLAS, LIQUIDATING TRUSTEE FOR THE ROBERT BROWER, SR. LIQUIDATING TRUST,<br><br>Plaintiff.<br><br>v.<br><br>PATRICIA BROWER, SOLELY AS TRUSTEE OF THE BROWER TRUST (2015), DATED JUNE 30, 2015, ET. AL.<br><br>Defendants. | Adv. No. 21-05029<br><br>Video Hearing<br>Date:  February 7, 2022<br>Time:  10:00 a.m. |

### ORDER DENYING SPECIAL MOTION TO STRIKE

Defendant Oldfield Creely, LLP ("Oldfield") filed a special motion to strike certain causes of action in the First Amended Complaint ("FAC") pursuant to California's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute. Cal. Civ. Proc. Code § 425.16. Plaintiff Michael Kasolas, solely in his capacity as the Liquidating Trustee for the

1

Robert Brower Sr. Liquidating Trust ("Trustee") filed an opposition, and Oldfield then filed a reply. The court held a hearing, and subsequently took the matter under submission. For the following reasons, Oldfield's anti-SLAPP motion is denied.

BACKGROUND

Trustee seeks to recover proceeds related to the sale of real property in 2015 by Coastal Cypress Corporation ("Coastal"). The Trustee alleges Coastal transferred at least $187,737.64 in proceeds from the 2015 sale, to Oldfield, for representation of Chateau Julien, another entity of which Debtor was the principal, related to a state court proceeding. Relevant here are the Trustee's second, third, and tenth claims for relief in the First Amended Complaint (hereafter "FAC"). The second and third claims are for avoidance of actual and constructive fraudulent transfers pursuant to Cal. Civil Code §§ 3439.04(a)(1) & (2), 3439.07, and 3439.08. The tenth claim is for conversion under California law.

Oldfield argues these claims must be dismissed pursuant to California's anti-SLAPP law because the funding of litigation is a protected act. For the reasons set forth below, the anti-SLAPP motion is denied.

JURISDICTION

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (E), and (H). The Court determines both parties consented to the court's ability to render a final decision on this matter as Oldfield filed its motion in this court, and Trustee filed an opposition. To the extent either party wishes to contest this point, it must appeal to the District Court and comply with Bankruptcy Rule 9033.

ANALYSIS

California's anti-SLAPP law provides a mechanism for early dismissal of meritless suits aimed at chilling the exercise of free speech and petition rights. *In re Bah*, 321 B.R. 41, 44-45 (9th Cir. BAP 2005). The statute provides a "cause of action against a person arising

Case: 21-05029    Doc# 100    Filed: 03/23/22    Entered: 03/24/22 16:39:30    Page 2 of 8

from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. Pro. § 425.16(b)(1). In the Ninth Circuit, the anti-SLAPP law is available to defendants in federal court, however, it can only be applied to state law claims. *Bah*, 321 B.R. at 46. Claims arising under federal law, including the Bankruptcy Code are exempt. *Id*.

Courts evaluate an anti-SLAPP motion in two steps: "Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged. [Citations.] If the defendant carries its burden, the plaintiff must then demonstrate its claims have at least 'minimal merit.' " *Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 884 (2019).

I. <u>Timeliness</u>

At the outset, the Trustee asserts Oldfield cannot bring this motion because it is untimely. Section 425.16(f) states the anti-SLAPP "special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." Trustee argues since the Complaint was filed over five months ago, the motion to strike does not comply with the statute. However, the FAC was filed in December 2021, and Oldfield's motion was brought within the 60-day period on January 6, 2022.

In furtherance of the policy intended behind the anti-SLAPP statute, the California Supreme Court has held "section 425.16, subdivision (f), should be interpreted to permit an anti-SLAPP motion against an amended complaint if it could not have been brought earlier, but to prohibit belated motions that could have been brought earlier…" *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal. 5th 637, 645, 413 P.3d 650, 655 (2018).

The Trustee asserts the FAC does not add any new factual allegations or causes of action against Oldfield that could not have been the target of a prior anti-SLAPP motion.

3

Both the Complaint and the FAC plead causes of actions for fraudulent transfers and conversion. Oldfield argues the Complaint was initially unclear as to whether the fraudulent transfer claims were based on state law or bankruptcy law, and that the FAC clarified the claims were based on state law, at which point, Oldfield decided it could bring the anti-SLAPP motion.

In the Complaint, the second and third causes of action cite California Civil Code §§ 3439.04(a)(1) & (2), 3439.07, and 3439.08, but do not include 11 U.S.C. § 544 which allows a trustee to avoid transfers under state law by standing in the shoes of a creditor. However, at the time, Plaintiff had not explained it was asserting its claims solely under state law. As such, the FAC sufficiently pleads a new legal argument, which in this court's discretion, is grounds for an extension of time to file this motion as to the second and third claims.

Regarding the tenth claim for conversion, the Complaint and the FAC are identical. Since conversion is a state law cause of action, and the FAC does not contain any new factual allegations or legal arguments as to the conversion cause of action, an anti-SLAPP motion could have been brought against it initially. As such, the motion is untimely as to the tenth cause of action of conversion.

II.  Protected Activity

Oldfield must first prove the claim at issue arises from or is based on protected activity. Protected activity is an act "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Code. Civ. Proc. § 425.16(b)(1). This includes "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of

Case: 21-05029    Doc# 100    Filed: 03/23/22    Entered: 03/24/22 16:39:30    Page 4 of 8

public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Code. Civ. Proc. § 425.16(e).

