STEVEN T. GUBNER – Bar No. 156593
JASON B. KOMORSKY – Bar No. 155677
JESSICA L. BAGDANOV – Bar No. 281020
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
jkomorsky@bg.law
jbagdanov@bg.law
jwellington@bg.law

Attorneys for Michael G. Kasolas, Liquidating Trustee
For the Robert Brower, Sr. Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>    Debtor.<br><br>MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICIA BROWER, solely as trustee of the BROWER TRUST (2015), dated June 30, 2015, et al.<br><br>    Defendants. | Bk. Case No. 15-50801 MEH<br><br>Chapter 11<br><br>Adv. Case No. 21-05029 MEH<br><br>**LIQUIDATING TRUSTEE'S MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND ENTRY OF TEMPORARY STAY**<br><br>[*Notice of Motion and Memorandum of Points and Authorities Concurrently Filed*]<br><br>**Hearing:**<br><br>Date: September 12, 2022<br>Time: 11:00 a.m.<br>Place: Courtroom 11<br>    United States Bankruptcy Court<br>    San Jose Division<br>    280 South First Street<br>    San Jose, California 95113<br><br>[Appearance also available via Zoom.gov] |

1

Plaintiff Michael G. Kasolas, solely in his capacity as Liquidating Trustee (the "Liquidating Trustee" or Plaintiff") of the Robert Brower, Sr. Liquidating Trust, hereby moves the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Rule") incorporated into adversary proceedings by Rule 7054 of the Federal Rules of Bankruptcy Procedure, for certification of partial final judgment and entry of temporary stay.  Pursuant to Rule 54(b), the Liquidating Trustee requests the Court enter final judgment on the First, Second, Third, Fourth, Fifth, Seventh, Eighth, and Ninth, Claims (the "Claims") in the Second Amended Complaint [Doc. 103] (the "SAC").  Specifically, the Liquidating Trustee seeks a partial final judgment as follows:

- ➢ As to the First, Second, Third, Fourth, Fifth and Ninth Claims for Relief, judgment in favor of defendants: (i) Aurora Capital Advisors; (ii) Richard Babcock; (iii) Anthony Nobles; (iv) Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP ("JRG Attorneys"); and (v) Oldfield Creely, LLP ("Oldfield Creely").
- ➢ As to the Seventh Claim for Relief, judgment in favor of JRG Attorneys.
- ➢ As to the Eighth Claim for Relief, judgment in favor of defendants: (i) JRG Attorneys; and (ii) Oldfield Creely.

As set forth more fully in the concurrently filed Memorandum of Points and Authorities, the Claims have been fully and finally adjudicated because, in the Court's August 1, 2022 orders granting defendants Oldfield Creely, Aurora Capital Advisors, Richard Babcock, Anthony Nobles and JRG Attorneys' motions to dismiss the SAC (the "Orders") [Docs. 159, 160, 161, respectively], the Court held—as a matter of law—the proceeds from the sale of the Wine Estate Property are not property of the estate.  As set forth more fully in the concurrently filed Memorandum of Points and Authorities, there is no just reason to delay entry of final judgment with respect to the Claims.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the Liquidating Trustee respectfully requests that the Court issue an order, substantially in the form of the proposed order attached hereto as **Exhibit 1**, and direct entry of partial final judgment on the Claims in favor of all defendants to those Claims, in a form substantially similar to the proposed form of judgment attached hereto as **Exhibit 2**.

DATED: August 15, 2022      BG LAW LLP

By: _____
    Jason B. Komorsky
    Jessica L. Bagdanov
    Jessica S. Wellington
Attorneys for Michael G. Kasolas, Liquidating Trustee
For the Robert Brower, Sr. Liquidating Trust

EXHIBIT "1"

STEVEN T. GUBNER – Bar No. 156593
JASON B. KOMORSKY – Bar No. 155677
JESSICA L. BAGDANOV – Bar No. 281020
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
jkomorsky@bg.law
jbagdanov@bg.law
jwellington@bg.law

