STEVEN T. GUBNER – Bar No. 156593
JASON B. KOMORSKY – Bar No. 155677
JESSICA L. BAGDANOV – Bar No. 281020
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
jkomorsky@bg.law
jbagdanov@bg.law
jwellington@bg.law

Attorneys for Michael G. Kasolas, Liquidating Trustee
For the Robert Brower, Sr. Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>    Debtor.<br> | Bk. Case No. 15-50801 MEH<br><br>Chapter 11<br><br>Adv. Case No. 21-05029 MEH |
| MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICIA BROWER, solely as trustee of the BROWER TRUST (2015), dated June 30, 2015, et al.<br><br>    Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LIQUIDATING TRUSTEE'S MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND ENTRY OF TEMPORARY STAY**<br><br>[*Notice of Motion and Motion Concurrently Filed*]<br><br>**Hearing:**<br><br>Date: September 12, 2022<br>Time: 11:00 a.m.<br>Place: Courtroom 11<br>   United States Bankruptcy Court<br>   San Jose Division<br>   280 South First Street<br>   San Jose, California 95113<br><br>[Appearance also available via Zoom.gov] |

1

Plaintiff Michael G. Kasolas, solely in his capacity as Liquidating Trustee (the "Liquidating Trustee" or Plaintiff") of the Robert Brower, Sr. Liquidating Trust hereby moves the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Rule") incorporated into adversary proceedings by Rule 7054 of the Federal Rules of Bankruptcy Procedure, for certification of partial final judgment and entry of temporary stay. Pursuant to Rule 54(b), the Liquidating Trustee requests the Court enter final judgment on the First, Second, Third, Fourth, Fifth, Seventh, Eighth, and Ninth, Claims (the "Claims") in the Second Amended Complaint [Doc. 103] (the "Complaint"). In support of the Motion, the Liquidating Trustee represents as follows:

## I. INTRODUCTION

As the Court is well aware, the threshold issues in this adversary proceeding are not factual questions but rather legal questions. Specifically, the threshold issue the parties and the Court have been wrestling with to date is whether the net proceeds (the "Proceeds") from the sale of real property located at 8890 and 8940 Carmel Valley Road in Carmel, California (the "Wine Estate Property") are property of the bankruptcy estate of Robert Brower, Sr. (the "Debtor"). The Liquidating Trustee contends that the answer to this question is in the affirmative. The Liquidating Trustee has alleged that the Proceeds are property of the estate because the Debtor, post-petition and without Court approval, used his shares to liquidate all assets of his wholly owned corporation, Coastal Cypress Corporation ("Coastal")—a corporation over which he had sole control and authority—thereby providing the estate with a direct interest in the Proceeds because the sale was a liquidation event under California law and as that term is defined in Coastal's operative Amended and Restated Articles of Incorporation. Additionally, the Liquidating Trustee has alleged that, as a result of the liquidation of Coastal's lone asset, only the Estate, as the 100% shareholder of Coastal, could dictate the use of the net proceeds. Finally, the Liquidating Trustee has alleged that the Debtor is the alter ego of Coastal, and thus, the estate has an equitable interest in the assets of its alter ego. Notwithstanding the Liquidating Trustee's allegations, the Court, three times, has found that the Liquidating Trustee failed to adequately allege that the Proceeds are property of the estate [Docs. 42, 101 and 102 (as amended), 159, 160, 161].

Through orders entered on August 1, 2022 [Docs. 159, 160, 161] (the "Orders"), the Court dismissed with prejudice the Trustee's ability to assert the threshold legal theory noted above as through his Second Amended Complaint [Doc. 103] against Aurora Capital Advisors ("Aurora"), Richard Babcock ("Babcock"), Anthony Nobles ("Nobles"), Oldfield Creely LLP ("Oldfield Creely") and Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP ("JRG Attorneys"). Specifically, through the Orders the Court dismissed with prejudice:

- The First, Second, Third, Fourth, Fifth and Ninth Claims for Relief against (i) Aurora, (ii) Babcock, (iii) Nobles, (iv) JRG Attorneys, and (v) Oldfield Creely;
- The Seventh Claim for Relief against JRG Attorneys; and
- The Eighth Claim for Relief against (i) JRG Attorneys, and (ii) Oldfield Creely.

