Leonard M. Shulman – Bar No. 126349
Ryan D. O'Dea – Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: lshulman@shulmanbastian.com;
rodea@shulmanbastian.com

Attorneys for Defendants Aurora Capital Advisors,
Richard Babcock and Anthony Nobles

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br>**ROBERT BROWER SR.**,<br>　　　　　　Debtor. | Case No.: 15-bk-50801-MEH<br>Chapter 11<br>Adv. No.: 21-ap-05029-MEH |
| **MICHAEL G. KASOLAS,** solely in his capacity as the Liquidating Trustee for the Robert Brower Sr. Liquidating Trust,<br>　　　　　　Plaintiff,<br>v.<br>**PATRICIA BROWER,** solely as trustee of the BROWER TRUST (2015), dated June 30, 2015; **GREAT AMERICAN WINERIES, INC.**, a California corporation; **DEERLEAF HOLDINGS, INC.**, a Delaware corporation; **ROBERT BROWER, JR.**, an individual; **MED-VENTURE INVESTMENTS, LLC,** a California limited liability company; **AURORA CAPITAL ADVISORS**, a California general partnership; **RICHARD BABCOCK,** an individual and general partner of Aurora Capital Advisors; **ANTHONY NOBLES,** an individual and general partner of Aurora Capital Advisors; **COASTAL WINE SERVICES, LLC,** a California limited liability company; **WILFORD BUTCH, LINDLEY,** an individual; **POHANKA OF SALISBURY, INC.**, a Maryland corporation; **JAURIGUE LAW GROUP,** a California professional corporation *dba* JLG Lawyers; **JOHNSON, ROVELLA, RETTERER, ROSENTHAL & GILLES, LLP,** a limited liability partnership; and **OLDFIELD CREELY, LLP,** a limited liability partnership,<br>　　　　　　Defendants. | **AURORA CAPITAL ADVISORS, RICHARD BABCOCK AND ANTHONY NOBLES' OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND ENTRY OF TEMPORARY STAY**<br><br>[Request for Judicial Notice Filed Concurrently]<br><br>**Hearing Date**:<br>Date: September 12, 2022<br>Time: 11:00 a.m.<br>Place: Courtroom 11<br>　　　　United States Courthouse<br>　　　　280 South First Street<br>　　　　San Jose, California 95113<br><br>[Appearance also available via Zoom] |

1

**OPPOSITION TO MOTION FOR CERTIFICATION OF PARTIAL JUDGMENT**

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF, ALL DEFENDANTS AND ALL THEIR ATTORNEYS OF RECORD**:

Defendants Aurora Capital Advisors ("<u>Aurora</u>"), Richard Babcock ("<u>Babcock</u>") and Anthony Nobles ("<u>Nobles</u>") (collectively, "<u>Defendants</u>") hereby submit this opposition ("<u>Opposition</u>") to Michael G. Kasolas, liquidating trustee for the Robert Brower, Sr. Liquidating Trust's ("<u>Plaintiff</u>") motion for certification of partial final judgment under Federal Rule of Civil Procedure 54(b) and entry of temporary stay (the "<u>Motion</u>"). In support of the Opposition, Defendants respectfully represent as follows:

### I. OPPOSITION

The Motion is procedurally improper and predicated upon a patent misinterpretation of the orders dismissing the Second Amended Complaint (the "<u>Complaint</u>"). The Motion provides pages of authorities detailing the parameters of Fed. R. Civ. Proc. 54(b), but perhaps the most succinct explanation of this rule came from the Ninth Circuit in *S.E.C. v. Capital Consultants, LLC* where it stated: "Rule 54(b) allows a district court to finalize an order that completely disposes of one or more, <u>but 'fewer than all of the claims or parties</u>.'" *S.E.C. v. Capital Consultants, LLC*, 453 F.3d 1166, 1173 (9th Cir. 2006); <u>Motion</u> 5:21-22 (emphasis added). Despite Plaintiff acknowledging the context in which Rule 54(b) is applicable, the Motion provides no analysis of how the rule actually applies in this case. While it cannot be disputed that the Complaint contained numerous claims for relief asserted against numerous defendants, these facts are irrelevant when the text of the operative orders is considered.

On August 1, 2022, the Court entered three separate orders (collectively, "<u>Orders</u>") in connection with three separate motions to dismiss the Complaint. <u>See</u> Request for Judicial Notice ("<u>RJN</u>") **Exhibits 1**, **2** and **3**. Notwithstanding the entry of three separate Orders, each expressly state "the motion to dismiss…is GRANTED and <u>the Second Amended Complaint is dismissed with prejudice</u>." <u>RJN</u> **Exhibits 1**, **2** and **3**; ln 24-26 (emphasis added). To be clear, the Orders unambiguously dismissed the entirety of the Complaint with prejudice, as opposed to dismissing less than all claims for relief and/or as opposed to dismissing less than all defendants from the action. If Plaintiff disagreed with the substance of the Orders or believed they were somehow entered in

