

The following constitutes the order of the Court.
Signed: October 6, 2022

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ROBERT S. BROWER, SR.,<br><br>                              Debtor. | Case No. 15-50801 MEH<br>Chapter 11 |
| MICHAEL G. KASOLAS, LIQUIDATING TRUSTEE FOR THE ROBERT BROWER, SR. LIQUIDATING TRUST,<br><br>                              Plaintiff.<br>v.<br>PATRICIA BROWER, SOLELY AS TRUSTEE OF THE BROWER TRUST (2015), DATED JUNE 30, 2015, et. al.,<br><br>                              Defendants. | Adv. No. 21-05029<br><br><br><u>Order After Video Hearing</u><br>Date:   September 12, 2022<br>Time:   11:00 a.m. |

<u>ORDER GRANTING CERTIFICATION OF PARTIAL FINAL JUDGMENT</u>

Before the court is the Motion for Certification of Partial Final Judgment under Federal Rule of Civil Procedure 54(b) ("Motion") (Doc. #162). The Motion is brought by Michael G. Kasolas, in his capacity as the Liquidating Trustee for the Robert Brower, Sr.

Liquidating Trust ("Trustee" or "Plaintiff"). Trustee seeks an order certifying the Court's August 1, 2022 Memorandum Decision (Doc. #158) ("Memorandum") and concurrent orders (Doc. #159, #160, #161) granting certain defendants' motions to dismiss (Doc. #110, #113, #124) as final, appealable judgments as to the claims against defendants. Defendants JRG Attorneys, Aurora Capital Advisors, Richard Babcock, and Anthony Nobles filed oppositions (Doc. #165, #166) and Trustee filed responsive replies (Doc. #168, 169). The motions were heard on September 12, 2022.

This court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). The following constitutes the court's conclusions of law in accordance with Federal Rule of Bankruptcy Procedure ("FRBP") 7052.

Having considered the parties' positions, relevant legal authority, and the record in this case, the court GRANTS the Motion for the reasons discussed below.

I.  BACKGROUND

   A.  The Parties and Motions to Dismiss

Debtor Robert Brower, Sr., now deceased, filed a Chapter 11 bankruptcy case on March 11, 2015. Debtor scheduled "Shares in Coastal Cypress Corporation" ("Coastal") as his personal property and did not exempt them from assets of his estate (B/K No. 15-50801, Doc. #1, Sch. B). Debtor is Coastal's sole shareholder; Coastal is not a co-debtor.

In the spring of 2015, Coastal sold a wine estate and real property for $7,000,000 ("Proceeds"). On behalf of Coastal, Debtor transferred the Proceeds to defendants in various amounts.

On July 22, 2021, Trustee commenced this adversary proceeding. Three motions to dismiss were filed (Doc. # 10, #13, #20). Following hearing on the motions to dismiss, the court granted the motions to dismiss with leave to amend (Doc. #42).

Trustee then filed the First Amended Complaint ("FAC") (Doc. #58) on December 23, 2021. Two motions to dismiss were filed (Doc. # 65, #73) in response. Following hearing, the court issued orders granting the motions to dismiss with leave to amend "solely on the

2

issue of whether the Debtor exceeded shareholder authority" pursuant to 11 U.S.C. § 549[1] (Doc. #98, #99).

On April 12, 2022, Trustee filed the Second Amended Complaint ("SAC") asserting nine claims for relief (Doc. #103). Defendants Oldfield Creely, LLP ("Oldfield"), Aurora Capital Advisors, Richard Babcock, and Anthony Nobles (collectively, "Aurora,") and JRG Attorneys At Law, LLP ("JRG") filed motions to dismiss the SAC. (Doc. #110, #113, #124) Defendants moved to dismiss all the claims in the SAC, except for the Sixth Claim.

No determination has been made as to the Sixth Claim because the defendant to this claim has not responded. The Brower Trust (2015) dated June 30, 2015 is the sole defendant to the Sixth Claim. The Trust was created by Debtor Robert Brower. Upon Brower's death in late September 2020, his wife, Patricia Brower became Trustee of the Brower Trust. She is sued solely in her capacity as Trustee of the Brower Trust. Since the beginning of Brower's case in 2015, the court has been informed that Patricia Brower has health issues prohibiting her participation in the bankruptcy case. She was excused from deposition due to her health issues.

