Heinz Binder (SBN 87908)
Wendy Watrous Smith (SBN 133887)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: heinz@bindermalter.com
Email: wendy@bindermalter.com

Attorneys for Defendant JRG Attorneys at Law
(Named in Complaint as Johnson, Rovella, Retterer,
Rosenthal & Gilles, LLP)

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 15-BK-50801-MEH |
| ROBERT BROWER, SR., | Chapter 11 |
| Debtor. | Adv. No.: 21-ap-05029-MEH |
| MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust, | Date: December 5, 2022<br>Time: 11:00AM<br>Place: Courtroom 11<br>Judge: M. Elaine Hammond |
| Plaintiff, | |
| v. | |
| PATRICIA BROWER, solely as the trustee of the BROWER TRUST (2015), dated June 30, 2015, et al. | |
| Defendants. | |

**MOTION FOR THE PREVAILING PARTY TO RECOVER ATTORNEYS' FEES
PURSUANT TO FRCP 54(d)**

Defendant JRG Attorneys at Law, LLP, named in the complaint as Johnson, Rovella,

Retterer, Rosenthal & Gilles, LLP, ("JRG") hereby moves the Court for an award of attorney's

MOTION TO RECOVER ATTORNEYS' FEES                                                                                           PAGE 1

fees from the plaintiff in this action, Michael Kasolas, Liquidating Trustee for the Robert Brower Sr. Liquidating Trust (the "Trustee"). JRG is the prevailing party in the partial judgment entered by this Court on October 6, 2022, dismissing all actions against JRG with prejudice. (Doc. #172).

This motion is brought pursuant to Bankruptcy Rule 7054, incorporating F.R.Civ.P. 54(d)(2)(a) - (c) and (d), and under California Code of Civil Procedure § 1021 and related statutes. JRG seeks an award of $103,761.15 as reasonable attorneys' fees expended in defending the three separate complaints brought by the Trustee attempting to recover fees paid to JRG by its client Coastal Cypress Corporation ("Coastal Cypress"). As explained further in the accompanying Memorandum of Points and Authorities, the fees that the Trustee sought to recover were paid by Coastal Cypress under the terms of an attorney-client agreement between JRG and Coastal Cypress (the "Attorney Agreement"). That agreement provides that: "In the event any attorneys' fees dispute is submitted to a court for any reason, the prevailing party shall be entitled to recover reasonable attorneys' fees, costs, and expenses incurred in such action." (Fee Agreement, ¶ 12.(2).) (the "Attorney Fee Provision"). The text is sufficiently broad to encompass the action brought by the Trustee. *Marsu, B.V. v. Walt Disney Co.,* 185 F.3d 932, 939 (9th Cir. 1999) [finding the broad language in the attorney's clause sufficient to include tort actions.]

Although the Trustee is not a signatory to the Attorney Agreement, it sought to acquire the assets of Coastal Cypress through various arguments to establish identity of the debtor and Coastal Cypress or to collapse Coastal Cypress into the debtor. Had the Trustee succeeded, the debtor, and then the Trustee, would have become the party to the Attorney Agreement. *See, Real Prop. Servs. Corp. v. City of Pasadena*, 25 Cal.App.4th 375, 378-82 (1994) [finding that where a non-signatory plaintiff loses on a suit against a signatory defendant, and the subject contract provides for attorneys' fees to the prevailing party, the non-signatory losing plaintiff will be liable]

The requested fees meet the "loadstar" requirements for the award of fees in California. The number of hours were reasonable and the rate at which they were billed "were in line with the rates prevailing in the community for similar services lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County, supra* 815 F.2d at 1263.

This motion is supported by the accompanying memorandum of points and authorities and

the declarations of Wendy Watrous Smith and Paul Rovella.

Respectfully submitted,

Dated: October 20, 2022                    BINDER & MALTER, LLP


                                           By: /s/ *Wendy Watrous Smith*
                                               Wendy Watrous Smith
                                               Attorneys for JRG Attorneys at Law

MOTION TO RECOVER ATTORNEYS' FEES PAGE 4

Case: 21-05029    Doc# 182    Filed: 10/20/22    Entered: 10/20/22 17:32:56    Page 4 of 5