Heinz Binder (SBN 87908)
Wendy Watrous Smith (SBN 133887)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: heinz@bindermalter.com
Email: wendy@bindermalter.com

Attorneys for Defendant JRG Attorneys at Law, LLP
(named in Complaint as Johnson, Rovella, Retterer,
Rosenthal & Gilles, LLP)

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT BROWER SR.,<br><br>    Debtor. | Case No.   15-BK-50801-MEH<br><br>Chapter 11<br><br>Adv. No.:  21-ap-05029-MEH |
| MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICIA BROWER, solely as the trustee of the BROWER TRUST (2015), dated June 30, 2015, et al. | Date:    December 5, 2022<br>Time:    11:00 a.m.<br>Place:   Courtroom 11<br>Judge:   M. Elaine Hammond<br><br>(Appearance also available via Zoom.) |

**JRG ATTORNEYS AT LAW, LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE PREVAILING PARTY TO RECOVER ATTORNEYS' FEES PURSUANT TO FRCP § 54(d)(2) and CAL. CIV. PRO. § 1021**

## I. INTRODUCTION

Through this motion, Defendant JRG Attorneys at Law ("JRG,") seeks an award of attorney's fees from the plaintiff in this action, Michael Kasolas, Liquidating Trustee for the Robert Brower Sr. Liquidating Trust (the "Trustee") as JRG is the prevailing party in the partial judgment entered by this court on October 6, 2022, dismissing all actions against JRG with prejudice. (Doc. #172). This motion is brought pursuant to Bankruptcy Rule 7054, incorporating F.R.Civ.P. 54(d)(2)(a) - (c) and (d), and under California Code of Civil Procedure § 1021.

JRG seeks an award of $103,761.15 as reasonable attorneys' fees expended in defending the three separate complaints brought by Trustee attempting to recover fees paid to JRG by its client Coastal Cypress Corporation ("Coastal Cypress"). As explained further below, the fees that the Trustee sought to recover under were paid by Coastal Cypress under the terms of an attorney-client agreement between JRG and Coastal Cypress (the "Attorney Agreement"). (See Declaration of Paul Rovella in Support of Motion for Award of Attorneys' Fees ("Rovella's Dec") ¶4, Exhibit A.) That agreement provides that: "In the event any attorneys' fees dispute is submitted to a court for any reason, the prevailing party shall be entitled to recover reasonable attorneys' fees, costs, and expenses incurred in such action." (Attorney-Client Fee Agreement, ¶ 12. (2) (the "Attorney Fee Provision").

In each of its three complaints, the Trustee has asserted a right to recover attorneys' fees from JRG arising from this litigation. (Doc# 1, p. 40; Doc# 58, p. 45, and Doc# 103, p. 53.) The Trustee did not identify any basis for its claim for attorneys' fees in the complaints, leaving the only possible basis for such claim to be the Attorney Agreement.

## II. ARGUMENT

### A. California law supports an award of attorneys' fees.

The prevailing party on an adversary proceeding in bankruptcy may be entitled to an award of attorneys' fees on a post-petition action based on a pre-petition contract if allowed under applicable state law. *See Centre Ins. Co. v. SNTL Corp. (In re SNTL Corp.)*, 380 B.R. 204, 221 (9th Cir. BAP 2007), *aff'd* 571 F.3d 826 (9th Cir. 2009) (adopting BAP opinion).

California Code of Civil Procedure, Section 1021 provides: "Except as attorney's fees are

specifically provided by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties. . ." C.C.P. § 1021. The section is read in conjunction with C.C.P. §§ 1032 and 1035. Section 1032(a)(4) defines that the "prevailing party" includes the "defendant in whose favor a dismissal is entered. . ." C.C.P. § 1032(a)(4). Except as otherwise provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding. C.C.P. § 1032(b). Attorneys' fees, when authorized by contract are allowable as costs. C.C.P. § 1033.5(a)(10).

