Heinz Binder (SBN 87908)
Wendy Watrous Smith (SBN 133887)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: heinz@bindermalter.com
Email: wendy@bindermalter.com

Attorneys for Defendant JRG Attorneys at Law
(Named in Complaint as Johnson, Rovella, Retterer,
Rosenthal & Gilles, LLP)

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 15-BK-50801-MEH |
| ROBERT BROWER, SR., | Chapter 11 |
| Debtor. | Adv. No.: 21-ap-05029-MEH |
| MICHAEL G. KASOLAS, solely in his capacity as the Liquidating Trustee for the Robert Brower, Sr. Liquidating Trust, | Date: January 23, 2023<br>Time: 11:00 a.m.<br>Place: Courtroom 11<br>Judge: M. Elaine Hammond |
| Plaintiff, | |
| v. | |
| PATRICIA BROWER, solely as the trustee of the BROWER TRUST (2015), dated June 30, 2015, et al. | |
| Defendants. | |

## REPLY TO OPPOSITION TO MOTION TO RECOVER ATTORNEYS' FEES PURSUANT TO FRCP 54(d)

JRG Attorneys at Law, LLP, defendant and movant ("JRG"), replies to the opposition filed by plaintiff Michael G. Kasolas (the "Trustee") to JRG's motion for attorney's fees (the "Motion")

REPLY TO OPPOSITION TO MOTION TO RECOVER ATTORNEYS' FEES      PAGE 1

as follows:

I. INTRODUCTION

Notwithstanding the length of the opposition to the Motion filed by the Trustee (the "Opposition"), the Opposition concedes to a substantial portion of the Motion's argument. The Opposition does not dispute the general principal that a "party is entitled to recover its attorney fees pursuant to a contractual provision . . . where the party would have been liable for the fees if the opposing party had prevailed." *Real Prop. Serv. Corp. v. City of Pasadena*, 25 Cal.App.4th 375, 382 (1994).

The Trustee also does not dispute that 1) JRG was the prevailing party in the case, 2) Coastal Cypress Corporation ("Coastal") paid JRG's attorneys fees pursuant to a written agreement (the "Attorney Agreement"), and 3) the Attorney Agreement contains a clause for the recovery of attorneys' fees by the prevailing party in "any attorneys' fees dispute" that is "submitted to a court for any reason" (the "Fees Clause"). (Declaration of Paul Rovella in Support of Motion for the Prevailing Party to Recover Attorneys' Fees Pursuant to Fed. R. Civ. P. 54(d), (Rovella's Dec., Exhibit A). Finally, the Trustee does not make a substantive challenge to the reasonableness of the fees that JRG has expended to defeat the Trustee's claims, considering the length and complexity of the proceeding.

Only two issues remain: first, whether the broad language of the Fee Clause covers any of the Trustee's claims in the three complaints filed against JRG; and second, whether the Trustee would have been entitled to recover fees under the Attorney Agreement if he had succeeded in any of those claims. The answer to both questions is yes.

**1. The Fees Clause covering "any attorneys' fees dispute" adjudicated "for any reason" included the Trustee's claims.**

The Trustee cannot deny that the purpose of its entire adversary proceeding against JRG is to recover the attorneys' fees paid to JRG by Coastal.[1] Additionally, two of the claims made were

---
[1] The only exception to the focus on the return of fees is the claim included in the Trustee's initial complaint against JRG for "aiding in abetting" the debtor Brower's breach of fiduciary duty. That claim sought general damages of up to $7 million. (Doc# 1.) But that claim was eliminated in the first round of motions to dismiss the complaint. (Doc# 18, p.13.)

based specifically on the fact that JRG was being paid for its attorney services. The claim for constructive fraudulent transfer, asserted in both the Trustee's original complaint and the first amended complaint alleged that JRG was paid fees for which it had not given value. (Doc# 1, p. 30; Doc# 58, p. 34.) The question being raised there was whether the attorneys' work was worth the amount of the fees. This is clearly a "fees dispute." Similarly, the Trustee alleged claims against JRG seeking "disgorgement" for attorneys' fees paid by Coastal because JRG was not approved by the bankruptcy court. (Doc# 1, p.37; Doc# 58, p. 42; Doc# 103, p. 50.) This, too, is clearly a "fees dispute." Simply because the action was by the Trustee as a successor to the shareholder of Coastal does not take the conflict out of the broad description of the Fees Clause.

The Opposition argues that, notwithstanding the scope of the Fees Clause, a term in any contract providing for the recovery of attorneys' fees only applies where "the contract dictate[s] the outcome of the issues." (Opposition, p. 9, l. 21.) The Opposition provides no authority for this general limitation. The Trustee cites to the case of *In re Davison*, 289 B.R. 716, 724-25 (B.A.P.9th Cir. 2003). That case supports to Motion, stating that C.C.P. § 1021 "does not limit the recovery of attorneys' fees to certain claims." *Id.* The opinion in goes on to examine the specific attorney-fee clause before it. That clause was expressly limited to lawsuits brought to enforce or interpret the terms of the agreement. *Id.* Thus, it was the agreement itself that limited its scope, not any general legal findings of the deciding court that any fee clause applies only if the contract dictates the outcome of the issues.