Oldfield asserts its receipt of funds from Coastal is protected activity based on subsections (1) and (2) under *Rusheen v. Cohen*, which states an act "includes communicative conduct such as the filing, funding, and prosecution of a civil action." 37 Cal. 4th 1048, 1056 (2006). Essentially, Oldfield asserts its receipt of funds from Coastal is protected activity by categorizing it as funding litigation.

First, a cause of action may be struck "only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.' " *Park v. Bd. of Trustees of California State Univ.*, 2 Cal. 5th 1057, 1060 (2017). Moreover a "claim arises from protected activity when that activity underlies or forms the basis for the claim." *Id*. at 1062. But, "[a]ssertions that are 'merely incidental' or 'collateral' are not subject to section 425.16." *Baral v. Schnitt*, 1 Cal. 5th 376, 394 (2016). "Allegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute." *Id*.; *see also City of Cotati v. Cashman*, 29 Cal.4th 69 (2002) (denying an anti-SLAPP motion because the alleged activity formed no part of the basis for the claim to be stricken); compare with *Navellier v. Sletten*, 29 Cal. 4th 82, 87 (2002) (reasoning that but for the federal lawsuit and the defendant's alleged actions taken in connection with that litigation, plaintiffs' claims would have no basis, thus the alleged activity formed the basis of the claim to be stricken.)

To succeed in the first step, defendant must make two related showings: first, it must demonstrate activity qualifying for protection by comparing the conduct against the statute; second, it must compare the protected activity against the complaint in order to show it supplies one or more elements of a plaintiff's claims. *Wilson*, 7 Cal. 5th at 887.

The Trustee's second cause of action is for avoidance of actual fraudulent transfers under California law. The elements of an actual fraudulent transfer are: (1) a transfer, (2) made "with actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ.

5

Case: 21-05029    Doc# 100    Filed: 03/23/22    Entered: 03/24/22 16:39:30    Page 5 of 8

Code § 3439.04(a)(1). The third cause of action is for avoidance of constructive fraudulent transfers under California law. The elements for a constructive fraudulent transfer are: (1) a transfer, (2) made without receiving reasonably equivalent value in exchange for the transfer, and (3) the debtor either was engaged in business or a transaction for which the remaining assets of the debtor were unreasonably small in relation, or the debtor intended to incur, or believed or reasonably should have believed to incur, debts beyond its ability to pay as they became due. Cal. Civ. Code § 3439.04(a)(2). In both causes of action, the only action element is the transfer. *See Wilson*, 7 Cal. 5th at 887 ("Under the first step of the anti-SLAPP analysis, that is the end of the story, for it is the defendant's acts that matter.") Therefore, to succeed, Oldfield must demonstrate some protected activity is the basis for the transfer element.

In the FAC, the Trustee alleges Debtor directed transfers of at least $187,338.80 from Coastal to Oldfield. *See* FAC, Dkt. #58 ¶ 146. It also alleges "By and through this Complaint, Plaintiff also seeks to hold Debtor (via the Trust) liable for the Oldfield Creely Transfers as the transfers were made for his benefit." *See* FAC, Dkt. #58 ¶ 149. While the FAC alleges on information and belief that Oldfield represented Chateau Julien in a state court proceeding (*see* FAC, Dkt. #58 ¶ 147), it is not alleged as an element of the cause of action, rather, it is provided as context.

Thus, there is no protected activity serving as the basis of an element of either cause of action. Clearly the alleged activity which satisfies the transfer element is the receipt of funds, not representation of a client in a judicial proceeding or funding a lawsuit. The allegations that Oldfield represented Chateau Julien are merely incidental and provide context to the claim. If the allegations regarding the representation were removed from the FAC, the fraudulent transfer actions would still be viable.

Furthermore, this ruling does not chill the exercise of any first amendment right. The entire purpose of California's anti-SLAPP law is "To combat lawsuits designed to chill the exercise of free speech and petition rights". *Park*, 2 Cal. 5th at 1060; *see also* Cal. Civ. Proc. Code § 425.16(a). Even assuming the Trustee succeeds in his pursuit of avoiding the

6

allegedly fraudulent transfers, there would be no adverse effect on any parties' first amendment rights. The Trustee is not challenging any representation, filing, or funding of a judicial proceeding. Any result will be a situation where Oldfield must return funds it allegedly should not have received, not that it must cease representing a client. Chateau Julien can continue participating in its state court proceedings and pay Oldfield for any services provided by any other source of funds.

In conclusion, Oldfield's anti-SLAPP motion fails because it has failed to identify an activity substantiating a cause of action that is protected by the anti-SLAPP statute.

III. Merit of the Claims

At this stage of the analysis, plaintiff must demonstrate its claims have at least "minimal merit." *Wilson*, 7 Cal. 5th at 884. The second step of the anti-SLAPP analysis arises if a defendant carries its burden in the first step. Oldfield failed to carry that burden.

Nevertheless, for the reasons set forth in the Memorandum Decision on the motions to dismiss in this adversary proceeding, the second and third claims were not found to have minimal merit. Both claims were dismissed without leave to amend as stated in the accompanying order denying Oldfield's motion.

Therefore, Oldfield's special motion to strike is DENIED, and each party is to bear its own fees and costs.

**END OF ORDER**

Case: 21-05029    Doc# 100    Filed: 03/23/22    Entered: 03/24/22 16:39:30    Page 7 of 8

COURT SERVICE LIST

**Via ECF:**

All ECF Recipients