Attorneys for Michael G. Kasolas, Liquidating Trustee
For the Robert Brower, Sr. Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>        Debtor. | Bk. Case No. 15-50801 MEH<br><br>Chapter 11<br><br>Adv. Case No. 21-05029 MEH |
| MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICIA BROWER, solely as trustee of the BROWER TRUST (2015), dated June 30, 2015, et al.<br>        Defendants. | **Hearing:**<br>Date: September 12, 2022<br>Time: 11:00 a.m. |

# [PROPOSED] ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND ENTRY OF TEMPORARY STAY

On September 12, 2022 at 11:00 a.m., a hearing was held in the above-captioned court on the *Liquidating Trustee's Motion for Certification of Partial Final Judgment Under Federal Rules of Civil Procedure 54(b) and Entry of Temporary Stay* (the "Motion") filed by Plaintiff Michael G. Kasolas, solely in his capacity as Liquidating Trustee (the "Liquidating Trustee") of the Robert Brower, Sr. Liquidating Trust, the Honorable M. Elaine Hammond, United States Bankruptcy Judge, presiding. Appearances were as noted on the record.

The Court, having read and considered the Motion and all papers and pleading filed in support thereof; having considered the argument and representations of counsel at the hearing on the Motion; having considered other matters which the Court may properly take judicial notice, including, without limitation, the record in this adversary proceeding as reflected on the docket; having found that notice of the Motion was sufficient under the circumstances and no other or further notice is required; having determined that the legal and factual bases set forth in the Motion establish just cause for the relief sought therein; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicate for the relief sought by the Motion is Rule 54(b) of the Federal Rules of Civil Procedure ("Rule") incorporated into adversary proceedings by Rule 7054 of the Federal Rules of Bankruptcy Procedure.

C. On July 22, 2021, the Liquidating Trustee commenced this adversary proceeding by filing a complaint (the "Original Complaint") [Doc. 1] entitled, *Michael G. Kasolas, Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust v. Patricia Brower, solely as trustee of the Brower Trust (2015), dated June 20, 2015, Robert Brower, Jr., Great American Wineries, Inc., Deerleaf Holdings, Inc., Med-Venture Investments, LLC, Aurora Capital Advisors, Richard*

*Babcock, Anthony Nobles, Coastal Wine Services LLC, a California limited liability company, Wilford Butch Lindley, an individual, Pohanka of Salisbury, Inc., Jaurigue Law Group, a California professional corporation dba JLG Lawyers, Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP and Oldfield Creely LLP* (collectively, "Defendants"), against Defendants.

D. On September 7, 2021, defendants Med-Venture Investments, LLC ("Med-Venture"), Aurora Capital Advisors ("Aurora"), Richard Babcock and Anthony Nobles filed a motion to dismiss the Original Complaint [Doc. 10]. On September 23, 2021, defendant Oldfield Creely LLP ("Oldfield Creely") filed a motion to dismiss the Original Complaint [Doc. 13]. On September 29, 2021, defendant Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP ("JRG Attorneys") filed a motion to dismiss the Original Complaint [Doc. 20]. The motions to dismiss the Original Complaint were granted by the Court with leave to amend [Doc. 42].

E. On December 23, 2021, the Liquidating Trustee filed a First Amended Complaint [Doc. 58] against Defendants.

F. On January 6, 2022, Med-Venture, Aurora, Richard Babcock and Anthony Nobles filed a motion to dismiss the First Amended Complaint [Doc. 65]. The same day, Oldfield Creely filed a motion to dismiss the First Amended Complaint [Doc. 73 (as corrected)]. The motions to dismiss the First Amended Complaint were granted by the Court with leave to amend [Doc. 102 (as amended)].

G. On April 12, 2022, the Liquidating Trustee filed the operative Second Amended Complaint [Doc. 103] against Defendants and newly added defendant Aurora Capital Advisors, LLC.

H. On April 26, 2022, Oldfield Creely filed a motion to dismiss the Second Amended Complaint [Doc. 110]. The same day, Aurora, Richard Babcock and Anthony Nobles filed a motion to dismiss the Second Amended Complaint [Doc. 113]. On May 9, 2022, JRG Attorneys filed a motion to dismiss the Second Amended Complaint [Doc. 124]. The motions to dismiss were granted by the Court without leave to amend [Docs. 159, 160, 161] (the "Orders") for the reasons set forth in the Court's Memorandum Decision [Doc. 158].