In the Court's Memorandum Decision [Doc. 158], the Court found that, as a matter of law, the Proceeds are not property of the Debtor's estate. This finding is the reason for dismissal of the Claims with prejudice. The Trustee intends to appeal the Orders, and from a practical perspective the Trustee would prefer to do so now as opposed to waiting for a complete final judgment at the conclusion of this adversary proceeding. The Orders are final and ready for appeal but procedurally cannot be appealed without further action from this Court. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956) (defining a "final decision" as one that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action"). Because there is no just reason to delay the appeal of this Court's decision with respect to the Claims, the Trustee respectfully requests this Court to exercise its discretion and enter partial final judgment on the Claims. Upon entry of such partial judgment and in the interests of judicial economy, the Trustee also requests that the Court stay all further action in this Court, as a resolution of any appeal may well moot the remaining claims and obviate the need for this Court to rule on any pending or future motions.

## II.  BACKGROUND

On July 22, 2021, the Liquidating Trustee commenced this adversary proceeding by filing a complaint (the "Original Complaint") [Doc. 1] against numerous defendants, including Med-Venture Investments, LLC ("Med-Venture"), Babcock, Nobles, Oldfield Creely and JRG Attorneys

(collectively, "Defendants"), for, among other things, avoidance and recovery of post-petition transfers under 11 U.S.C. § 549.

Defendants each filed a motion to dismiss the Original Complaint [Docs. 10, 13, 20]. The motions to dismiss the Original Complaint were granted by the Court with leave to amend [Doc. 42]. In relevant part, the Court found that the Liquidating Trustee had not sufficiently alleged that the Proceeds were property of the bankruptcy estate.

On December 23, 2021, the Liquidating Trustee filed a First Amended Complaint [Doc. 58] against Defendants. Defendants Med-Venture, Aurora, Babcock, Nobles and Oldfield Creely filed motions to dismiss the First Amended Complaint [Docs. 65, 73 (as corrected)]. JRG Attorneys filed an answer to the First Amended Complaint [Doc. 83], but also filed joinders to the motions to dismiss [Docs. 81, 82]. The motions to dismiss the First Amended Complaint were granted by the Court with leave to amend [Doc. 102 (as amended)]. In granting the motions to dismiss, the Court again found that the Liquidating Trustee failed to sufficiently alleged that the Proceeds were property of the estate [Doc. 97].

On April 12, 2022, the Liquidating Trustee filed a Second Amended Complaint [Doc. 103] against Defendants and newly added defendant Aurora Capital Advisors, LLC. Again, Defendants (save for Aurora Capital Advisors, LLC and Med-Ventures)[1] each filed a motion to dismiss the Second Amended Complaint [Docs. 110, 113, 124]. The motions to dismiss were granted by the Court without leave to amend for the reasons set forth in the Court's Memorandum Decision, including that the Liquidating Trustee failed to allege that the Proceeds are property of the estate [Doc. 158]. No defendant has moved for judgment on the pleadings or to dismiss the remaining claims.

Except for the Sixth Claim for breach of fiduciary duty, the claims against the other defendants in this action rely on a finding that the Proceeds are property of the estate. The Sixth Claim for breach of fiduciary duty does not rely on such a finding and is separable from the

---

[1] Defendants Aurora Capital Advisors, LLC, and Med-Ventures did not file motions to dismiss and were not eligible to do so as they were at the time and continue to be suspended corporations under California law notwithstanding, as alleged, that they received distributions from Coastal at a time when they were suspended corporations.

dismissed Claims. The Sixth Claim against Patricia Brower, solely as trustee of the Brower Trust (2015), dated June 30, 2015 (the "Trust"), alleges that the Debtor, as a chapter 11 debtor in possession, owed fiduciary duties of care and loyalty to the estate and its creditors not to engage in self-dealing conduct that could harm the estate and a duty of loyalty to avoid placing his own interest ahead of those of the estate. The crux of the Liquidating Trustee's claim is that the Debtor breached his fiduciary duties and harmed the estate by devaluing his shares in Coastal, such that on the petition date his shares were worth approximately $7 million and by the effective date of the plan, the shares were worth nothing. The Court is not required to find that the Proceeds are property of the estate to find that the Debtor breached his fiduciary duties. However, as noted above, the Trustee submits that judicial economy favors a resolution of the Trustee's appeal of the Orders prior to further litigation in this case, hence the bringing of this Motion.

### III. RELEVANT LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure ("Rule") states that: When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Rule 54(b) allows a district court to finalize an order that completely disposes of one or more, but 'fewer than all of the claims or parties.'" *S.E.C. v. Capital Consultants, LLC*, 453 F.3d 1166, 1173 (9th Cir. 2006).