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Case: 21-05029    Doc# 160    Filed: 08/29/22    Entered: 08/29/22 12:05:16    Page 2 of 6

error, it was incumbent upon Plaintiff to timely file a notice of appeal or timely move to alter the Orders pursuant to Fed. R. Civ. Proc. 59(e). Absent an appeal, a Rule 59(e) motion is the proper procedure to request an alteration or amendment of a judgment or order based on grounds of judicial error of law or fact. See *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Plaintiff did neither, thus causing the fourteen (14) day deadline for appealing the Orders to lapse pursuant to Fed. R. Bankr. Proc. 8002(a) – as well as the twenty-eight (28) day deadline to lapse for alteration of the Orders pursuant to Fed. R. Civ. Proc. 59(e). Therefore, the Orders are final, no longer appealable and cannot be altered pursuant to Fed. R. Civ. Proc. 59(e).[1]

## II. CONCLUSION

Despite the Orders dismissing the entirety of the Complaint with prejudice, the Motion unnecessarily asks this Court to enter a partial final judgment under Fed. R. Civ. Proc. 54(b). The relief sought by Plaintiff is procedurally improper because Fed. R. Civ. Proc. 54(b) is only applicable when an order dismisses less than all claims and/or resolves claims against less than all named defendants. Given the substance of the Orders, Rule 54(b) is categorically inapplicable. It is undisputed that Plaintiff failed to timely appeal the Orders under Rule 8002 and failed to timely move to alter the Orders under Rule 59(e). As such, the Orders dismissing the entirety of the

---

[1] "The requirement of a timely notice of appeal is mandatory and jurisdictional. Fed. R. App. P. 4(a); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978). If a party files a timely post-judgment motion pursuant to Fed. R. Civ. P. 59(e), the time for appeal is tolled until the district court enters an order disposing of the motion. Fed. R. App. P. 4(a)(4)." *Chalamidas v. Quinlan*, 1992 U.S. App. LEXIS 33845, *2. Similarly, a motion for reconsideration brought under Fed. R. Civ. P. 60(b) is barred if it contains issues that could have been raised in a timely motion under Fed. R. Civ. P. 59(e) – a Rule 60(b) motion is not a substitute for timely a motion under Rule 59(e). See *Estate of Escobedo v. City of Fort Wayne*, 71 Fed. R. Serv. 3d (Callaghan) 729, 2008 U.S. Dist. LEXIS 66627 (N.D. Ind. Aug. 29, 2008).

"Ordinarily, a motion brought under Rule 60(b)(1) must be brought within a reasonable time not to exceed one year after the entry of the judgment or order. See Fed. R. Civ. P. 60(c) (1), incorporated by Fed. R. Bankr. P. 9024. Notwithstanding this time limitation, Rule 60(b)(1) motions arising from the court's errors must be made prior to the expiration of time to file an appeal. *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966); *Phonometrics, Inc.*, 126 F. App'x at 794; *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996). A different rule would mean that Rule 60(b) motions would operate as untimely appeals. *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1358 (10th Cir. 1985)." *Moore v. Moore (In re Moore)*, 2014 Bankr. LEXIS 4126, *3 (emphasis added).

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3
OPPOSITION TO MOTION FOR CERTIFICATION OF PARTIAL JUDGMENT

Case: 21-05029 Doc# 166 Filed: 08/29/22 Entered: 08/29/22 12:05:16 Page 3

Complaint are final and cannot be altered. Based on the aforementioned, Defendants respectfully request that the Motion be denied in its entirety.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

Dated: August 29, 2022  By:  /s/ Ryan D. O'Dea
Leonard M. Shulman
Ryan D. O'Dea
Attorneys for Defendants Aurora Capital Advisors, Richard Babcock and Anthony Nobles

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4
OPPOSITION TO MOTION FOR CERTIFICATION OF PARTIAL JUDGMENT
Case: 21-01155    Doc: 86    Filed: 08/29/22    Entered: 08/29/22 16:05:16    Page: 4 of 6

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

On **August 29, 2022**, I served a true and correct copy of the following documents:

**AURORA CAPITAL ADVISORS, RICHARD BABCOCK AND ANTHONY NOBLES' OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND ENTRY OF TEMPORARY STAY**

in the manner and on the interested parties in this action, as follows:

X   **BY ELECTRONIC TRANSMISSION:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 29, 2022**, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses listed in the Service List below.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **August 29, 2022**, at Irvine, California.

*/s/ Erlanna Lohayza*
Erlanna Lohayza

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**NEF SERVICE LIST**

- Jessica L. Bagdanov   jbagdanov@bg.law, ecf@bg.law
- James C. Bastian   jbastian@shbllp.com
- Jason B. Komorsky   jkomorsky@bg.law, ecf@bg.law
- Ryan O'Dea   rodea@shbllp.com
- Aron M. Oliner   roliner@duanemorris.com, dmicros@duanemorris.com
- Jessica Wellington   jwellington@bg.law, ecf@bg.com

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Case: 21-05029   Doc# 166   Filed: 08/29/22   Entered: 08/29/22 22:05:16   Page 6 of 6

6