B. Disputed Legal Issue: Whether Proceeds are Assets of the Estate

Dismissal of the First, Second, Third, Fourth, Fifth, Seventh, Eighth, and Ninth Claims are based on the Trustee's inability to establish that the Proceeds are assets of Debtor's estate. As set forth in the Memorandum and concurrent orders entered August 1, 2022, I found that the Trustee seeks to avoid and recover postpetition transfers pursuant to § 549 and § 550. In order to do so, the transfers must be property of the Debtor's estate. Debtor listed a shareholder interest in Coastal in his bankruptcy schedules. After filing his bankruptcy case, Debtor sold the Coastal property and Coastal retained the Proceeds. Debtor never transferred the Proceeds into his bankruptcy estate.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

Case: 21-05029    Doc# 171    Filed: 10/06/22    Entered: 10/06/22 16:06:07    Page 3 of 9

In summary, Trustee sought to establish the Proceeds are property of the estate pursuant to § 541(a)(6) and (a)(7) incorporating proceeds, product, and interests acquired after commencement of the case. But California law is clear that shareholders do not own property of the corporation. *See Miller v. McColgan*, 17 Cal. 2d 432, 436 (1941). Trustee next asserted Coastal's Amended Articles of Incorporation affected the estate's rights to the Proceeds. Alternatively, Trustee argued that recission pursuant to Cal. Corp. Code § 1001(a) should apply. Over the course of defending three rounds of motions to dismiss, Trustee also argued that Debtor's expectancy interest in assets became an ownership interest once Coastal liquidated its only asset. I found none of these arguments to be compelling. My analysis is subject to *de novo* review.

Accordingly, I granted orders dismissing with prejudice Trustee's SAC as follows:

- The First, Second, Third, Fourth, Fifth and Ninth Claims for Relief against (i) Aurora, (ii) Babcock, (iii) Nobles, (iv) JRG, and (v) Oldfield;
- The Seventh Claim for Relief against JRG; and
- The Eighth Claim for Relief against (i) JRG and (ii) Oldfield.

C. Relief Sought in the Motion.

On August 15, 2022, Trustee filed the Motion requesting entry of partial final judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 54(b)[2] (Doc. #162). Trustee seeks to have final judgment issued as to all but one of the claims for relief.

II. LEGAL ANALYSIS

Generally, appellate courts only have jurisdiction to hear appeals from final orders. *See* 28 U.S.C. § 1291. However, Rule 54(b) provides:

> When an action presents more than one claim for relief. . .or when multiple parties are involved, the court may direct entry of a final judgment as to one or

---

[2] FRCP 54(b), hereinafter, "Rule 54(b)."

4

Case: 21-05029     Doc# 171     Filed: 10/06/22     Entered: 10/06/22 16:06:07     Page 4 of 9

more, but fewer than all, claims or parties *only* if the court expressly determines that there is no just reason for delay.

FRBP 7054(a) specifically incorporates Rule 54(b) into bankruptcy proceedings.

Entry of judgment under Rule 54(b) requires: (1) a final judgment; and (2) a determination that there is no just reason for delay of entry. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)).

Generally, a court's decision becomes "final" for purposes of appeal, only upon completion of the entire case, i.e., when the decision "terminate[s the] action" or "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 409 (2015) (internal quotation marks omitted). The Supreme Court has characterized a final decision as "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

While bankruptcy cases frequently present a multiplicity of individual disputes we need not address that here, as the motions to dismiss were filed in an adversary proceeding. "An adversary proceeding is essentially a self-contained [suit]—still within the original bankruptcy case—in which a panoply of additional procedures apply. . . Many of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of civil litigation." *In re Forester*, 2021 WL 603378 at *1 (Bank. C.D. Cal. Feb. 10, 2021).

A. Finality

Eight of the nine claims have been dismissed "with prejudice." This unequivocally ended Trustee's claims. As a result, these claims are final for purposes of appeal as there is nothing further for the bankruptcy court to decide as to these claims.