Collectively, by their terms C.C.P. §§ 1021, 1032 and 1033 make clear that attorneys' fees may be recovered by a prevailing party in disputes that sound in either tort or contract if there is a provision in a contract related to the litigation that covers the conflict at issue. "Courts look to the language of the agreement to determine whether an award of attorneys' fees is warranted." *See, 3250 Wilshire Boulevard Bldg. v. W.R. Grace & Co.,* 990 F.2d 487, 489 (9th Cir. 1993); *See also, Marsu, B.V. v. Walt Disney Co.,* 185 F.3d 932, 939 (9th Cir. 1999) [finding the broad language in the attorneys' clause sufficient to include tort actions.]

The fact that a losing plaintiff is not a signatory to the contract that is the subject of the action does not defeat the prevailing defendant from recovering attorney's fees provided for in the contract if the contract would allow fees to plaintiff if it succeeded. *See, Real Prop. Servs. Corp. v. City of Pasadena*, 25 Cal.App.4th 375, 378-82, (1994) [finding that where a non-signatory plaintiff loses on a suit against a signatory defendant, and the subject contract provides for attorneys' fees to the prevailing party, the non-signatory losing plaintiff will be liable]. S*ee also*, *Asphalt Prof'ls, Inc. v. Davis (In re Davis)*, 2019 Bankr. LEXIS 2044, at *19 (B.A.P. 9th Cir. July 3, 2019)

### B. JRG is entitled to recover reasonable attorney's fees as the prevailing party and pursuant to the Attorney Agreement and California law

#### 1. JRG is the Prevailing Party

All actions brought by the trustee against JRG have been dismissed, making JRG the prevailing party in this action. Under California law, "prevailing law" includes the "defendant in whose favor a dismissal is entered…" CCP § 1032(a)(4). The Court in this case dismissed all

Case: 21-05029    Doc# 182-1    Filed: 10/20/22    Entered: 10/20/22 17:32:56    Page 3 of 10

causes of action.[1]

## 2. Each claim for relief, with one exception, made by the Trustee against JRG is encompassed by the Attorney Fee Provision in the Attorney Agreement.

The Attorney Fee Provision in the Attorney Agreement is extremely broad. It is not limited to actions between the parties, stating: "in the event that any attorneys' fees dispute is submitted to a court…" The prevailing party is entitled to recover reasonable attorneys' fees and costs. The statement is in passive voice, not limited to actions brought by signatories to the contract. It goes on to say, "for any reason" and thus is not limited to actions "on the contract," or to the "collection of fees" or, even, to actions "arising from or related to" the contract or to services provided under it— but includes fee disputes brought in any court "for any reason."

When considering whether a fee-recovery term in a contract is broad enough to include a tort or other non-contract claim, the California courts will look to the language of the contract to determine the intent of the parties to a contract. In the case of *Xuereb v. Marcus & Millichap*, *Inc.* 3 Cal.App.4th 1338 (1992) the court examined a contract providing for attorneys for the prevailing party in "any lawsuit or other legal proceeding to which this agreement gives rise". *Supra,* at pp. 1342-1343. The court determined that the language was "sufficiently broad to encompass both contract actions and actions in tort…" *Id. See also, Lerner v. Ward,* 13 Cal.App.4th 155, 160–161 (1993).

All of the various claims for relief brought by the Trustee, with one exception, are brought for the purpose of having JRG return the fees that it was paid by Coastal Cypress pursuant to the Attorney Agreement. Although styled under various theories, all of the claims assert that the fees should not have been paid in the first instance. These are all "fee disputes" and fall within the description of the Attorneys Fees Provision. The one exception is in the original complaint, which sought in the eighth claim to recover damages for alleged "aiding and abetting" of breach of "fiduciary duty" by Mr. Brower Sr. This action was dismissed on November 22, 2021 (Doc# 42),

---

[1] Counsel for JRG spoke with counsel for the trustee regarding the issues in this motion. Counsel for the Trustee was not prepared to concede that JRG was the prevailing party in the action. Declaration of Wendy W. Smith in Support of Motion for Award of Attorneys' Fees ("Smith's Dec"), ¶ 10.