The Opposition also devotes several pages to discussing the case of *In re Hawkeye Entertainment, LLC*, 625 B.R. 745 (Bankr. C.D. Cal. 2021), a case brought under California Civil Code § 1717. That section only applies to cases seeking an award of attorneys' fees "incurred to enforce the contract." *Id.* at p. 750. But the Motion here is not brought under that section, but under C.C.P. § 1021, a section that *Hawkeye Entertainment* does not discuss. (*See* Motion, p. 3.) The various discussions referenced by the Opposition regarding Cal.Civ.Code. § 1717 are irrelevant. *See, e.g. 3250 Wilshire Boulevard Bldg v. W.R. Grace & Co.*, 990 F.2d 487, 489 (9th Cir. 1993), explaining that attorneys' fees may be available under C.C.P. § 1021 when not available under Cal. Civ. Code. § 1717.

The Opposition then cites to several opinions that examine narrow contract clauses regarding fees incurred "to collect payments due and unpaid" or for "enforcement of agreement." (Opposition, p. 8.) From there, the Trustee argues that the Fees Clause in this case applies exclusively to "monies owed under the contract." (Opposition, p. 9, ll. 5-7.) But there is no such limitation in the Attorney Agreement or the Fees Clause. Indeed, the Fees Clause does not mention collection or enforcement, but rather a "fees dispute" submitted to a court "for any reason."[2] The phrase, "for any reason" is about as broad language as possible. The Trustee cannot narrow it by characterizing it as a collection provision or by recasting the Motion as a motion brought under Cal. Civ. Code § 1717.

Finally, the Opposition asserts that an application for attorneys' fees under C.C.P. § 1021 does not apply to statutory claims. (Opposition, p. 6.) Nothing in the statute has such a limitation, nor is there any case law stating one. The Ninth Circuit provides a detailed analysis of the applicability of C.C.P. § 1021 in its opinion in *3250 Wilshire Boulevard Bldg v. W.R. Grace & Co.*, 990 F.2d 487, 489. There, the court stated: "[t]his statute permits attorney's fees agreements, *but contains no restrictions as to the nature of the lawsuits for which such fees may be recovered.*" *Id. (emphasis added).* The fact that several cases mention that the right to recover fees under C.C.P. § 1021 includes "both contract and tort" does not create an exclusion of actions based on statute. Indeed, such an exclusion would be unworkable as, in California, common law claims in both tort and contract are almost entirely codified.

**2. The Trustee could have claimed attorneys' fees under the Fees Clause if he had succeeded on some of the claims against JRG, as he was standing in the shoes of Coastal for the Attorney Agreement.**

The Trustee does not dispute the basic California law that "[a] nonsignatory [to a contract] will be bound by an attorney fees provision in a contract when the nonsignatory party stands in the shoes of a party to the contract." *Apex LLC v. Korusfood.com*, 222 Cal.App.4th 1010, 1017 (2013), citing *Cargill Inc. v. Souza,* 201 Cal.App.4th 962, 966 (2011) (internal quotations omitted.) This court well knows that the Trustee's claims in this case were based on the assertion that the

---

[2] The heading of the paragraph also expressly separates "collection" from "fee dispute". If the purpose was to cover only "collection," the phrase "fee dispute" would be redundant.

Brower bankruptcy estate (the "Bankruptcy Estate") was the actual owner of Coastal's assets. These assets would have included not only the cash proceeds of certain real property (the "Coastal Funds") –which were the primary goal of the Trustee–but would have also included Coastal's contracts as intangible assets, subject to the related liabilities and offsets, including the Attorney Agreement.

All of the Trustee's claims that the Bankruptcy Estate owned Coastal's assets were derived from the Bankruptcy Estate's position as shareholder in Coastal. *See*, Court's Memorandum of Decision dated August 1, 2022, Doc# 158 ("August Decision"). Any right exercised by the shareholder against a third-party transferee of Coastal would have been necessarily derived from Coastal's rights. Thus, the Trustee, in bringing this action to exercise the rights of the shareholder of Coastal to recover Coastal's payments to JRG, was necessarily standing in the shoes of Coastal for the purpose of determining liability under the Attorney Agreement and is subject to its terms.

The Trustee's effort to limit his claim to "squarely a bankruptcy-created right relating to post petition transfers" *sic*, (Opposition, p. 14, l. 9) is unavailing. The predicate to the claim is that the transfers in question--of the Costal Funds to pay JRG's fees--transferred property of the Bankruptcy Estate. But the Trustee cannot claim that the Coastal Funds were property of the Bankruptcy Estate without stepping into to the shoes of Coastal either as shareholder or *alter ego*. (*See* August Decision.)

**3. The Trustee provides no substantive challenge to the reasonableness of the fees JRG is seeking to recover in the Motion.**

The Opposition does not substantively challenge that the fees that JRG paid to its counsel Binder & Malter, LLP to defend this action are reasonable. Other than a characterization of the attorneys' work as "a mere handful" of pleadings, the Opposition only alleges that JRG's joinder to other defendants' positions were improper, but provides no support of its claim. The Trustee also complains of block billing and conferences, but this is not a fee application governed by the United States Trustee guidelines, so these objections are irrelevant and do not affect the load-star assessment. Finally, the Trustee does not assert that his action could have been defeated at a lesser cost.

## II. CONCLUSION

For the reasons set forth above and in the moving papers, JRG respectfully requests that the court grant its motion in full.

Dated: January 13, 2023                             BINDER & MALTER, LLP


                                                    By: /s/ *Wendy Watrous Smith*
                                                        Wendy Watrous Smith
                                                        Attorneys for JRG Attorneys at Law