I. Specifically, through the Orders the Court dismissed with prejudice:

i. The First, Second, Third, Fourth, Fifth and Ninth Claims for Relief against (i) Aurora Capital Advisors, (ii) Richard Babcock, (iii) Anthony Nobles, (iv) JRG Attorneys, and (v) Oldfield Creely;

ii. The Seventh Claim for Relief against JRG Attorneys; and

iii. The Eighth Claim for Relief against (i) JRG Attorneys, and (ii) Oldfield Creely.

J. No defendant has yet moved for judgment on the pleadings on the Claims in the Second Amended Complaint.

**NOW, THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court finds and concludes that this action presents more than one claim for relief, and that multiple parties are involved, such that this action is eligible for partial final judgment under Rule 54(b).

2. The Claims have been finally decided within the meaning of 28 U.S.C. § 1291.

3. The Court finds and concludes that entry of partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure on the Claims will serve the interests of the parties and judicial economy by allowing immediate appellate review of potentially case-dispositive issues.

4. The Court finds and concludes that there is no just reason for delay in entry of a partial final judgment as to the Claims.

5. All pending claims and litigation in this Court are stayed pending either (i) the resolution of any timely appeal of this Court's Rule 54(b) judgment, or (ii) if no such appeal is taken, the expiration of the time to appeal the entry of this Court's Rule 54(b) judgment.

6. The Clerk of the Court shall enter partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as follows:

    a. As to the First, Second, Third, Fourth, Fifth and Ninth Claims for Relief, judgment in favor of defendants: (i) Aurora; (ii) Richard Babcock; (iii) Anthony Nobles; (iv) JRG Attorneys; and (v) Oldfield Creely.

    b. As to the Seventh Claim for Relief, judgment in favor of JRG Attorneys.

  c. As to the Eighth Claim for Relief, judgment in favor of defendants: (i) JRG Attorneys; and (ii) Oldfield Creely.

7. The Court reserves for consideration and inclusion in a future judgment all outstanding claims and issues in this action not resolved in the proposed Rule 54(b) judgment.

8. Each party shall bear its own costs.

9. The findings of fact and conclusions of law stated herein and as set forth by the Court on the record during the hearing on this matter, shall constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed

**IT IS SO ORDERED.**

        **END OF ORDER**

5

Case: 21-05029  Doc# 162  Filed: 08/15/22  Entered: 08/15/22 16:21:59  Page 9 of 15

EXHIBIT "2"

STEVEN T. GUBNER – Bar No. 156593
JASON B. KOMORSKY – Bar No. 155677
JESSICA L. BAGDANOV – Bar No. 281020
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
jkomorsky@bg.law
jbagdanov@bg.law
jwellington@bg.law

Attorneys for Michael G. Kasolas, Liquidating Trustee
For the Robert Brower, Sr. Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>          Debtor. | Bk. Case No. 15-50801 MEH<br><br>Chapter 11<br><br>Adv. Case No. 21-05029 MEH |
| MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust,<br><br>          Plaintiff,<br><br>v.<br><br>PATRICIA BROWER, solely as trustee of the BROWER TRUST (2015), dated June 30, 2015, et al.<br>          Defendants. | **Hearing:**<br>Date: September 12, 2022<br>Time: 11:00 a.m. |

**[PROPOSED] PARTIAL FINAL JUDGMENT**

**WHEREAS**, by Order dated August 1, 2022 [Doc. 160], and based upon the Court's determination that the net proceeds (the "Proceeds") from the sale of the real property located at 8890 and 8940 Carmel Valley Road in Carmel, California are not property of the bankruptcy estate of debtor Robert Brower, Sr. (the "Debtor"), the Court dismissed with prejudice the claims in the Second Amended Complaint [Doc. 103] against Aurora Capital Advisors, Richard Babcock and Anthony Nobles;

**WHEREAS**, by Order dated August 1, 2022 [Doc. 159], and based upon the Court's determination that the Proceeds are not property of the Debtor's bankruptcy estate, the Court dismissed with prejudice the claims in the Second Amended Complaint against Oldfield Creely LLP;