The Supreme Court set out a framework for applying this rule in *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956), which it repeated in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). A district court must first determine that it has rendered a "final judgment," that is, a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"

*Curtiss-Wright*, 446 U.S. at 7 (quoting *Mackey*, 351 U.S. at 436). *See also Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir. 1987) (recognizing that Rule 54 requires a certifiable judgment finally to resolve at least one claim in a multiple-claim action or finally to adjudicate the position of at least one party to a multiple-party action, i.e., the claims must be multiple and at least one of the claims must have been adjudicated finally) (citing *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 743, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976)). The district court must then determine whether there is any just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. *Id.* This discretion is to be exercised 'in the interest of sound judicial administration.'" *Curtiss-Wright*, 446 U.S. at 8 (quoting *Mackey*, 351 U.S. at 437). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id.* (quoting *Mackey*, 351 U.S. at 438).

Whether the claims under review are separable from the others remaining to be adjudicated is a factor that may be considered by the district court in deciding whether there are just reasons to delay an appeal of individual final judgments. *Curtiss-Wright,* 446 U.S. at 8. *See also Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 - 1525 (9th Cir. 1987) (approving the entry of a Rule 54(b) judgment where the "matters disposed of by the partial summary judgments were sufficiently severable factually and legally from the remaining matters…").

At the same time, the Supreme Court in *Curtiss-Wright* noted that:

> We do not suggest that the presence of one of these factors would necessarily mean that Rule 54 (b) certification would be improper. It would, however, require the district court to find a sufficiently important reason for nonetheless granting certification. For example, if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims. See *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U. S. 445, 450, n. 5 (1956).

*Curtiss-Wright*, 446 U.S. at 13, n. 2.

Even where there are overlapping issues, the Ninth Circuit has held that district courts may make a Rule 54(b) determination if it will streamline the litigation:

> We give deference to its finding that no just reason for delay exists because the lower court is " 'the one most likely to be familiar with the case and with any justifiable reasons for delay.' " *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956)).  The order and judgment fully dispose of the case between the Sheehans and Atlanta, and will likely aid in the expeditious decision of Integrity's counterclaim. The Rule 54(b) claims do not have to be separate from and independent of the remaining claims. *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.,* 689 F.2d 815, 817 (9th Cir.1982). Thus, we have jurisdiction.

*Sheehan v. Atlanta Intern. Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987).

As held in *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991):

> Rule 54(b) certification is proper if it will aid "expeditious decision" of the case. *Sheehan,* 812 F.2d at 468.  "The Rule 54(b) claims do not have to be separate from and independent of the remaining claims." *Id.*  However, Rule 54(b) certification is scrutinized to " 'prevent piecemeal appeals in cases which should be reviewed only as single units.' " *McIntyre v. United States,* 789 F.2d 1408, 1410 (9th Cir.1986) (quoting *Curtiss–Wright,* 446 U.S. at 10, 100 S.Ct. at 1466).  The present trend is toward greater deference to a district court's decision to certify under Rule 54(b). *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962 (9th Cir.1981), which Texaco relies upon extensively, is an outdated and overly restrictive view of the appropriateness of Rule 54(b) certification.  In *Continental Airlines v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519 (9th Cir.1987), we upheld Rule 54(b) certification even though the remaining claims would require proof of the same facts involved in the dismissed claims.

*Texaco, Inc. v. Ponsoldt*, 939 at 797-98.

In *Texaco,* the Ninth Circuit further held that:

> We find the reasoning of *Continental* persuasive in the present case. Although the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation.  Furthermore, Judge Marshall's rulings separated the legal from the factual questions.  As in *Continental,* certain theories of recovery were eliminated, limiting the issues to be tried below.  We hold that the judgment was properly certified for appeal under Rule 54(b).

7

*Texaco, Inc. v. Ponsoldt*, 939 F.2d at 798; *see also Sheehan v. Atlanta Intern. Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987) (recognizing that the Rule 54(b) claims do not have to be separate from and independent of the remaining claims); *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.,* 689 F.2d 815, 817 (9th Cir.1982); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) ("Moreover, we have held that claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would "streamline the ensuing litigation." *Texaco,* 939 F.2d at 798. It would do so here."); and *U.S. Fidelity and Guar. Co. v. Lee Investments, LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011).

## IV. RULE 54(b) CERTIFICATION IS APPROPRIATE

Here, there is no question that the Court's decision with respect to the Claims is final. The Court dismissed the Claims with prejudice. The Liquidating Trustee cannot amend the Second Amended Complaint to cure the asserted defects in the Claims. Additionally, the Court's decision necessarily implicates the Liquidating Trustee's claims against the other defendants in this case. Indeed, except for the Sixth Claim for breach of fiduciary duty, the remaining claims rely on a finding that the Proceeds are property of the estate. Thus, the claims against the other defendants, except for the Trust, have effectively been dismissed. Accordingly, the Claims have been fully and finally adjudicated because in the Orders, the Court held—as a matter of law—that the Proceeds are not property of the estate.