B. No Just Reason for Delay

Once finality is settled, the court must evaluate "whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. In making this determination, the court "must take into account judicial administrative interests as well as the equities involved" to uphold the policy against piecemeal appeals. *Id.* (citation omitted). Courts should evaluate the "interrelationship of the claims," such as whether the claims under review are "separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

The Ninth Circuit has held that "similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result." *Morrison-Knudsen Company, Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). More recently, the Ninth Circuit recognized that "claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (quoting *Texaco, Inc. v. Ponsoldt*, 939 F. 2d 794, 798 (9th Cir. 1991). The intent is to "prevent piecemeal appeals in cases which should be reviewed only as single units." 568 F. 3d at 747 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

The eight final claims depend upon a determination that Proceeds are property of the estate. My decision is based solely on questions of law. As such, it is subject to *de novo* review. Reversal will allow the Trustee to proceed with discovery and litigation on the merits of the claims. Affirmance will limit the Trustee's litigation to the single remaining claim. Allowing the central dispute to proceed will streamline the ensuing litigation and is unlikely to result in piecemeal appeals.

Further, the relief sought in the Sixth Claim is not based on a finding of whether Proceeds are an asset of the estate or not. Instead, the Sixth Claim asserts the Debtor, whose interest is now represented by the Brower Trust, breached his fiduciary duties of care and

Case: 21-05029    Doc# 171    Filed: 10/06/22    Entered: 10/06/22 16:06:07    Page 6 of 9

loyalty to the estate and its creditors. Moreover, the Sixth Claim alleges Debtor owed a duty not to engage in self-dealing conduct that could harm the estate, and had a duty of loyalty to avoid placing his own interest ahead of those of the estate. In addition, as an officer and director of Coastal, Debtor owed fiduciary duties of loyalty, care, and good faith to act in the best interests of the corporation rather than Debtor's own self-interest. The Sixth Claim was not challenged on a motion to dismiss, and therefore, has not been challenged.

If the Trustee succeeds it will allow for the recovery and distribution of significant funds to the creditors of Debtor pursuant to a confirmed plan. If not, significant resources will not be needlessly expended in litigation. *See Century Glove, Inc. v. First Am. Bank,* 860 F.2d 94, 98 (3d Cir.1988) (emphasizing how "issues central to the progress of the bankruptcy petition, those likely to affect the distribution of the debtor's assets, or the relationship among the creditors, should be resolved quickly" (internal quotations omitted)).

I find no reason to delay appellate review of the final claims.

III. **ENTRY OF TEMPORARY STAY**

In addition to Trustee's request for entry of partial judgment, Trustee "suggests that the court issue a temporary stay of all future litigation pending resolution of any appeal from the Rule 54(b) judgment" (Doc. #163, p. 9-10). No basis for this temporary stay is provided.

Issuance of a stay was discussed more thoroughly at the hearing on the Motion. As no appeal has been filed, a stay pending appeal is not appropriate. At the hearing, it was determined that defendants may be grouped into three categories:

First, defendants who prevailed against each of the claims asserted against them. These defendants are Aurora, Babcock, Nobles, JRG, and Oldfield. It is anticipated they will be parties to any appeal filed by Trustee, and are not seeking affirmative relief. As such, Trustee failed to establish that a stay is needed as to these defendants.

Second, defendants whom Trustee has obtained clerk's entry of default against. These defendants are Aurora Capital Advisors, LLC, MedVenture Investments, LLC, Coastal Wine Services, LLC, and Wilfred Butch Lindley. By virtue of the clerk's entry of default, these

parties are prohibited from opposing the SAC, unless the court otherwise finds cause to waive the entry of default.  As such, Trustee also failed to establish a stay is needed as to these defendants.

Third, one defendant, Pohanca of Salisbury filed an answer.

Finally, defendants whom Trustee entered into stipulations with to extend time to file an Answer to the SAC.  Pursuant to the stipulation, these parties were granted until 20 days after the Motions to Dismiss were determined to respond to the complaint.  That time period has expired, and no further responses have been filed.  These defendants are the Brower Trust, Robert Brower Jr, Great American Winery LLC, and Deerleaf Holdings, Inc..

Although unlikely, the third and final groups of defendants could seek to continue litigation in this adversary proceeding while an appeal is pending.  As these parties have not actively participated in the adversary proceeding thus far, I find it appropriate to issue a temporary stay as to these defendants until 14 days after a notice of appeal is filed.  Post-appeal, Trustee may seek entry of a stay pending appeal from the appellate court.

For the reasons stated herein, I hereby GRANT Trustee's request for entry of partial final judgment and certify the Memorandum and concurrent orders granting defendants motions to dismiss.

A temporary stay is issued as to the defendants identified directly above until 14 days after a notice of appeal is filed.

Partial final judgment will be issued contemporaneously herewith.

IT IS SO ORDERED.

**END OF ORDER**

COURT SERVICE LIST

**Via ECF:**

All ECF Recipients