JRG ATTORNEYS MEMO OF POINTS AND AUTHORITIES ISO MOTION FOR ATTORNEYS' FEES
PAGE 4

Case: 21-05029    Doc# 182-1    Filed: 10/20/22    Entered: 10/20/22 17:32:56    Page 4 of 10

and the fees related specifically to this action are not sought here. (Smith's Dec, ¶2.)

The fact that the Trustee was seeking to recover the attorneys' fees that Coastal Cypress paid is evident throughout the pleadings and has never been disputed by the trustee. First, exhibit 19 to all three versions of the complaint list the specific payments by Coastal Cypress to JRG. (Rovella's Dec, ¶5, Exhibit B.) These payments were all to pay specific invoices from JRG to Coastal Cypress pursuant to the Attorney Agreement. (Rovella's Dec, ¶5, Exhibit B.) The complaints themselves also recognize that the payments from Coastal Cyprus to JRG were for attorney services. (*See e.g.*, original Complaint, Doc# 1, ¶¶ 123-133.)

Last, and most telling, is that the Trustee claimed in all three complaints a right to recover attorneys' fees from JRG for the action. The complaints themselves do not allege any factual basis to justify the Trustee making a claim for attorneys' fees on this action. Thus, the only colorable basis for the prayer for fees is a reliance on the Coastal Cypress Attorney Agreement.

### 3. The fact that the Trustee is not a direct signatory to the Attorney Agreement does not change this analysis.

The Trustee will undoubtedly assert that it is not affected by the Attorney Agreement between Coastal Cypress and JRG because the Trustee did not sign it. But the Trustee's prior arguments defeat such a position. Throughout its pleading, the Trustee has at all times asserted an identity between Coastal Cypress and Brower (then Brower's bankruptcy estate, then the Trustee). This effort of consolidation is summarized in the Court's final ruling dismissing the action with prejudice on March 24, 2022. (Doc# 97 (the "March 24 Order".)

The essence of the Trustee's position was to collapse Coastal Cypress's corporate existence into the Debtor, and thereby assert that the funds held by Coastal Cypress upon the sale of its assets was property of the bankruptcy estate. (March 24 Order, p. 6.) The Court rejects the Trustee's theory that, by the Trustee asserting that Coastal Cypress and the debtor were alter egos, the Court could ignore the corporate form entirely and collapse the corporation into the individual. (March 24 Order, pp. 6–7.) The court finally rejects the Trustee's position that the corporation could be ignored because the debtor with a sole shareholder. (March 24 Order, p. 11.)

If the Trustee, through any of its theories, had established an identity between the debtor

and Coastal Cypress sufficient to make the assets of Coastal Cypress assets of the debtor, and thus the estate, that identity presumably would have brought with it the various agreements to which Coastal Cypress was a party, both the benefits and the obligations. This would have included the Attorney Agreement. Indeed, as has been noted, the only support the Trustee had for its claim for attorneys' fees recovery in the prayer in its complaints, would have been the Attorney Agreement, as there was no other support identified.

It is well established that a nonsignatory will be bound by an attorney fees provision in a contract when the nonsignatory party " 'stands in the shoes of a party to the contract.' " (*Cargill, Inc. v. Souza*, 201 Cal.App.4th 962, 966 (2011), quoting *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal.App.4th 858, 897 (2008).) In that situation, the nonsignatory party is liable for attorneys' fees if it would have been entitled to fees if it prevailed. (*Blickman Turkus, LP, supra*, at p. 897; *Sessions Payroll Management, Inc. v. Noble Construction Co.*, 84 Cal.App.4th 671, 679 (2000).) *Apex LLC v. Korusfood.com*, 222 Cal.App.4th 1010, 1017-18 (2013). Here, if the Trustee had succeeded on its failed claims, it would, presumably, have been entitled to fees under the Attorney Agreement, which would have become property of the estate. Now that the Trustee has failed, it cannot disavow the result of the position taken in the complaints and is liable for the fees pursuant to the Attorney Agreement.