**WHEREAS**, by Order dated August 1, 2022 [Doc. 161], and based upon the Court's determination that the Proceeds are not property of the Debtor's bankruptcy estate, the Court dismissed with prejudice the claims in the Second Amended Complaint against Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP;

**WHEREAS**, as a result of this Court's August 1, 2022, Orders, (i) all claims against Aurora Capital Advisors, Richard Babcock, Anthony Nobles, Oldfield Creely LLP and Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP have been fully and finally adjudicated;

**WHEREAS**, the standards for entry of partial final judgment are satisfied; and

**WHEREAS**, on September 12, 2022, this Court held that the Orders were final within the meaning of 28 U.S.C. § 1291 and that there was no just reason for delay;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Final Judgment is entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to the First, Second, Third, Fourth, Fifth and Ninth Claims for Relief in the Second Amended Complaint in favor of defendants Aurora Capital Advisors, Richard Babcock and Anthony Nobles.

2. Final Judgment is entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to the First, Second, Third, Fourth, Fifth, Eighth and Ninth Claims for Relief in the Second Amended Complaint in favor of defendant Oldfield Creely LLP.

3. Final Judgment is entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to the First, Second, Third, Fourth, Fifth, Seventh, Eighth and Ninth Claims for Relief in the Second Amended Complaint in favor of defendant Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP.

4. Each party shall bear its own costs.

**IT IS SO ORDERED.**

\*\*END OF ORDER\*\*

# CERTIFICATE OF SERVICE

I, JESSICA STUDLEY, certify that service of following document:

**LIQUIDATING TRUSTEE'S MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND ENTRY OF TEMPORARY STAY**

was made on August 15, 2022 by:

☒ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

**SEE ATTACHED LIST**

☒ Notice of Electronic Filing (NEF): The foregoing document will be served by the court via NEF and hyperlink to the document. I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L. Bagdanov**  jbagdanov@bg.law, ecf@bg.law
- **James C. Bastian**  jbastian@shbllp.com
- **Jason B. Komorsky**  jkomorsky@bg.law, ecf@bg.law
- **Ryan O'Dea**  rodea@shbllp.com
- **Aron M. Oliner**  roliner@duanemorris.com, dmicros@duanemorris.com
- **Jessica Wellington**  jwellington@bg.law, ecf@bg.com

☐ Overnight Delivery: By enclosing in a UPS envelope for next day delivery.

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addresses to the following officer of the defendant at:

☐ Email: The defendant's counsel was served by email as follows:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times, during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date: August 15, 2022

          /s/ Jessica Studley
          JESSICA STUDLEY

BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

**VIA REGULAR FIRST CLASS MAIL**

| | |
|---|---|
| Patricia Brower, PRO SE<br>2 Christopher Court<br>Flanders, NJ 07836 | Great American Wineries, Inc., PRO SE<br>Attn: Robert Brower Jr.,<br>Agent for Service of Process<br>28088 Barn Court<br>Carmel, CA 93923 |
| Great American Wineries, Inc., PRO SE<br>c/o Robert Brower Jr., President<br>2511 Garden Road, Suite B-100<br>Monterey, CA 93940 | Deerleaf Holdings, Inc., PRO SE<br>c/o United States Corporation Agents, Inc.<br>221 N BROAD ST, SUITE 3A<br>Middletown, DE 19709 |
| Deerleaf Holdings, Inc., PRO SE<br>c/o Robert Brower Jr., President<br>25 Sunderland Lane<br>Katonah, NY 10536 | Robert Brower, Jr., PRO SE<br>25 Sunderland Lane<br>Katonah, NY 10536 |
| Pohanka of Salisbury, Inc.<br>c/o Ron Olinor, Esq.<br>Duane Morris LLP<br>**VIA NEF** | Anthony Nobles<br>c/o Ryan O'Dea<br>**VIA NEF** |
| Aurora Capital Advisors<br>c/o Ryan O'Dea<br>**VIA NEF** | Richard Babcock<br>c/o Ryan O'Dea<br>**VIA NEF** |
| Oldfield Creely, LLP<br>c/o Rogelio Serrano-Gutierrez<br>**VIA NEF** | Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP<br>c/o Wendy Smith<br>**VIA NEF** |