Given the finality of the Orders, there is no just reason to delay entry of partial final judgment. The Claims do not conflict with the Sixth Claim against the Trust, which is the only outstanding unadjudicated claim in the Second Amended Complaint. The differing nature of the Sixth Claim obviates the risk that the appellate court "would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. at 8.

Further, appellate review of the Claims may well moot the remaining claims in the Second Amended Complaint against defendants others than the Trust if the appellate court affirms this Court's Rule 54(b) judgment on the Claims. This possibility not only weighs strongly in favor of a Rule 54(b) certification, but it also suggests that this Court should enter a temporary stay of all future

8

litigation pending resolution of any appeal from the Rule 54(b) judgment. *See Jankowski v Lellock*, 2015 WL 4412096, at *4 (W.D. Pa. July 17, 2015) (directing entry of Rule 54(b) judgment and staying all remaining claims pending appeal). If granted, a stay will ensure that neither the Court nor the parties expend additional resources litigating potentially moot claims. Further, a stay will focus all litigation in one court, thereby reducing costs.

In sum, entry of a Rule 54(b) final judgment on the Claims will serve the Court's and parties' best interests. Because there is no just reason for delay, immediate certification is warranted.

## V. CONCLUSION

For the foregoing reasons, the Liquidating Trustee respectfully requests that this Court enter partial final judgment on the Claims and issue an order temporarily staying all remaining claims.

DATED: August 15, 2022　　　　　　　　BG LAW LLP

By: _____
Jason B. Komorsky
Jessica L. Bagdanov
Jessica S. Wellington
Attorneys for Michael G. Kasolas, Liquidating Trustee
For the Robert Brower, Sr. Liquidating Trust

# CERTIFICATE OF SERVICE

I, JESSICA STUDLEY, certify that service of following document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LIQUIDATING TRUSTEE'S MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND ENTRY OF TEMPORARY STAY** was made on August 15, 2022 by:

☒ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

**SEE ATTACHED LIST**

☒ Notice of Electronic Filing (NEF): The foregoing document will be served by the court via NEF and hyperlink to the document. I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L. Bagdanov**   jbagdanov@bg.law, ecf@bg.law
- **James C. Bastian**   jbastian@shbllp.com
- **Jason B. Komorsky**   jkomorsky@bg.law, ecf@bg.law
- **Ryan O'Dea**   rodea@shbllp.com
- **Aron M. Oliner**   roliner@duanemorris.com, dmicros@duanemorris.com
- **Jessica Wellington**   jwellington@bg.law, ecf@bg.com

☐ Overnight Delivery: By enclosing in a UPS envelope for next day delivery.

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addresses to the following officer of the defendant at:

☐ Email: The defendant's counsel was served by email as follows:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times, during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date: August 15, 2022

               /s/ Jessica Studley
JESSICA STUDLEY

BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

**VIA REGULAR FIRST CLASS MAIL**

| | |
|---|---|
| Patricia Brower, PRO SE<br>2 Christopher Court<br>Flanders, NJ 07836 | Great American Wineries, Inc., PRO SE<br>Attn: Robert Brower Jr.,<br>Agent for Service of Process<br>28088 Barn Court<br>Carmel, CA 93923 |
| Great American Wineries, Inc., PRO SE<br>c/o Robert Brower Jr., President<br>2511 Garden Road, Suite B-100<br>Monterey, CA 93940 | Deerleaf Holdings, Inc., PRO SE<br>c/o United States Corporation Agents, Inc.<br>221 N BROAD ST, SUITE 3A<br>Middletown, DE 19709 |
| Deerleaf Holdings, Inc., PRO SE<br>c/o Robert Brower Jr., President<br>25 Sunderland Lane<br>Katonah, NY 10536 | Robert Brower, Jr., PRO SE<br>25 Sunderland Lane<br>Katonah, NY 10536 |
| Pohanka of Salisbury, Inc.<br>c/o Ron Olinor, Esq.<br>Duane Morris LLP<br>**VIA NEF** | Anthony Nobles<br>c/o Ryan O'Dea<br>**VIA NEF** |
| Aurora Capital Advisors<br>c/o Ryan O'Dea<br>**VIA NEF** | Richard Babcock<br>c/o Ryan O'Dea<br>**VIA NEF** |
| Oldfield Creely, LLP<br>c/o Rogelio Serrano-Gutierrez<br>**VIA NEF** | Johnson, Rovella, Retterer, Rosenthal & Gilles, LLP<br>c/o Wendy Smith<br>**VIA NEF** |