### 4. The fees sought are reasonable and meet the "loadstar" requirements.

#### (a) The "lodestar" requirements in California.

The fee granting inquiry in California ordinarily begins with the "lodestar," i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. Under the lodestar method, the Court "begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.") (internal quotation marks and citation omitted). The reasonable hourly rate is that prevailing in the community for similar work. *PLCM Group, Inc. v. Drexler* 22 Cal.4th 1084, 1095 (2000).

As to the reasonableness of the number of hours billed, the party entitled to recover attorneys' fees is entitled to be compensated for all hours reasonably spent. The question is not whether in hindsight the time expenditure was necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point of time in which the work was performed. *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (1990).

Having determined the number of hours reasonably expended by counsel, the Court must next determine the reasonable hourly rate to apply. The party seeking the fee has the burden of producing "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, supra 815 F.2d at 1263. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Courts also may rely on decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience. *See Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009).

**(b) The time expended attorneys was reasonable given the number of parties involved in the case, and the complexity and swiftly changing legal theories presented by the Trustee in various iterations of its complaint.**

The requested fees cover just over a year of intense litigation defending against the Trustee's evermore speculative and contorted legal theories posed in the effort to recover assets that were never property of the bankruptcy estate in question. The Court is intimately familiar with the history of the case, so it need not be described in detail here. Critical to this motion, however, is how overreaching the Trustee's claims became through the versions of the complaint and multiple responses to the various motions to dismiss.

The body of the original complaint was 40 pages long, with 114 pages of exhibits, and was

filed in late summer of 2021. (Doc# 1.) The complaints assert 10 different claims against 14 differently-situated defendants, who each received different transfers of funds from various parties at different times. The subsequent versions of the complaint were neither shorter nor clearer. The Second Amended Complaint ran to 217 pages. (Doc# 103.) The complaints made almost no effort to separate the claims being made against the different defendants. The original complaint incorporated all prior paragraphs into each subsequent claim for relief, forcing each defendant to parse out which facts were relevant to the claims against that defendant. The subsequent iterations of the complaints were no better. (First Amended Complaint, Doc# 58; Second Amended Complaint, Doc# 103.)

The costs and complexity of the case were increased by the multiple defendants moving to defend each iteration of the complaint. With each complaint, counsel for JRG needed to review the pleadings of the other defendants and coordinate with their counsel, in addition to researching and drafting its own motions for relief.

Attached as Exhibit A to Smith's Declaration is a true and correct copy of the complete invoice to JRG for all of Binder & Malter LLC's services from September 1, 2021 through October 15, 2022. The invoice is marked to redact a small number of privileged entries. It is also marked to show specific charges related solely to the claim in the original complaint for "aiding and abetting," which sought general damages. Those fees are not included in this request.

This work can be considered in four time periods, which are also marked on the invoice attached Smith's Declaration. The work is described in detail in the invoice. The first period is from the September 1, 2021 through November 23, 2021 when the court dismissed the original complaint. It includes the time needed to become familiar with the long and detailed history of the case and extensive litigation between Mr. Brower Sr. and Union Bank, which fueled the extensive litigation before the adversary proceeding was filed. This period also covers the research and drafting of the motion to dismiss the original complaint, the reply and the hearing, and ongoing settlement discussions with opposing counsel. (Smith's Dec, ¶ 3, Exhibit A.)

The second period is from November 23, 2021 through March 30, 2022 when the court dismissed the First Amended Complaint. During this period, counsel continued settlement

discussions with opposing counsel. The Trustee filed the first amended complaint in December 2021. (Doc# 58). Counsel reviewed the amended complaint, comparing it to prior pleadings and iterations of the complaint. This time also includes the research needed to address the new legal theories presented. During this time, counsel also reviewed other defendants' motion to dismiss and conducted discussions regarding coordinating defendants' positions. Counsel also investigated the alternative merits of answering the first amendment complaint rather than filing another motion to dismiss. Counsel prepared an answer including affirmative defenses directly addressing the new legal theories proposed in the First Amended Complaint.

Counsel reviewed and advised regarding the motions to dismiss filed by two other defendants, and prepared and filed joinders to those motions. Counsel reviewed the Trustee's opposition to those motions to dismiss, and reviewed and prepared a joinder to the reply by one of the moving defendants. This period also included ongoing discussions with opposing counsel regarding Rule 26 discovery issues and managing the ongoing status conferences in light of the pending motions to dismiss the complaint.

The third period is from April 1, 2022 through August 1, 2022, when the court dismissed the Second Amended Complaint against JRG with prejudice on all claims. During this period, counsel for JRG conducted further settlement discussions with counsel for the Trustee and several conferences with multiple parties to the action regarding the ongoing obligations under Rule 26 for a discovery conference and discovery plan. This period includes counsel's review of the 53-page Second Amended Complaint to identify the Trustee's new theories and efforts to address the court's prior findings in its previous motions to dismiss. Counsel conferred with counsel for other defendants who were considering bringing further motions dismiss the second amendment complaint. In light of the Trustee's new theory regarding Coastal Cypress's articles and bylaws, counsel investigated the company's corporate records and history. Counsel drafted the points authorities for a motion to the Second Amended Complaint, analyzed the Trustee's opposition, drafted a reply and prepared for, and attended, the hearing.

The fourth period covers work from August 1, 2022 through October 15, 2022. The work during this time included investigation regarding recovery of fees and costs, and the Trustee's

Case: 21-05029    Doc# 182-1    Filed: 10/20/22    Entered: 10/20/22 17:32:56    Page 9 of 10

possible appeal to the court's dismissal with prejudice. Counsel reviewed and researched the basis of the Trustee's motion for a partial judgment and prepared a limited objection, specifically to correct misstatements regarding the court's prior findings. Counsel prepared for, and attended, the hearing and conferred with clients regarding its outcome.

### (c) The rates charged are in line with prevailing rates in the community

The rates charged by JRG's counsel, Binder & Malter, LLP, are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. As set forth in further detail in Smith's Declaration, the primary attorneys on this case, Wendy Watrous Smith and Heinz Binder, are highly-skilled bankruptcy attorneys and well known in this field. (Smith's Dec, ¶8). The hourly rates charged by them in this case: $472.50 for Wendy Watrous Smith and $517.51 for Heinz Binder, are lower than the fees charged by other attorneys in the Bay Area for similar work. (They do not reflect subsequent increases in the firm's hourly rate for its attorneys.) (Smith's Dec, ¶¶ 8-9)

One example for comparison is the recently filed "Third Chapter 11 Administrative Claim, Attorneys' Fees and Expenses, etc." in the underlying bankruptcy case, which reflects the hourly rate of Jennifer Hayes as $525. *In re Robert Brower, Sr,* Case No. 15-50801, Doc# 347, "Declaration of Jennifer C. Hayes in Support of Third Notice of Fees: Chapter 11 Administrative Claim, etc." Jennifer C. Hayes is partner with the firm of Finestone Hayes, LLP. As reflected on the firm's website, Ms. Hayes has over 25 years of experience as a bankruptcy attorney and is also well known in the field for her bankruptcy experience. https://www.fhlawllp.com

### III. CONCLUSION

For the reasons set forth above, JRG requests that this court enter an order requiring the Trustee to pay $103,761.15 in attorneys' fees.

Dated: October 20, 2022                            BINDER & MALTER, LLP

                                                   By: /s/ *Wendy Watrous Smith*
                                                         Wendy Watrous Smith
                                                         Attorneys for JRG Attorneys at Law